# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**Civil Docket No.**

*************************************
**DAVID PAIVA,**
        **Plaintiff,**

v.

**THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST
2005-48T1, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-48T1**
        **Defendant.**
*************************************

## NOTICE OF REMOVAL OF MATTER TO
## THE UNITED STATES DISTRICT COURT

NOW COMES the Defendant, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1 ("BONYM"), by and through its undersigned counsel, Doonan, Graves & Longoria LLC, and pursuant to Chapter 28, Section 1441 (a) and (b) of the United States Code, and does hereby remove the action pending in the Bristol County Superior Court as Civil Action No. **1473-CV-1200**, to the United States District Court, District of Massachusetts. In support of this removal, Defendant states as follows:

### I.    SERVICE

1. The Plaintiff filed the instant Complaint and Motion for Ex-Parte Lis Pendens in the Bristol County Superior Court on or about December 3, 2014, civil action number **1473-CV-1200,** claiming "the foreclosure of the Defendant's home is

void as it violated the statutory power of sale" of the subject property which occurred on April 15, 2014.

2. Upon information and belief, BONYM was served with a copy of the Summons and Complaint on or about December 5, 2014.

3. This Notice of Removal was filed electronically on December 17, 2014.

4. The undersigned contacted Plaintiff's counsel concerning his filing on December 16, 2014, via telephone and to let him know the matter would be removed to U.S. District Court.

## II. PLEADINGS AND NOTICE TO STATE COURT

6. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings, from the Bristol County Superior Court have been requested and will be filed with this Court upon receipt. A copy of the Complaint and all documents received from counsel are attached hereto as Exhibit A.

7. Contemporaneous with the filing of this Notice, the Defendant has given written notice and contacted Plaintiff's counsel to inform him of the Removal and has notified the Bristol County Superior Court of this Removal.

## III. STATEMENT OF GROUNDS FOR REMOVAL

7. This action is within the jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1).

8. This action is removable from the Bristol County Superior Court to this Federal District Court since it is a civil action and diversity exists under Chapter 28 U.S.C. Section §1332.

**A. The Parties are citizens of different states.**

9. The Plaintiff in this action, David Paiva represented in his Complaint that he is a resident of Berkley, Massachusetts. *See* Compl. at ¶ 2.

10. Defendant, BONYM, upon information and belief, is a corporation organized under the laws of Delaware, with a principal place of business in New York, NY and is acting solely as the Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 and not in its individual capacity.

11. The essence of the controversy in the instant matter is the claim made by the Plaintiff that the foreclosure of his home is void as it violated the statutory power of sale based on two reasons: 1) notice of default was sent by mortgage servicer, not the lender as required by the terms of the mortgage and 2) no notice of the foreclosure was sent to the Town of Berkley by the bank within 30 days, as allegedly required by G.L. c. 244 § 15A.

**B. Amount in Controversy Exceeds $75,000.00 Jurisdictional Threshold.**

12. The amount in controversy meets the jurisdictional threshold as the unpaid balance of the mortgage, which is the subject matter of this action is in excess of three hundred sixty-five thousand nine hundred eighty-six and 56/100 ($365,986.65) dollars.

13. The Plaintiff asserts that estimated fair market value of the subject property is four hundred ninety-nine thousand and 00/100 ($499,000.00) dollars. *See* Compl. at ¶ 7.

14. The subject property was purchased by the Defendant at the foreclosure sale on April 15, 2014, for three hundred forty thousand and 00/100 ($340,000.00) dollars.

15. The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n.*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181, 56 S. Ct. 780, 781 (1936).

16. "It is well-settled that when a plaintiff seeks an injunction to prevent impending foreclosure proceedings or to invalidate a foreclosure sale, the object of the litigation is the property at issue. *See Campaniello v. Marathon Structured Asset Solutions Trust, et al*, Civil Action No. 11-400081-FDS (May 5, 2011) citing e.g., *Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076* (9th Cir. 1983) (explaining that because "[t]he whole purpose of this action is to foreclose [defendant] from selling this property," the object of the litigation was the property); *Hersey v. WPB Partners, LLC*, 2011 WL 587959, at *2 (D.N.H. Feb 8, 2011)(explaining that if an injunction to prevent foreclosure were at issue, the value of the property would be the measure of the amount in controversy); *Reye v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010)(stating that "if the

primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation"); *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *3 (S.D. Tex. August 27, 2009) (reasoning that the value of the declaratory and injunctive relief is the fair market value of the property at issue because without the relief, "[p]laintiff could be divested of all right, title, and interest to the[p]roperty"); *Garland v. Mortgage Elec. Registration Sys., Inc.*, 2009 WL 1684424, at *1-3 (D. Minn. Jun. 16, 2009)(determining that, in an action seeking a declaration that the defendant had no authority to foreclose on the property, the amount in controversy was either the amount of the underlying debt or the fair market value of the property).

    **C.**    **Additional Requirements for Removal Have Been Met.**

17. No prior removal of this action has been attempted.

18. The removal of this action is timely under the provisions of 28 U.S.C. § 1446(b) as it is being filed within thirty days of the Defendant's receipt of the initial pleading.

19. Removal is proper in this case, because the value of the subject mortgage, the foreclosure of which the Plaintiff are seeking to void, is in excess of three hundred sixty-five thousand nine hundred eighty-six and 56/100 ($365,986.65) dollars, and there is complete diversity between the parties. 28 U.S.C. §1332.

20. Copies of all pleadings received by the Defendant in this proceeding are attached hereto.

WHEREFORE the Defendant hereby requests that this Court accept jurisdiction over this matter.

Respectfully Submitted,
The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holder CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1
By their attorneys,

Dated: December 17, 2014

/s/Reneau Longoria
Reneau J. Longoria, Esq. (BBO #635118)
John A. Doonan, Esq. (BBO #547838)
Stephen M. Valente, Esq. (BBO #663118)
Michael P. Marsille, Esq. (BBO #674670)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com

**CERTIFICATE OF SERVICE**

I, Reneau J. Longoria, Esq., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 17, 2014.

/s/Reneau J. Longoria
Reneau J. Longoria, Esq.

Josef C. Culik
Sean R. Cronin
Culik Law P.C.
18 Commerce Way, Suite 2850
Woburn, MA 01801