UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Docket No.: 14-cv-14531-RGS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DAVID PAIVA,                                  \*
                Plaintiff,                 \*
v.                                            \*
                                            \*
THE BANK OF NEW YORK MELLON                   \*
FKA THE BANK OF NEW YORK AS                   \*
TRUSTEE FOR THE CERTIFICATE                   \*
HOLDERS CWALT, INC.                           \*
ALTERNATIVE LOAN TRUST                        \*
2005-48T1, MORTGAGE                           \*
PASS-THROUGH CERTIFICATES,                    \*
SERIES 2005-48T1,                             \*
                Defendant.                 \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-48T1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-48T1'S VERIFIED ANSWER, COUNTERCLAIMS, AND AFFIRMATIVE DEFENSES**

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1 ("BONYM"), by and through its attorneys, Doonan Graves and Longoria LLC, hereby answers Plaintiff's Complaint as follows:

Except as expressly admitted or denied herein below, BONYM is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## ANSWER

### I. NATURE OF THE CASE

1. Said paragraph contains an introductory statement of the proceeding. With regard to all allegations in said paragraph that call for a legal conclusion, no response is required. To the extent said paragraph alleges any wrongdoing against BONYM, it is denied.

### II. PARTIES

2. Admitted, upon information and belief, David Paiva (hereinafter, "Paiva") is a natural person, residing in Berkley, MA.

3. Admitted.

### III. COMMON FACTS

4. Admitted, upon information and belief, Paiva resides at 16R Seymour Street, Berkley, MA 02779 (the "Property").

5. Admitted.

6. Admitted, that Paiva refinanced his mortgage in 2005. Denied that the loan from Countrywide Home Loans was in the amount of $381,000.00. Admitted as to the remaining statements set forth in paragraph 6.

7. Admitted.

8. BONYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 8.

9. BONYM lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9.

10. Admitted.

## COUNT I – MORTGAGE POWER OF SALE

11. The statements set forth in paragraph 11 represent a conclusion of law and no response is required. To the extent that said paragraph alleges any wrongdoing against BONYM, it is denied.

12. The statements set forth in paragraph 12 represent a conclusion of law and no response is required. To the extent that said paragraph alleges any wrongdoing against BONYM, it is denied.

13. The statements set forth in paragraph 13 represent a conclusion of law and no response is required. To the extent that said paragraph alleges any wrongdoing against BONYM, it is denied.

14. Admitted.

15. Admitted.

16. Admitted, ASC was the authorized agent of BONYM at the time the notice of default was sent.

17. Denied.

18. Denied.

## COUNT II – G.L. c. 244 § 15A

19. BONYM repeats and re-alleges all paragraphs above as if fully set forth herein.

20. The statements set forth in paragraph 20 represent a conclusion of law and no response is required. To the extent that said paragraph alleges any wrongdoing against BONYM, it is denied.

21. The statements set forth in paragraph 21 represent a conclusion of law and no response is required. To the extent that said paragraph alleges any wrongdoing against BONYM, it is denied.

22. The statements set forth in paragraph 22 represent a conclusion of law and no response is required. To the extent that said paragraph alleges any wrongdoing against BONYM, it is denied.

23. Denied.

24. Admitted.

25. Denied.

26. Denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, release, acquiescence and ratification.

3. The Plaintiff's claims are barred by the doctrine of unclean hands.

4. The Plaintiff's claims are barred by the doctrine of laches.

5. The Plaintiff's claims are barred by his own bad faith.

6. The Plaintiff's claims are estopped by his own conduct from asserting any claim for relief against BONYM.

7. The Plaintiff has by his actions waived the claims made in his Complaint.

8. BONYM has not caused the Plaintiff to suffer any actual damages.

9. The Plaintiff has failed to mitigate his damages.

10. The Plaintiff is in breach of the terms and conditions of the subject Note and Mortgage and, therefore, is barred from recovery.

11. The Complaint must be dismissed based upon the doctrine of accord and satisfaction.

12. The Plaintiff's claims are barred by the doctrine of unjust enrichment.

13. If BONYM's security interest is voided, Plaintiff would be required to tender an amount equal to the direct benefit received from BONYM's loan.

14. Plaintiff is barred from obtaining the relief as the loss and/or damage alleged by Plaintiff is caused by Plaintiff.

15. Plaintiff's claims are not advanced in good faith.

16. Plaintiff is barred from obtaining relief due to assumption of the risk.

17. Plaintiff is barred from obtaining relief due to statute of limitations.

18. The Plaintiff's claims to relief are barred under the statute of frauds.

19. The Plaintiff's claims to relief are barred under the parol evidence rule.

20. Plaintiff is not entitled to relief sought in that a balancing of the equities does not favor the Plaintiff's claims

21. Plaintiff's claims are barred because at all times the Defendant acted in good faith.

22. Any and all actions taken by BONYM were performed in accordance with federal and state law.

23. The Plaintiff's claims, if any, should be set off against BONYM's claims against the Plaintiff.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, the Defendant/Plaintiff-in-Counterclaims, BONYM, brings the following counterclaims against the Plaintiff/Defendant-in-Counterclaims, David Paiva:

## FACTS

1. The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1 ("BONYM") is a corporation organized under the laws of Delaware, with a principal place of business in New York, NY and is acting solely as the Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 and not in its individual capacity.

2. Upon information and belief, David Paiva ("Paiva") resides at 16R Seymour Street, Berkley, MA 02779, MA 01843.

3. On May 10, 2001, a Deed transferring ownership of the Property from David Paiva and Denise J. Paiva to David Paiva, Solely, was executed and recorded with the Bristol County (Northern District) Registry of Deeds in Book 9430, Page 268.[1]

4. On February 21, 2007, Paiva executed a Note in favor of Countrywide Home Loans, Inc. in the amount of three hundred eighty-one thousand six hundred and 00/100 ($381,600.00) dollars, (the "Paiva Note").[2]

5. To secure the loan obligation, Paiva gave a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Home Loans, Inc., dated August

---

[1] *See* Exhibit A (a true and correct copy of the 2001 Deed is attached hereto and incorporated herein.)
[2] *See* Exhibit B (a true and correct copy of the Paiva Note is attached hereto and incorporated herein.)

25, 2005, and recorded on August 26, 2005, with the Bristol County (Northern District) Registry of Deeds in Book 15124, Page 187 (the " Paiva Mortgage").[3]

6. An Assignment of Mortgage from MERS as nominee for Countrywide Home Loans, Inc. to Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T-1, dated February 27, 2009, was recorded on February 18, 2011, at the aforesaid Registry of Deeds in Book 19321, Page 101 ("MERS Assignment").[4]

*DEFAULT AND COLLECTION HISTORY*

7. Paiva is in default of his loan obligation and is currently due for the September 1, 2008, payment.[5]

8. Due to his default, on May 19, 2008, Paiva was sent a 90 Day Notice of Right to Cure pursuant to G.L. c. 244 § 35A ("Section 35A Letter").[6]

9. Paiva failed to cure the default by August 17, 2008, the expiration date of the Section 35A Letter.

10. In February 2009, Paiva's mortgage loan was referred for foreclosure.

11. On or about February 24, 2009, after the expiration of the 90 Day Notice of Right to Cure, counsel for BONYM filed a complaint and Mortgagee's Affidavit with the Massachusetts Land Court to satisfy the Servicemembers Civil Relief Act.[7]

12. On February 9, 2011, the Order of Notice was published in the Taunton Daily Gazette, Paiva was served by the Bristol County Sheriff on February 10, 2011, and the Order of

---

[3] *See* Exhibit C (a true and correct copy of the recorded Paiva Mortgage is attached hereto and incorporated herein).
[4] *See* Exhibit D (a true and correct copy of the MERS Assignment is attached hereto and incorporated herein).
[5] *See* Exhibit E (a true and correct copy of the 150-Day Notice of Right to Cure is attached hereto).
[6] *See* Exhibit E.
[7] *See* Exhibit F (a true and correct copy of the Land Court Docket is attached hereto and incorporated herein.) and Exhibit 3 of Plaintiff's Complaint.

Notice was recorded at the aforesaid Registry of Deeds, in Book 19321, Page 103, on February 18, 2011.[8]

13. As evidence of full compliance with the Service Members Civil Relief Act and that none of the named parties are entitled to the benefit of the Act, Judgment issued from the Land Court on June 23, 2011.[9]

14. On August 15, 2011, Paiva filed for Chapter 13 Bankruptcy Protection with United States Bankruptcy Court, District of Massachusetts, with case number 11-17726.[10]

15. On October 11, 2011, the Bankruptcy was dismissed due to Paiva failing to comply with the Court's Order of August 15, 2011.[11]

16. On or about July 30, 2012, Paiva was reviewed and deemed ineligible for a loan modification; however, he was advised that if his circumstances and information had changed, he could reapply.[12]

17. On October 30, 2012, Paiva was advised that he was ineligible for foreclosure prevention alternatives; however, he was advised that if he would like to be re-evaluated he could submit the required documents.[13]

18. On December 13, 2012, Paiva was again advised that his loan was not eligible for a modification due to being unable to create an affordable payment without changing the terms of his loan beyond the requirements of the program.[14]

19. Paiva requested an additional review for foreclosure alternatives in 2013 and the foreclosure was placed on hold while he was reviewed for the same.

---

[8] *See* Exhibit G (true and correct copy of the Order of Notice are attached hereto).
[9] *See* Exhibit H (a true and correct copy of the Judgment is attached hereto).
[10] *See* Exhibit I (a true and correct copy of the Bankruptcy Court Docket is attached hereto and incorporated herein.)
[11] *See* Exhibit I.
[12] *See* Exhibit J (a true and correct copy of the July 30, 2012 letter is attached hereto and incorporated herein.)
[13] *See* Exhibit K (a true and correct copy of the October 30, 2012 letter is attached hereto and incorporated herein.)

20. On December 23, 2013, Paiva was advised that BONYM's servicer, Residential Credit Solutions ("RCS") had reviewed his loan for a possible modification; but, that his application was denied due to his failure to submit documentation necessary for RCS to complete their review.[15]

21. On December 27, 2013, Paiva was sent a letter stating his loan was reviewed for HAMP; but, that he failed to provide the documentation necessary for RCS to complete a review of the loan for a HAMP modification.[16]

22. On March 13, 2014, an Affidavit Regarding Note Secured by a Mortgage to be Foreclosed ("Pre-Sale Noteholder Affidavit") dated March 4, 2014, was recorded with the aforementioned Registry of Deeds in Book 21582, Page 11.[17]

23. On March 17, 2014, RCS sent Paiva a letter regarding his request for a loan modification indicating that Paiva did not qualify for a loan modification due to insufficient income.[18]

24. On March 20, 2014, RCS sent Paiva a letter stating that they were unable to offer him a HAMP modification as his loan did not meet the eligibility criteria to reduce the principal and interest payment by at least 10%.[19]

25. On March 21, 2014, RCS sent Paiva a letter indicating that his request for a loan modification was denied as RCS was unable to modify the loan to include a payment equal to 31% of Paiva's reported monthly gross income.[20]

---

[14] *See* Exhibit L (a true and correct copy of the December 13, 2012 letter is attached hereto and incorporated herein.)
[15] *See* Exhibit M (a true and correct copy of the December 23, 2013 letter is attached hereto and incorporated herein.)
[16] *See* Exhibit N (a true and correct copy of the December 27, 2013 letter is attached hereto and incorporated herein.)
[17] *See* Exhibit O (a true and correct copy of the Pre-Sale Noteholder Affidavit is attached hereto).
[18] *See* Exhibit P (a true and correct copy of the March 17, 2014 letter is attached hereto and incorporated herein.)
[19] *See* Exhibit Q (a true and correct copy of the March 20, 2014 letter is attached hereto and incorporated herein.)
[20] *See* Exhibit R (a true and correct copy of the March 21, 2014 letter is attached hereto and incorporated herein.)

26. The March 21, 2014, letter also included the results of the Net Present Value test used by RCS to make their determination.[21]

27. On March 25, 2014, April 1, 2014, and April 8, 2014, the Notice of Mortgagee's Sale of Real Estate published in the Taunton Daily Gazette.[22]

28. On March 24, 2014, pursuant to G.L. c. 244 §§ 14 and 17B, a Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage along with copies of the Notice of Mortgagee's Sale of Real Estate were sent to the Plaintiff.[23]

29. The foreclosure sale scheduled for April 15, 2014 was postponed by public proclamation to April 28, 2014.[24]

30. On April 28, 2014, BONYM conducted its foreclosure sale at which BONYM purchased the Property for three hundred forty thousand and 00/100 ($340,000.00) dollars.[25]

31. The foreclosure deed dated September 25, 2014, vesting title to the Property into BONYM, was recorded on October 4, 2014, at the aforementioned Registry of Deeds in Book 21915, Page 112.[26]

32. On September 2, 2014, an Affidavit Regarding Note Secured by a Mortgage to be Foreclosed ("Post-Sale Noteholder Affidavit") dated August 15, 2014, was recorded with the aforementioned Registry of Deeds in Book 21915, Page 105.[27]

---

[21] *See* Exhibit R.
[22] *See* Exhibit S (a true and correct copy of the Notice of Mortgagee's Sale is attached hereto and incorporated herein.)
[23] *See* Exhibit T (true and correct copies of the Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage are attached hereto).
[24] *See* Exhibit U (true and correct copies of the April 1, 2014 and April 14, 2014 letters are attached hereto and incorporated herein.)
[25] *See* Exhibit V (a true and correct copy of the Foreclosure Deed and Affidavit is attached hereto and incorporated herein.)
[26] *See* Exhibit V.
[27] *See* Exhibit W (a true and correct copy of the Post-Sale Noteholder Affidavit is attached hereto).

33. The total amount owed under the Note and Mortgage as of April 28, 2014, was five hundred thirty-two thousand one hundred thirty-eight and 38/100 ($532,138.38) dollars.

34. At the time of the foreclosure, the Property was valued at approximately four hundred thousand and 00/100 ($400,000.00) dollars.

*EVICTION AND LITIGATION HISTORY*

35. On October 8, 2014, BONYM caused Paiva to be served with a Notice to Quit.[28]

36. Paiva failed to voluntarily vacate the Property by the expiration date of the Notice to Quit, and BONYM commenced its summary process action.[29]

37. In response to being served with the Summary Process Summons and Complaint, Paiva filed his Answer and Counterclaims ("Paiva Answer") on November 10, 2014.[30]

38. On December 3, 2014, Paiva filed his Complaint and Motion in the Plymouth County Superior Court as civil action number 1473-CV-1200.[31]

39. On December 15, 2014, the Superior Court denied Paiva's Motion for Lis Pendens.[32]

40. On December 17, 2014, the Superior Court action filed by Paiva was removed to this Court.[33]

41. On January 6, 2015, a Stipulation of Dismissal of the Summary Process action was filed with the Southeast Housing Court.[34]

42. No tenancy relationship has ever existed between BONYM and Paiva.

---

[28] *See* Exhibit X (a true and correct copy of the Notice to Quit is attached hereto and incorporated herein.)
[29] *See* Exhibit Y (a true and correct copy of the Summary Process Complaint is attached hereto and incorporated herein.)
[30] *See* Exhibit Z (a true and correct copy of Paiva Answer is attached hereto and incorporated herein.)
[31] *See* ECF Dkt. No. 1.
[32] *See* Exhibit AA (a true and correct copy of the Superior Court Docket is attached hereto and incorporated herein.)
[33] *See* ECF Dkt. No. 1.
[34] *See* Exhibit AB (a true and correct copy of the Stipulation of Dismissal is attached hereto and incorporated herein.)

43. Since the foreclosure sale on April 28, 2014, Paiva has not paid any use and occupancy for his continued unlawful possession of the Property.

### COUNT I – BREACH OF CONTRACT

44. BONYM repeats and re-alleges all paragraphs above as if fully set forth herein.

45. Paiva's default constitutes a breach of the mortgage loan contract.

46. The total amount owed under the Note and Mortgage, as of April 28, 2014, was five hundred thirty-two thousand one hundred thirty-eight and 38/100 ($532,138.38) dollars.

47. Paiva is liable to BONYM for the amount owed under the Note.

48. Following foreclosure, Paiva is responsible for the deficiency under the mortgage loan.[35]

### COUNT II – UNJUST ENRICHMENT (ALTERNATIVE)

49. BONYM repeats and re-alleges all paragraphs above as if fully set forth herein.

50. Paiva was unjustly enriched by receiving the benefit of the bargain at the expense of BONYM.

51. Injustice can only be avoided by awarding damages, interest, plus costs and expenses, including attorney fees.

### COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

52. BONYM repeats and re-alleges all paragraphs above as if fully set forth herein.

53. Based on the foregoing, Paiva is in breach of the covenant of good faith and fair dealing and is liable to BONYM for damages, interest, plus costs and expenses, including attorney fees.

### COUNT IV – POSSESSION

54. BONYM repeats and re-alleges all paragraphs above as if fully set forth herein.

55. Paiva's right to possession was terminated upon the foreclosure of the Mortgage by entry and sale. *See Santiago v. Alba Mgmt., Inc.*, 928 N.E.2d 359, 362 (Mass.App.Ct. 2010), quoting from **425 *Charlestown Five Cents Sav. Bank v. White*, 30 F.Supp. 416, 418–419 (D.Mass. 1939); *Williams v. Resolution GGF OY*, 630 N.E.2d 581, 585 (Mass. 1994)("The execution of the memorandum of sale terminated [the plaintiff's] equity of redemption"); *Outpost Cafe, Inc. v. Fairhaven Sav. Bank*, 322 N.E.2d 183, 186-87 (Mass.App.Ct. 1975)(mortgagor's equity of redemption barred at least as early as the execution of the memorandum of sale); *In re Crichlow*, 322 B.R. 229 (Bankr.D.Mass. 2004); *In re Hall*, 188 B.R. 476, 482 (Bankr.D.Mass. 1995) (NO. 95-14062-JNF, 95-1436-JNF).

56. As the foreclosure deed has been recorded, BONYM has established a *prima facie* case for possession of the Property by demonstrating that its legal title was obtained in compliance with Massachusetts Law and the terms of the underlying Mortgage. *Deutsche Bank Nat'l Trust Co. v. Williams*, Boston Hous. Court No. 07-SP-4845 (Muirhead, J. July 30, 2008) (citing *Lewis v. Jackson,* 165 Mass. 481, 486 (1896) and *Sheehan Constr. Co. v. Dudley*, 299 Mass. 51, 53 (1937)).

57. BONYM requests a Judgment for Possession and Writ of Assistance to issue forthwith.

### COUNT V – WRIT OF ASSISTANCE

58. BONYM repeats and re-alleges all paragraphs above as if fully set forth herein.

59. Pursuant to G.L. c. 239 and the All Writs Act, 28 U.S.C. § 1651, BONYM seeks the issuance of a Writ of Assistance, to enforce the foregoing judgment of possession of the Property, and authorizing the United States Marshal Service or local law enforcement,

---

[35] See Exhibit T.

including a constable specially appointed by this Court, to take any and all necessary steps to obtain possession of the Property subsequent to its lawful foreclosure sale, including physically removing Paiva and his personal property and that of those living under him from the Property.[36]

60. Pursuant to G.L. c. 239, § 3, after obtaining judgment on its claim for possession of the Property, BONYM will be entitled to an execution or writ allowing it to enforce its judgment on the Plaintiffs. G.L. c. 239, § 3 ("if the court finds that the plaintiff is entitled to possession, he shall have judgment and execution for possession and costs…").

61. Additionally, federal law empowers this Court to issue a writ in furtherance of its Order granting judgment in favor of BONYM on its claim for possession of the Property:

> The Supreme Court and all courts by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a); see *United States v. New York Telephone Co.*, 434 U.S. 159, 172-73 (1977); *United States v. Friedman*, 143 F.3d 18, 22 (1st Cir. 1998) (authority for district court to issue an order needed to enforce a prior order is found in the All Writs Act); *Serra v. Quantum Servicing, Corp.* 747 F.3d 37, 40 (1st Cir. 2014)(affirming the District Court's authority to issue a Writ of Assistance to enforce a Judgment of Possession); *Maldonado v. AMS Servicing LLC*, 11-cv-40044-TSH (D.Mass. Dec. 14, 2012) (granting application for Writ of Assistance in favor of foreclosing owner's servicing agent).

62. The Supreme Court has held:

> This Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained: "This statute has served since its inclusion, in substance, in the original Judiciary Act as a 'legislatively approved source of

---

[36] *See* Exhibit AC (a true and correct copy of the writ is attached hereto and incorporated herein.)

> procedural instruments designed to achieve "the rational ends of law." ' " *Harris v. Nelson,* 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969), quoting *Price v. Johnston,* 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356 (1948).

*New York Times*, 434 U.S. at 172.

63. Accordingly, BONYM requests that this Court order Paiva and those residing under him to vacate the Property and remove all personal belongings and direct the Clerk of Court to issue a Writ of Assistance in favor of BONYM.

WHEREFORE BONYM respectfully requests the Court:

(i) Enter Judgment in its favor on the Plaintiff's Complaint and its counterclaims;

(ii) Dismiss the Plaintiff's Complaint with prejudice;

(iii) Award it damages, interest, plus costs and expenses, including attorney fees; and

(iv) For such other and further relief as the Court deems appropriate and just.

Respectfully Submitted,
The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holder CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1
By its attorneys,

Dated: 1/9/2015

/s/ Reneau J. Longoria
DOONAN, GRAVES & LONGORIA LLC
Reneau J. Longoria, Esq. (BBO# 635118)
John A. Doonan, Esq. (BBO# 547838)
Stephen M. Valente, Esq. (BBO# 663118)
Michael Marsille, Esq. (BBO# 674670)
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel: (978) 921-2670
rjl@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 1/9/2015.

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq.

## VERIFICATION

STATE OF TEXAS )
COUNTY OF TARRANT )

SS.

I, Christy Metcalfe, being duly sworn, state:

I am AVP Servicing of Residential Credit Solution, Inc., servicer for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1, the above named Defendant/Plaintiff in Counterclaim in this action. I have read the Verified Answer, and Affirmative Defenses, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _Christy Met_ (signature)

its: _AVP Servicing_

---

State of Texas )
County of Tarrant )

Subscribed and sworn to before me on January _8_, 2015, in City of Fort Worth, County of Tarrant, State of Texas.



_Margaret Dorst_ (signature)
Notary Public
My commission expires: _10-10-15_