

## QUIT CLAIM DEED

**KNOW ALL MEN BY THESE PRESENTS** That We, **DAVID PAIVA AND DENISE J. PAIVA,** boh of the City/Town of Berkley, County of Bristol, Commonwealth of Massachusetts, for consideration of ONE DOLLAR AND 00/100 ($1.00);

**DO HEREBY GRANT** to the said **DAVID PAIVA, Solely, of the City/Town of Berkley, County of Bristol, Commonwealth of Massachusetts,** WITH QUIT-CLAIM COVENANTS

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Property Address: 16R Seymour Street, Berkley, Massachusetts 02779.
GRANTEE ADDRESS

**WITNESS MY HAND AND SEAL THIS** _10_ **DAY OF MAY, 2001.**

WITNESS AS TO
PAUL DIAS BUTH

**WITNESS**                          **DAVID PAIVA**

_____          _Denise J Paiva_

**WITNESS**                          **DENISE J. PAIVA**

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF BRISTOL

On this the ___10___ day of May, 2001, in said County, before me personally appeared **DAVID PAIVA AND DENISE J. PAIVA,** to me known and known to me to be the parties executing the foregoing instrument and acknowledged said execution to be their free act and deed.

Notary Public:
My Commission Expires:

PAUL J. DIAS
NOTARY PUBLIC
STATE OF MASSACHUSETTS
MY COMMISSION EXPIRES 9/21/2001

DAVID PAIVA
**PROPERTY ADDRESS:**
**16R Seymour Street**
**Berkley, Massachusetts 02779**

**RETURN TO**

**EXHIBIT**
tabbies
_A_

1012922
16R Seymour Street
Berkley, Massachusetts 02779
David Paiva

# EXHIBIT A

The land situated in Berkley, Bristol County, Massachusetts, being Map 16 Lot 33, as shown on plan of land entitled "Plan of Land in Berkley, MA drawn for David & Denise Paiva, Date: May 5, 1999, Scale 1" = 50 ' Senna Fitzgerald Gilbert Associates, Civil Engineers & Land Surveyors, 28 Main Street, Lakeville, MA", which plan is recorded with Bristol County N.D. Registry of Deeds in Plan Book 382, Page 32.

Included in this conveyance is the fee in the land shown as "Driveway Easement" on the aforesaid plan, bounded according to said plan as follows;

Beginning at a point in Seymour Street, thence running 90 degrees 00minutes 00 seconds 47.12 feet along the arc of a curve have a radius of 30.00'; thence running S. 36 degrees 33 minutes 01 second E. 166.00 feet by land now or formerly of Rarise to a point; thence continuing by land now or formerly of Paiva 66.50 feet to a point; thence turning and running S. 53 degrees 26 minutes 59 seconds W still by land now or formerly of Paiva 52.93 feet to a point; thence turning and running N. 03 degrees 40 feet 00 seconds W. 23.82 feet still by land now or formally of Paiva to a point; thence turning and running N. 36 degrees 33 minutes 01 seconds W. 212.50 feet by land now or formally of Brosnan; thence running 90 degrees 00 seconds 00 minutes 47.12 feet along the arc of a curve having a radius of 30.00' to Seymour Street; thence along said Street N. 53 degrees 26 minutes 59 seconds E. 100.00 feet to the point of beginning.

For title reference see Deed dated July 24, 2000 and recorded Book 8894, Page 50

Prepared by: CAROL L. EDWARDS

# NOTE

AUGUST 25, 2005          BERKLEY          MASSACHUSETTS
[Date]             [City]            [State]

16R SEYMOUR ST, BERKLEY, MA 02779-1125
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 381,600.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is COUNTRYWIDE HOME LOANS, INC.
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the FIRST day of each month beginning on OCTOBER 01, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on SEPTEMBER 01, 2035 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 2,226.91

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 3.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Initials: _____

Page 1 of 2

 -5N (0207).01    CHL (010/04)(d)     VMP Mortgage Solutions, Inc. (800)521-7291          Form 3200 1/01

* 2 3 9 9 1 *



EXHIBIT
B

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

_WITNESS_

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

8/25/05

_____ (Seal)
DAVID PAIVA                    -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

*[Sign Original Only]*

-5N (0207).01    CHL (10/04)              Page 2 of 2              Form 3200 1/01

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS INC

BY

David A. Spector
Managing Director



**RETURN TO**

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
CAROL L. EDWARDS

--------- [Space Above This Line For Recording Data] ---------

[Doc ID #]

# MORTGAGE

MIN

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated  AUGUST 25, 2005  , together with all Riders to this document.
**(B) "Borrower"** is
DAVID PAIVA

Borrower is the mortgagor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(D) "Lender"** is
COUNTRYWIDE HOME LOANS, INC.
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
4500 Park Granada, Calabasas, CA 91302-1613
**(E) "Note"** means the promissory note signed by Borrower and dated AUGUST 25, 2005  . The Note states that Borrower owes Lender
THREE HUNDRED EIGHTY ONE THOUSAND SIX HUNDRED and 00/100

Dollars (U.S. $ 381,600.00     ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  SEPTEMBER 01, 2035 .
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**MASSACHUSETTS**-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 11

Initials:

-6A(MA) (0401)  CHL (01/04)(d)     VMP Mortgage Solutions (800)521-7291          Form 3022 1/01

*23991*



EXHIBIT
C

**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider
☐ Balloon Rider ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider ☐ Biweekly Payment Rider ☐ Other(s) [specify]

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L) "Escrow Items"** means those items that are described in Section 3.

**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the

|  COUNTY | of | BRISTOL | : |
| [Type of Recording Jurisdiction] | | [Name of Recording Jurisdiction] | |

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number:                                                              which currently has the address of
16R SEYMOUR ST, BERKLEY
[Street/City]
Massachusetts 02779-1125 ("Property Address"):
[Zip Code]

Initials:

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item.

Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b)** Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this

Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____  _____ (Seal)
                                   DAVID PAIVA                -Borrower

_____  _____ (Seal)
                                                              -Borrower

                                   _____ (Seal)
                                                              -Borrower

                                   _____ (Seal)
                                                              -Borrower

**COMMONWEALTH OF MASSACHUSETTS,**

DOC ID #: ~~████████~~

*BRISTU* County ss:

On this *25TH* day of *AUGUST 2005*, before me, the undersigned notary public, personally appeared

*DAVID PAIVA*

proved to me through satisfactory evidence of identification, which was/were *MA DRIVERS LICENSE* to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

My Commission Expires: *7/9/2010*
(Seal)

_____
Notary Public

MANDEE DACOSTA
MY COMMISSION EXPIRES
JUL 9 2010
COMMONWEALTH OF MASSACHUSETTS
NOTARY PUBLIC

# EXHIBIT "A"

## LEGAL DESCRIPTION

The land situated in Berkley, Bristol County, Massachusetts, being Map 16, Lot 33, as shown on plan of land entitled "Plan of Land in Berkley, MA drawn for David & Denise Paiva, Date: May 5, 1999, Scale 1" = 50' Senna Fitzgerald Gilbert Associates, Civil Engineers & Land Surveyors, 28 Main Street, Lakeville, MA", which plan is recorded with Bristol County ND Registry of Deeds in Plan Book 382, Page 32.

Included in this conveyance is the fee in the land shown as "Driveway Easement" on the aforesaid plan, bounded according to said plan as follows:

Beginning at a point in Seymour Street, thence running 90 degrees 00 minutes 00 second 47.12 feet along the arc of a curve have a radius of 30.00'; thence running S. 36 degrees 33 minutes 01 second E. 166.00 feet by land now or formerly of Rarise to a point; thence continuing by land now or formerly of Paiva 66.50 feet to a point; thence turning and running S. 53 degrees 26 minutes 59 seconds W. still by land now or formerly of Paiva 52.93 feet to a point; thence turning and running N. 03 degrees 40 feet 00 seconds W. 23.82 feet still by land now or formerly of Paiva to a point; thence turning and running N. 36 degrees 33 minutes 01 seconds W. 212.50 feet by land now or formerly of Brosnan; thence running 90 degrees 00 seconds 00 minutes 47.12 feet along the arc of a curve having a radius of 30.00' to Seymour Street; thence along said Street N. 53 degrees 26 minutes 59 seconds E. 100.00 feet to the point of beginning.

Being the same premises conveyed to the herein named grantor(s) by deed recorded with the **Bristol** Registry of Deeds in Book 3490, Page 268.

"The Grantor(s) expressly reserve my/our rights of Homestead and do not wish to terminate my/our Homestead by granting the within conveyance notwithstanding my/our waiver of such homestead in the within mortgage"



**End of Document**

𝛾

## CORPORATE ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, THE UNDERSIGNED
**"MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting
solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns**

HEREBY GRANTS, ASSIGNS AND TRANSFERS TO:
**Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust
2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T1
c/o Countrywide Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024**

ALL OF ITS RIGHT TITLE AND INTEREST UNDER THAT CERTAIN MORTGAGE TO "MERS",
**Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as
nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns dated August
25, 2005**

EXECUTED BY **David Paiva**

RECORDED IN BOOK 15124, PAGE 187 OF OFFICIAL RECORDS IN THE REGISTRY OF DEEDS
OF **BRISTOL COUNTY (NORTHERN DISTRICT)**, IN THE STATE OF MASSACHUSETTS.

Property Address: 16R Seymour Street, Berkley, Massachusetts

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE
MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE/MORTGAGE. THIS
ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTIES.

This Assignment shall be effective as of May 14, 2008.

DATED: 2/27/09

EXHIBIT
D

"MERS", Mortgage Electronic Registration Systems,
Inc., a separate corporation that is acting solely as
nominee for "Lender", Countrywide Home Loans,
Inc. and its successors and assigns

BY: 
Name:  Donald Clark, Asst. Vice President
Title:

STATE OF TEXAS

Collin, ss.

ON   FEB 2 7 2009   BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC PERSONALLY
APPEARED   DONALD CLARK                 PERSONALLY KNOWN TO ME (OR PROVED TO
ME ON THE BASIS OF SATISFACTORY EVIDENCE WHICH WAS
_____) TO BE THE PERSON(S) WHOSE NAME(S) IS/ARE SUBSCRIBED
IN THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT HE/SHE/THEY
EXECUTED THE SAME IN HIS/HER/THEIR AUTHORIZED CAPACITY(IES), AND THAT BY
HIS/HER/THEIR SIGATURE(S) ON THE INSTRUMENT THE PERSON(S), OR THE ENTITY UPON
BEHALF OF WHICH THE PERSON(S) ACTED, EXECUTED THE INSTRUMENT AND SWORE
THAT IT WAS THEIR FREE ACT AND DEED.

WITNESS MY HAND AND OFFICIAL SEAL:

NOTARY SIGNATURE:
MY COMMISSION EXPIRES:   MAY 0 5 2010

> JORGE VARGAS
> My Commission Expires
> May 5, 2010

Mortgage Broker Information:
Countrywide Home Loans, Inc.
1600 Golf Road, Third Floor
Rolling Meadows, IL 60008
Lic. No.:  Unknown

END OF DOCUMENT



**Countrywide**
HOME LOANS

P.O. Box 660694
Dallas, TX 75266-0694

Send Correspondence to:
P.O. Box 5170,MS SV314B
Simi Valley, CA 93065

Business Address:
450 American Street
Simi Valley, CA 93065-6285

Send Payments to:
P.O. Box 660694
Dallas, TX 75266-0694

David Paiva
16R SEYMOUR ST
BERKLEY, MA 02779
llllllllllllllllllllllllllllllllllllllllllllllll

05/19/2008

RE: Premises:
16r Seymour St
Berkley, MA 02779
Account No.: ▓▓▓▓▓▓

## NOTICE OF INTENTION TO FORECLOSE

Dear David Paiva:

Countrywide Home Loans Servicing LP (hereinafter "Countrywide") services the loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to reinstate the loan as of the date of this notice is as follows:

| | | | |
|---|---|---|---|
| Monthly Charges: | 04/01/2008 | | $5,615.16 |
| Late Charges: | 04/01/2008 | | $66.81 |
| Other Charges: | Total Late Charges: | | $0.00 |
| | Uncollected Costs: | | $8.52 |
| | Partial Payment Balance: | | ($0.00) |
| | **TOTAL DUE:** | | **$5,690.49** |

You have the right to cure the default. To cure the default, on or before August 17, 2008, Countrywide must receive the amount of $5,690.49 plus any additional regular monthly payment or payments and late charges which become due on or before August 17, 2008.

The default will <u>not</u> be considered cured unless Countrywide receives "good funds" in the amount of $5,690.49 on or before August 17, 2008. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. Countrywide reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

If the default is not cured on or before August 17, 2008, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law, and all occupants will be required to vacate the property.

You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. However, Countrywide and the Noteholder shall be entitled to collect all fees and costs incurred by Countrywide and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Your loan is in default. Pursuant to your loan documents, Countrywide may, enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument.**

Please write your account number on all checks and correspondence.
We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law.

Account Number: ▓▓▓▓▓▓

- Make your check payable to Countrywide Home Loans
- Write your account number on your check or money order
- Write in any additional amounts you are including (if total is more than $5000, please send certified check)
- Don't attach your check to the payment coupon
- Don't include correspondence
- Don't send cash

David Paiva
16r Seymour St

Balance Due for charges listed above: $5,690.49 as of 5/19/2008.

Please update e-mail information on the reverse side of this coupon.

| | |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Other | |
| Check Total | |

BLQHLMA

**Countrywide**
PO BOX 660694
Dallas, TX 75266-0694
llllllllllllllllllllllllllllllllllllllllllllllll



EXHIBIT
E



If you are unable to cure the default on or before August 17, 2008, Countrywide wants you to be aware of various options that may be available to you through Countrywide to prevent a foreclosure sale of your property. For example:

- Repayment Plan: It is possible that you may be eligible for some form of payment assistance through Countrywide. Our basic plan requires that Countrywide receive, up front, at least ½ of the amount necessary to bring the account current, and that the balance of the overdue amount be paid, along with the regular monthly payment, over a defined period of time. Other repayment plans also are available.

- Loan Modification: Or, it is possible that the regular monthly payments can be lowered through a modification of the loan by reducing the interest rate and then adding the delinquent payments to the current loan balance. This foreclosure alternative, however, is limited to certain loan types.

- Sale of Your Property: Or, if you are willing to sell your home in order to avoid foreclosure, it is possible that the sale of your home can be approved through Countrywide even if your home is worth less than what is owed on it.

- Deed-in-Lieu: Or, if your property is free from other liens or encumbrances, and if the default is due to a serious financial hardship which is beyond your control, you may be eligible to deed your property directly to the Noteholder and avoid the foreclosure sale.

If you are interested in discussing any of these foreclosure alternatives with Countrywide, you must contact us immediately. If you request assistance, Countrywide will need to evaluate whether that assistance will be extended to you. In the meantime, Countrywide will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or to enter into a written agreement by August 17, 2008 as outlined above will result in the acceleration of your debt.

Also, applicable law requires the disclosure of the following information:

- The mortgage broker(s) associated with this loan are/were [we were unable to ascertain this information].

- The mortgage loan originator(s) associated with this loan are/were [we were unable to ascertain this information].

- You may be eligible for assistance from the Massachusetts Housing Finance Agency by calling 1-888-995-HOPE (www.masshousing.com), and the Massachusetts Division of Banks at 1-617-956-1501, ext. 501., or at 1-800-495-2265, ext. 501.

- You are hereby notified that a NEGATIVE CREDIT REPORT reflecting on the Borrower's credit record may be submitted to a credit reporting agency if the Borrower fails to fulfill the terms of the obligations under the loan.

- If you did not sign the note but hold a legal or beneficial interest in the encumbered property, this notice is provided to you as a courtesy to warn you that if the full amount due on the loan is not paid as set forth above, you may lose your interest in the encumbered property.

Time is of the essence. If you have any questions concerning this notice, or if you disagree with our calculation of the amount required to cure the default, please contact Loan Counseling Center immediately at 1-800-641-5302. Our office hours are between 8:00 A.M. and 5:00 P.M. Pacific Time.

Sincerely,

Loan Counseling Center

E-mail use: Providing your e-mail address below will allow us to send you information on your account
Account Number: 112282492
David Paiva E-mail address

**How we post your payments:** All accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited or limited by law. If you submit an amount in addition to your scheduled monthly amount, we will apply your payments as follows: (i) to outstanding monthly payments of principal and interest, (ii) escrow deficiencies, (iii) late charges and other amounts you owe in connection with your loan and (iv) to reduce the outstanding principal balance of your loan. Please specify if you want an additional amount applied to future payments, rather than principal reduction.

**Postdated checks:** Countrywide's policy is to not accept postdated checks, unless specifically agreed to by a loan counselor or technician.

**09 MISC 394857 Bank of New York as Trustee for the Certiifcate Holders CWALT Inc Alternative Loan etc v. Paiva, David**

| | | | |
|---|---|---|---|
| Case Type | Servicemembers | Case Status | Closed |
| Status Date: | 06/23/2011 | File Date | 02/24/2009 |
| Case Judge: | | DCM Track: | |
| Next Event: | | | |

All Information   Party   Docket   Financial   Receipt   Disposition

## Party Information

**Bank of New York as - Plaintiff**

| Attorney/Bar Code | Phone Number |
|---|---|
| Fitzpatrick, Esq., Sarah T (670383) | |

More Party Information

**Paiva, David - Defendant**

| Attorney/Bar Code | Phone Number |
|---|---|
| | |

More Party Information

## Docket Information

| Docket Date | Docket Text | Amount |
|---|---|---|
| 02/24/2009 | Complaint under Servicemembers Civil Relief Act filed. | |
| 02/24/2009 | Land Court servicemembers fee  Receipt: 169632  Date: 03/09/2009 | $0.00 |
| 02/24/2009 | Land Court surcharge  Receipt: 169632  Date: 03/09/2009 | $0.00 |
| 02/24/2009 | Mortgagee's Affidavit Under Chapter 206 of the Acts of 2007, filed | |
| 02/24/2009 | Full Party Name: Bank of New York as Trustee for the Certiifcate Holders CWALT Inc Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T1 | |
| 11/19/2009 | Order of Notice for service, for recording and for publication in the Taunton Daily Gazette, returnable 01/04/2010, issued. | |
| 01/18/2011 | Order of Notice with Return Day of 01/04/2010 cancelled because of non-use by Attorney. | |
| 01/18/2011 | Order of Notice for service, for recording and for publication in the Taunton Daily Gazette, returnable 03/07/2011, issued. | |
| 06/23/2011 | Notice Returned to Court with Service Thereon. | |
| 06/23/2011 | Affidavit as to Military Service filed. | |
| 06/23/2011 | Motion to take Complaint Pro Confesso filed. | |
| 06/23/2011 | Motion to take Pro Confesso allowed. (Patterson, Rec.) | |
| 06/23/2011 | Judgment for Entry and Sale entered. (Scheier, C.J.) | |

## Financial Summary

| Cost Type | Amount Owed | Amount Paid | Amount Dismissed | Amount Outstanding |
|---|---|---|---|---|
| Cost | $255.00 | $255.00 | $0.00 | $0.00 |
| | **$255.00** | **$255.00** | **$0.00** | **$0.00** |

## Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|---|---|---|---|
| 169632 | 03/09/2009 | Fitzpatrick Esq., Sarah T | $255.00 |
| | | | **$255.00** |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Judgment for Entry and Sale entered. | 06/23/2011 | |



EXHIBIT
F

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
### DEPARTMENT OF THE TRIAL COURT



(SEAL)

To:                                          Case No.   09 MISC 394857

**David Paiva**

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act.

**Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T1**

Claiming to be the holder of                 mortgage
Covering real                                property in **Berkley, numbered 16R Seymour Street**

Given by  **David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and  its successors and assigns, dated August 25, 2005, and recorded at the Bristol County (Northern District) Registry of Deeds in Book 15124, Page 187, and now held by plaintiff by assignment;**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following:  by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before   MAR 0 7 2011

or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, **KARYN F. SCHEIER**, Chief Justice of said Court on   JAN 1 8 2011

Attest:

**DEBORAH J. PATTERSON**
**RECORDER**

**EXHIBIT**
**G**

# RETURN ON ORDER OF NOTICE

I hereby on oath state that I have published a copy of the within order of notice in the **Taunton Daily Gazette** a newspaper published in **Taunton** in the County of **Bristol** and said Commonwealth to wit: on **February 9, 2011** a copy of which publication is hereto annexed, and by mailing by certified or registered mail a copy of said notice not less than fourteen days before the return day to each defendant named in said complaint; that I am enclosing herewith certified or registered mail receipts therefore; and that I recorded on **February 18, 2011 at 1:00 PM in Book 19321 Page 103** a copy of said notice in the registry of deeds in which the mortgage is/are recorded. **I also served a copy of said notice upon the defendants by Deputy Sheriff on February 10, 2011 which was at least fourteen days prior to the service return day.**

March 1, 2011

subscribed and sworn to before me
Sarah T. Fitzpatrick, Esq.

Notary Public
Erin B. Meadows
My commission expires: 9/19/2014

## NOTE

This return is not to be published or recorded, but the affidavit must be executed properly and returned to the Land Court.



No. 394857

---

# COMMONWEALTH OF MASSACHUSETTS
# LAND COURT
# DEPARTMENT OF THE TRIAL COURT



(SEAL)

To:                                                           Case No.  09 MISC 394857

**David Paiva**

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act.

**Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T1**

Claiming to be the holder of                           mortgage
Covering real                                               property in **Berkley, numbered 16R Seymour Street**

Given by **David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns, dated August 25, 2005, and recorded at the Bristol County (Northern District) Registry of Deeds in Book 15124, Page 187, and now held by plaintiff by assignment;**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following:  by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before  **MAR 0 7 2011**

or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, **KARYN F. SCHEIER**, Chief Justice of said Court on  **JAN 1 8 2011**


                    Attest:


                                        **DEBORAH J. PATTERSON**
                                        **RECORDER**

                                        A TRUE COPY
                                        ATTEST:

                                        Deborah J. Patterson

                                        RECORDER

**Bristol County Sheriff's Office    P.O. Box 8928    New Bedford, MA  02742-0928  (508) 992-6631**
Bristol, SS

February 10, 2011

I hereby certify and return that on 2/10/2011 at 9:31 AM I served a true and attested copy of the Order of Notice in this action in the following manner: To wit, by leaving at the last and usual place of abode of David Paiva, 16 R Seymour Street , Berkley, MA 02779 and by mailing first class mail to the above-mentioned address on 2/10/2011.  Copies ($4.00), Conveyance ($2.25), Travel ($17.60), Basic Service Fee ($20.00), Postage and Handling ($3.25), Attest Fee ($10.00) Total Charges $57.10

Deputy Sheriff Richard W. Hinkley

**Deputy Sheriff**



# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
## DEPARTMENT OF THE TRIAL COURT

*LAND COURT*
*FILED*
*11 JAN 18 PM 12: 41*

(SEAL)

To:

2011 00007359
Bk: 19321 Pg: 103 Page: 1 of 1
Doc: ORDR 02/18/2011 01:00 PM

Case No.   09 MISC 394857

**David Paiva**

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act.

**Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T1**

Claiming to be the holder of
Covering real

mortgage
property in Berkley, numbered **16R Seymour Street**

Given by  **David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and  its successors and assigns, dated August 25, 2005, and recorded at the Bristol County (Northern District) Registry of Deeds in Book 15124, Page 187, and now held by plaintiff by assignment;**

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following:  by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before   MAR 0 7 2011

or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, **KARYN F. SCHEIER**, Chief Justice of said Court on   JAN 1 8 2011

Attest:

**DEBORAH J. PATTERSON**
**RECORDER**

A TRUE COPY
ATTEST:

*Deborah J. Patterson*

RECORDER

**END OF DOCUMENT**

COMMONWEALTH OF MASSACHUSETTS
LAND COURT
DEPARTMENT OF THE TRIAL COURT

*June 23, 2011*

LET JUDGMENT ISSUE:

*Karyn F. Scheier*

Chief Justice

Suffolk _____ ss.

09 MISC 394857

Bank of New York as _____

No. _____

## COMPLAINT TO FORECLOSE MORTGAGE

PLAINTIFF:
Name

City or Town
of Residence

Bank of New York as Trustee for the Certificate
Holders CWALT, Inc. Alternative Loan Trust
2005-48T1 Mortgage Pass-Through Certificates,
Series 2005-48T

c/o Countrywide Home Loans Servicing, LP
Plano, Texas

2014 00034286
Bk: 21915 Pg: 108 Page: 1 of 1
Doc: JUDG 10/02/2014 01:53 PM
ATTEST: Barry J. Amaral, Register
Bristol County North Registry of Deeds

DEFENDANT
Name

City or Town
of Residence

Interest

David Paiva

Berkley

Owner

1. Your plaintiff is the ~~owner~~ (or assignee) and holder of a mortgage with the statutory
power of sale given by David Paiva
to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting
solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns
_____ dated   August 25, 2005
recorded at Bristol County (Northern District) Registry of Deeds Book 15124, Page 187,
covering*   16R Seymour Street, Berkley

(street and number)
(and city or town)

and more particularly described in said mortgage.

RETURN TO

GUARTEL AND PEYSON, LLC
P.O. Box 519
Chelmsford, MA 01824-0519

LAND COURT USE ONLY

### JUDGMENT

Under the provisions of the Servicemembers Civil Relief Act, this cause came on to be heard and
thereupon, upon consideration thereof, it appearing to the Court that the record owner is not
entitled to the benefits of said Act, it is
ORDERED and ADJUDGED that the plaintiff be authorized and empowered to make an
entry and to sell the property covered by the mortgage as set forth in this complaint in accordance
with the powers contained in said mortgage.

By the Court.
Attest:

A TRUE COPY
ATTEST:

*Deborah J. Patterson*
RECORDER

*Deborah J. Patterson*
Deborah J. Patterson
Recorder

(SEAL)

NOTE:  Wherever the singular is used herein, it shall be deemed to mean and include the plural where ap
*A metes and bounds description to the property is not necessary.

END OF DOCUMENT

EXHIBIT
H

**United States Bankruptcy Court**
**District of Massachusetts (Boston)**
**Bankruptcy Petition #: 11-17726**

|  |  |
|---|---|
| *Assigned to:* Judge Frank J. Bailey | *Date filed:* 08/15/2011 |
| Chapter 13 | *Date terminated:* 11/01/2011 |
| Voluntary | *Debtor dismissed:* 10/11/2011 |
| Asset | *341 meeting:* 09/29/2011 |

*Debtor disposition:* Dismissed for Failure to File Information

| | |
|---|---|
| **Debtor** | represented by **David Palva** |
| **David Palva** | PRO SE |
| 16 R. Seymour St. | |
| Berkley, MA 02779 | |
| SSN / ITIN: xxx-xx-9238 | |

**Assistant U.S. Trustee**
**John Fitzgerald**
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

**Trustee**
**Carolyn Bankowski-13**
Chapter 13 Trustee Boston
P. O. Box 8250
Boston, MA 02114
617-723-1313

| Filing Date | # | Docket Text |
|---|---|---|
| 08/15/2011 | 1 (5 pgs) | Chapter 13 Voluntary Petition with deficiencies. Filing Fee in the Amount of $274 Filed by David Palva. Matrix Filed. (kpm, USBC) (Entered: 08/15/2011) |
| 08/15/2011 | | Meeting of Creditors scheduled on 09/29/2011 at 09:30 AM at Room 325, U.S. Trustee Office, J.W. McCormack Post Office & Court House. Last Day to oppose dischargeability 11/28/2011. Proof of Claim due by 12/28/2011. (kpm, USBC) (Entered: 08/15/2011) |
| 08/15/2011 | 2 (2 pgs) | Matrix filed by Debtor David Palva (kpm, USBC) Additional attachment(s) added on 8/15/2011 (kpm, USBC). (Entered: 08/15/2011) |
| 08/15/2011 | 3 (1 pg) | Certificate of Credit Counseling filed by Debtor David Palva (kpm, USBC) (Entered: 08/15/2011) |
| 08/15/2011 | 4 (2 pgs) | Order to Update (Re: Chapter 13 Plan due by 8/29/2011. Schedules A-J due 8/29/2011. Statement of Financial Affairs due 8/29/2011. Summary of schedules due 8/29/2011. Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income Form 22C Due: 8/29/2011. Statistical Summary of Certain Liabilities due 8/29/2011.Evidence of Current and Sufficient Liability 8/29/2011. Verified Declaration due by 8/29/2011. (kpm, USBC) (Entered: 08/15/2011) |
| 08/15/2011 | 5 | Statement of Social Security Number(s) filed by Debtor David Palva (kpm, USBC) (Entered: 08/15/2011) |
| 08/15/2011 | 7 (1 pg) | Court Certificate of Mailing. RE: 4 Order to Update (kpm, USBC) (Entered: 08/15/2011) |
| 08/15/2011 | 8 (2 pgs) | AMENDED Order to Update (Re: Petition Preparer Disclosure due 8/29/2011. (kpm, USBC) (Entered: 08/15/2011) |
| 08/15/2011 | 9 (1 pg) | Court Certificate of Mailing. RE: 4 Order to Update, 8 Order to Update (kpm, USBC) ( |

EXHIBIT
I

| 08/15/2011 | | Receipt of Chapter 13 Filing Fee - $274.00 by KM. Receipt Number 00622931. (adi) (Entered: 08/16/2011) |
|---|---|---|
| 08/18/2011 | 11 (2 pgs) | BNC Certificate of Mailing. RE: 10 Notice to ProSe Debtors. Service Date 08/18/2011. (Admin.) (Entered: 08/19/2011) |
| 08/19/2011 | 12 (2 pgs) | Court's Notice of 341 sent. (ymw) (Entered: 08/19/2011) |
| 08/21/2011 | 13 (5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. RE: 12 Court's Notice of 341 sent 13 Service Date 08/21/2011. (Admin.) (Entered: 08/22/2011) |
| 09/01/2011 | 14 (1 pg) | Request for Notice by HSBC Bank Nevada, N.A. (Bass, Patti) (Entered: 09/01/2011) |
| 09/27/2011 | 15 (1 pg) | Notice of Appearance and Request for Notice by Sarah T. Fitzpatrick filed by Creditor Bank of New York Mellon as Successor in Interest by Merger to Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, S (Fitzpatrick, Sarah) (Entered: 09/27/2011) |
| 10/03/2011 | 16 (3 pgs) | Chapter 13 Trustee's Motion for Order Dismissing Case with certificate of service and proposed order. Objections due by 10/27/2011. (Bankowski-13, Carolyn) (Entered: 10/03/2011) |
| 10/11/2011 | 17 (1 pg) | Order dated 10/11/2011 Dismissing Case. DUE TO THE FAILURE OF THE DEBTOR TO COMPLY WITH THE COURT'S ORDER OF 8/15/2011, AND THE DEBTOR HAVING FAILED TO FILE TIMELY THE CHAPTER 13 PLAN, SCHEDULES A-J, STATEMENT OF FINANCIAL AFFAIRS, SUMMARY OF SCHEDULES, STATEMENT OF CURRENT MONTHLY INCOME AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME FORM 22C, STATISTICAL SUMMARY OF CERTAIN LIABILITIES, EVIDENCE OF CURRENT AND SUFFICIENT LIABILITY, IT IS HEREBY ORDERED THAT THE ABOV 3-ENTITLED CASE BE AND HEREBY IS DISMISSED (amoody, usbc) (Entered: 10/12/2011) |
| 10/13/2011 | 18 (1 pg) | Endorsed Order dated 10/13/2011 Re: 16 Chapter 13 Trustee's Motion for Order Dismissing Case. MOOT AS THE CASE HAS BEEN DISMISSED DUE TO THE FAILURE OF THE DEBTOR TO COMPLY WITH THE COURT'S ORDER OF AUGUST 15, 2011 [DOC. 4]. (amoody, usbc) (Entered: 10/13/2011) |
| 10/15/2011 | 19 (2 pgs) | BNC Certificate of Mailing - PDF Document. RE: 18 Order on Motion to Dismiss Case Service Date 10/15/2011. (Admin.) (Entered: 10/16/2011) |
| 10/26/2011 | 20 (1 pg) | Notice of Dismissal For Failure to File Other Documents . (amoody, usbc) (Entered: 10/26/2011) |
| 10/28/2011 | 21 (2 pgs) | BNC Certificate of Mailing. RE: 20 Notice of Dismissal Service Date 10/28/2011. (Admin.) (Entered: 10/29/2011) |
| 11/01/2011 | | Bankruptcy Case Closed (amoody, usbc) (Entered: 11/01/2011) |
| 11/15/2011 | 22 (2 pgs) | Chapter 13 Trustee's Final Report and Account and Request of Discharge of Trustee. . (ZZ-Bankowski, Carolyn) (Entered: 11/15/2011) |
| 11/16/2011 | | The Chapter 13 Trustee has filed the Final Report and Account of the administration of this estate pursuant to 11 U.S.C. Section 1302(b)(1) therefore, pursuant to 11 U.S.C. Section 350(a), the Court hereby discharges the Chapter 13 Trustee. . (amoody, usbc) (Entered: 11/16/2011) |

**PACER Service Center**

**Transaction Receipt**

01/02/2015 15:25:13

| PACER Login: | dg0130:2535591:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 11-17726 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Format: html Page counts for documents included |

| Billable Pages: | 2 | Cost: | 0.20 |
| --- | --- | --- | --- |



**You could reapply for
a loan modification.**

**Send us your updated documents
to start the review.**

July 30, 2012

DAVID PAIVA
16R Seymour St
Berkley, MA 02779 1125

Loan Number

Dear DAVID PAIVA:

Thank you for updating us about your situation as it pertains to your application for a loan modification. Under the guidelines of the program, your loan was determined to be ineligible for a loan modification based upon the information you provided and we closed the application.

**However, since you told us your information and circumstances have changed, you are eligible to reapply for the program.**

To submit a new application, please send us the documents listed on the following page as soon as possible. We have included a pre-paid envelope for your convenience.

**Important Information about Foreclosure**
Until we receive the specified documentation, your loan is subject to the foreclosure process. Once your loan enters the foreclosure process (or if it has already entered the foreclosure process), foreclosure activities will continue until you have been evaluated and enter into an approved foreclosure prevention alternative. It is important that you continue to respond to any foreclosure notice and to any request for additional documentation required to complete your evaluation. Even if we are able to approve your loan for a foreclosure alternative prior to a sale, a court with jurisdiction over the foreclosure proceeding (if any) or public official charged with carrying out the sale may not halt the scheduled sale.

If you have any questions, please call 1.800.669.6650.

We look forward to receiving your new application.

MERRY CARR
Home Loan Team
Bank of America, N.A.

Bank of America 🦅 Home Loans

Enclosures: (1) Checklist (2) Request For Mortgage Assistance (3) IRS Form 4506-T (4) Blank IRS Form 4506-T (5) Frequently Asked Questions (6) Non-Borrower Credit Authorization Form (7) Pre-paid return envelope

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for a loan modification program that may help you bring or keep your loan current through affordable payments.

Mortgages funded and administered by an 🏠 Equal Housing Lender.
♻ Protect your personal information before recycling this document.



EXHIBIT
J

# Required Documents for Home Loan Assistance

**Please make sure to only send copies of your documents – keep originals for your records.**

**Section 1:** All borrowers listed on the loan must provide all of the documents in this section.

- ☐ Two most recent, consecutive monthly bank statements (all pages)
- ☐ Personal federal tax returns from the previous year (all pages, signed and dated)
- ☐ Homeowners Insurance Declaration Page (proof of Homeowners insurance)
- ☐ Property Tax Statement

**Section 2:** All borrowers listed on the loan must complete and provide all of the documents enclosed in this section.

- ☐ Request for Modification Affidavit (RMA)
- ☐ IRS Form 4506-T
- ☐ Dodd-Frank Certification Form
- ☐ Non-Borrower Forms (if applicable per Section 3)

**Section 3:** For each category that applies to any borrower on the loan, all documents must be provided.

**If you are a salaried or hourly employee:**

- ☐ Two most recent, consecutive pay stubs showing at least 30 days of year-to-date earnings

**If you are self-employed:**

- ☐ Most recent quarterly or year-to-date profit/loss statement for each self-employed borrower – signed and dated

**If the home is your primary residence (you currently live in the home):**

- ☐ Most recent utility bill (gas, electric, water) showing your name and property address

**If you receive income from a rental property:**

- ☐ Complete list of real estate that you own, including the monthly payment for all mortgages, taxes and insurance (if not impounded/escrowed) and any homeowner association dues
- ☐ Current rental agreement(s), and two most recent monthly bank statements (all pages) or other proof showing receipt of rental income
- ☐ Federal tax returns from the previous year with all required schedules including Schedule E (Supplemental Income and Loss); if a Schedule E is not available because the property was not previously rented, provide written explanation of such

**If you belong to a Homeowners Association:**

- ☐ Most recent bill or letter from Homeowners/Condominium Association reflecting amount of dues and statement showing payment is up to date

**If you receive alimony, child support or separation maintenance as qualifying income:**
*You are not required to disclose this income unless you choose to have it considered.*

- ☐ Divorce decree, separation agreement, other written agreement filed with the court, or decree that states the amount and period of time payment will be received
- ☐ Two most recent monthly bank statements (all pages) or other proof showing receipt of income

**If you receive income from social security, disability or death benefits, pension, adoption assistance, public assistance, unemployment or if your employment is seasonal:**

- ☐ Benefits statement or letter from the provider that states the amount, frequency and duration of the benefit
- ☐ Two most recent monthly bank statements (all pages) or other proof showing receipt of income
- ☐ For each borrower who is receiving unemployment benefits, copy of benefits statement showing eligibility of benefit or unemployment benefits received within the last six months. Statement of benefits must show the amount, frequency and duration of the benefit

**If you have income from any other source(s):**
*This could include bonuses, tips, investments, renter income or any additional household contributions.*

- ☐ Documentation describing the nature of the income, such as an employment contract or documents tracking tip income, room rental agreement, spouse/parental support
- ☐ Two most recent monthly bank statements (all pages) or other proof showing receipt of income
- ☐ You may also disclose any income from a household member who is not on the promissory note (non-borrower), such as a relative, spouse, domestic partner, or fiancé who occupies the property as a primary residence. If you choose to disclose and rely upon this income to qualify, the required income documentation is the same as the income documentation required for a borrower. Refer to all Sections for required documentation. Note: Both a 4506-T and the Non-Borrower Credit Authorization Forms enclosed will need to be completed and signed by each non-borrower

**If you are a military borrower on active duty or within 9 months of release:**

- ☐ Active duty military orders or other proof of active duty status which reflects start and end date
- ☐ Most recent Leave and Earnings statement showing year-to-date earnings

For questions about these documents, please call us or visit: bankofamerica.com/documentchecklist

Terms and conditions apply. This is not a commitment to lend. Programs, rates, terms and conditions are subject to change without notice. Bank of America, N.A., Member FDIC.
⌂ Equal Housing Lender. © 2011 Bank of America Corporation. SHEET-12-11-0450 03-2012 ARV45430

C3_618-3

**Making Home Affordable Program**
**Request For Mortgage Assistance (RMA)**



If you are experiencing a financial hardship and need help, you must complete and submit this form along with other required documentation to be considered for foreclosure prevention options under the Making Home Affordable (MHA) Program. You must provide information about yourself and your intentions to either keep or transition out of your property; a description of the hardship that prevents you from paying your mortgage(s); information about all of your income, expenses and financial assets; whether you have declared bankruptcy; and information about the mortgage(s) on your principal residence and other single family real estate that you own. Finally, you will need to return to your loan servicer (1) this completed, signed and dated Request for Mortgage Assistance (RMA); and (2) completed and signed IRS Form 4506-T or 4506T-EZ; and (3) all required income documentation identified in Section 4.

**When you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this RMA is accurate and truthful.**

## SECTION 1: BORROWER INFORMATION

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER'S NAME<br>DAVID PAIVA | CO-BORROWER'S NAME |
| SOCIAL SECURITY NUMBER          DATE OF BIRTH (MM/DD/YYYY) | SOCIAL SECURITY NUMBER          DATE OF BIRTH (MM/DD/YYYY) |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |
| MAILING ADDRESS<br>16R Seymour St  Berkley, MA 02779 1125 | MAILING ADDRESS (IF SAME AS BORROWER, WRITE "SAME") |
| EMAIL ADDRESS | EMAIL ADDRESS |

| | |
|---|---|
| Has any borrower filed for bankruptcy?   ☐ Chapter 7   ☐ Chapter 13<br><br>Filing Date: _____      Bankruptcy case number: _____<br><br>Has your bankruptcy been discharged?   ☐ Yes   ☐ No | Is any borrower a servicemember?   ☐ Yes ☐ No<br><br>Have you recently been deployed away from your principal residence or recently received a permanent change of station order?   ☐ Yes ☐ No |

How many single family properties other than your principal residence do you and/or any co-borrower(s) own individually, jointly, or with others? _____

Has the mortgage on your principal residence ever had a Home Affordable Modification Program (HAMP) trial period plan or permanent modification? ☐ Yes ☐ No

Has the mortgage on any other property that you or any co-borrower own had a permanent HAMP modification? ☐ Yes ☐ No   If "Yes", how many? _____

Are you or any co-borrower currently in or being considered for a HAMP trial period plan on a property other than your principal residence? ☐ Yes ☐ No

## SECTION 2: HARDSHIP AFFIDAVIT

I (We) am/are requesting review under MHA.
I am having difficulty making my monthly payment because of financial difficulties created by (check all that apply):

| | | | |
|---|---|---|---|
| ☐ | My household income has been reduce. For example: reduced pay or hours, decline in business or self-employment earnings, death, disability, or divorce of a borrower or co-borrower. | ☐ | My monthly debt payments are exclusive and I am overextended with my creditors. Debt includes credit cards, home equity or other debt. |
| ☐ | My expenses have increased. For example: monthly mortgage payment reset, high medical or health care costs, uninsured losses, increased utilities, or property taxes. | ☐ | My cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time. |
| ☐ | I am unemployed and (a) I am receiving/will receive unemployment benefits or (b) my unemployment benefits ended less than 6 months ago. | | Other: |

Explanation (continue on a separate sheet of paper if necessary):

I am requesting mortgage assistance with my principal residence ☐ YES ☐ NO

If "yes" ☐ Keep the property ☐ Sell the property

Property Address: 16r Seymour St Berkley, MA 02779     Loan ID Number: ▓▓▓▓▓

Other mortgages or liens on the property? ☐ YES ☐ NO   Lien Holder / Servicer Name: _____   Loan ID Number: ▓▓▓▓▓

Do you have condominium or homeowner association (HOA) fees? ☐ YES ☐ NO   If "Yes", Monthly Fee $_____   Are fees paid current ☐ YES ☐ NO

Name and address that fees are paid to: _____

Does your mortgage payment include taxes and Insurance? ☐ YES ☐ NO   If "NO", are the taxes and insurance paid current? ☐ YES ☐ NO

Annual Homeowner's Insurance $_____

Is the property listed for sale? ☐ YES ☐ NO   If "YES", Listing Agent's Name: _____   Phone Number: _____

List Date? _____ Have you received a purchase offer? ☐ YES ☐ NO   Amount of Offer $_____   Closing Date: _____

---

Complete this section ONLY if you are requesting mortgage assistance with a property that is not your principal residence.

Principal residence servicer name: _____   Principal residence servicer phone number: _____

Is the mortgage on your principal residence paid? ☐ YES ☐ NO   if "NO" number of months your payment is past due (if known): _____

## SECTION 4: COMBINED INCOME AND EXPENSE OF BORROWER AND CO-BORROWER

| Monthly Household Income | | Monthly Household Expense/Debt (*Principal Residence Expense Only) | | Household Assets | |
|---|---|---|---|---|---|
| Monthly Gross wages | $ | First Mortgage Principal & Interest Payment* | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Principal & Interest Payment* | $ | Checking Account(s) | $ |
| Self employment Income | $ | Homeowner's Insurance* | $ | Savings / Money Market | $ |
| Unemployment Income | $ | Property Taxes* | $ | CDs | $ |
| Untaxed Social Security/SSD | $ | HOA/Condo Fees* | $ | Stocks / Bonds | $ |
| Food Stamps/Welfare | $ | Credit Cards/Installment debt (total min. payment) | $ | Other Cash on Hand | $ |
| Taxable Social Security or retirement income | $ | Child Support / Alimony | $ | | |
| Child Support / Alimony** | $ | Car Payments | $ | | $ |
| Tips, commissions, bonus and overtime | $ | Mortgage Payments other properties**** | $ | | $ |
| Gross Rents Received *** | $ | Other | $ | Value of all Real Estate except principal residence | $ |
| Other | $ | | | Other | $ |
| Total (Gross income) | $ | Total Debt/Expenses | $ | Total Assets | $ |

** Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt.

*** Include rental income received from all properties you own EXCEPT a property for which you are seeking mortgage assistance in Section 6.

****Include mortgage payments on all properties you own EXCEPT your principal residence and the property for which you are seeking mortgage assistance in Section 6.

03/30/2012

## Required Income Documentation
### (Your servicer may request additional documentation to complete your evaluation for MHA)

| All Borrowers | ☐ Include a signed IRS Form 4506-T or 4506-T-EZ |
|---|---|
| ☐ Do you earn a wage?<br><br>Borrower Hire Date (MM/DD/YY)_____<br>Co-borrower Hire Date (MM/DD/YY)_____ | ☐ For each borrower who is a salaried employee or hourly wage earner, provide the most recent pay stub(s) that reflects at least 30 days of year-to-date income. |
| ☐ Are you self-employed? | ☐ Provide your most recent signed and dated quarterly or year-to date profit and loss statement. |
| ☐ Do you receive tips, commissions, bonuses, housing allowance or overtime? | ☐ Describe the type of income, how frequently you receive the income and third party documentation describing the income (e.g., employment contracts or printouts documenting tip income). |
| ☐ Do you receive social security, disability, death benefits, pension, public assistance or adoption assistance? | ☐ Provide documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider and receipt of payment (such as two most recent bank statements or deposit advices). |
| ☐ Do you receive alimony, child support, or separation maintenance payments? | ☐ Provide a copy of the divorce decree, separation agreement, or other written legal agreement filed with the court that states the amount of the payments and the period of time that you are entitled to receive them. AND<br><br>☐ Copies of your two most recent bank statements or deposit advices showing you have received payment.<br><br>**Notice:** *Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt.* |
| ☐ Do you have income from rental properties that are not your principal residence? | ☐ Provide your most recent Federal Tax return with all schedules, including Schedule E.<br><br>☐ If rental income is not reported on Schedule E, provide a copy of the current lease agreement with bank statements showing deposit of rent checks. |

## SECTION 5: OTHER PROPERTIES OWNED
### (You must provide information about all properties that you or the co-borrower own, other than your principal residence and any property described in Section 6 below. Use additional sheets if necessary.)

### Other Property #1

Property Address: _____ Loan I.D. Number: _____

Servicer Name: _____ Mortgage Balance $ _____ Current Value $ _____

Property is: ☐ Vacant   ☐ Second or seasonal home   ☐ Rented   Gross Monthly Rent $ _____   Monthly mortgage payment* $ _____

### Other Property #2

Property Address: _____ Loan I.D. Number: _____

Servicer Name: _____ Mortgage Balance $ _____ Current Value $ _____

Property is: ☐ Vacant   ☐ Second or seasonal home   ☐ Rented   Gross Monthly Rent $ _____   Monthly mortgage payment* $ _____

### Other Property #3

Property Address: _____ Loan I.D. Number: _____

Servicer Name: _____ Mortgage Balance $ _____ Current Value $ _____

Property is: ☐ Vacant   ☐ Second or seasonal home   ☐ Rented   Gross Monthly Rent $ _____   Monthly mortgage payment* $ _____

\* The amount of the monthly payment made to your lender – including, if applicable, monthly principal, interest, real property taxes and insurance premiums..

03/30/2012

# SECTION 6: OTHER PROPERTY FOR WHICH ASSISTANCE IS REQUESTED
## (Complete this section ONLY if you are requesting mortgage assistance with a property that is not your principal residence.)

I am requesting mortgage assistance with a rental property. ☐ Yes ☐ No

I am requesting mortgage assistance with a second or seasonal home. ☐ Yes ☐ No

If "Yes" to either, I want to: ☐ Keep the property ☐ Sell the property

Property Address: _____ Loan I.D. Number: _____

Do you have a second mortgage on the property ☐ Yes ☐ No If "Yes", Servicer Name: _____ Loan I.D. Number: _____

Do you have condominium or homeowner association (HOA) fees? ☐ Yes ☐ No If "Yes", Monthly Fee $ _____ Are HOA fees paid current? ☐ Yes ☐ No

Name and address that fees are paid to: _____

Does your mortgage payment include taxes and insurance? ☐ Yes ☐ No If "No", are the taxes and insurance paid current? ☐ Yes ☐ No

Annual Homeowner's Insurance $ _____ Annual Property Taxes $ _____

If requesting assistance with a rental property, property is currently: ☐ Vacant and available for rent.

        ☐ Occupied without rent by your legal dependent, parent or grandparent as their principal residence.

        ☐ Occupied by a tenant as their principal residence.

        ☐ Other _____

If rental property is occupied by a tenant: Term of lease / occupancy ___ / ___ / ___ -- ___ / ___ / ___ Gross Monthly Rent $ _____

        MM / DD / YYYY   MM / DD / YYYY

If rental property is vacant, describe efforts to rent property: _____

_____

If applicable, describe relationship of and duration of non-rent paying occupant of rental property: _____

_____

Is the property for sale? ☐ Yes ☐ No If "Yes", Listing Agent's Name: _____ Phone Number: _____

List date? _____ Have you received a purchase offer? ☐ Yes ☐ No Amount of offer $ _____ Closing Date: _____

---

## RENTAL PROPERTY CERTIFICATION
### (You must complete this certification if you are requesting a mortgage modification with respect to a rental property.)

☐ By checking this box and initialing below, I am requesting a mortgage modification under MHA with respect to the rental property described in this Section 6 and I hereby certify under penalty of perjury that each of the following statements is true and correct with respect to that property:

1. I intend to rent the property to a tenant or tenants for at least five years following the effective date of my mortgage modification. I understand that the servicer, the U.S. Department of the Treasury, or their respective agents may ask me to provide evidence of my intention to rent the property during such time. I further understand that such evidence must show that I used reasonable efforts to rent the property to a tenant or tenants on a year-round basis, if the property is or becomes vacant during such five-year period.

   Note: The term "reasonable efforts" includes, without limitation, advertising the property for rent in local newspapers, websites or other commonly used forms of written or electronic media, and/or engaging a real estate or other professional to assist in renting the property, in either case, at or below market rent.

2. The property is not my secondary residence and I do not intend to use the property as a secondary residence for at least five years following the effective date of my mortgage modification. I understand that if I do use the property as a secondary residence during such five-year period, my use of the property may be considered to be inconsistent with the certifications I have made herein.

   Note: The term "secondary residence" includes, without limitation, a second home, vacation home or other type of residence that I personally use or occupy on a part-time, seasonal or other basis.

3. I do not own more than five (5) single-family homes (i.e., one-to-four unit properties) (exclusive of my principal residence).

   **Notwithstanding the foregoing certifications, I may at any time sell the property, occupy it as my principal residence, or permit my legal dependent, parent or grandparent to occupy it as their principal residence with no rent charged or collected, none of which will be considered to be inconsistent with the certifications made herein.**

   This certification is effective on the earlier of the date listed below or the date the RMA is received by your servicer.

Initials: Borrower _____ Co-borrower _____

03/30/2012

## SECTION 7: DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). **You are required to furnish this information.** The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 et seq.), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I/we certify under penalty of perjury that I/we have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction:

      (a) felony larceny, theft, fraud, or forgery,

      (b) money laundering or

      (c) tax evasion.

I/we understand that the servicer, the U.S. Department of the Treasury, or their respective agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law. This certification is effective on the earlier of the date listed below or the date this RMA is received by your servicer.

## SECTION 8: INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. **If you do not wish to furnish the information, please check the box below.**

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| *Ethnicity* | ☐ Hispanic or Latino | *Ethnicity* | ☐ Hispanic or Latino |
| | ☐ Not Hispanic or Latino | | ☐ Not Hispanic or Latino |
| *Race:* | ☐ American Indian or Alaska Native | *Race:* | ☐ American Indian or Alaska Native |
| | ☐ Asian | | ☐ Asian |
| | ☐ Black or African American | | ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | | ☐ Native Hawaiian or Other Pacific Islander |
| | ☐ White | | ☐ White |
| *Sex:* | ☐ Female | *Sex:* | ☐ Female |
| | ☐ Male | | ☐ Male |

| To be completed by interviewer | | *Name/Address of Interviewer's Employer* |
|---|---|---|
| This request was taken by:<br><br>☐ Face-to-face Interview<br>☐ Mail<br>☐ Telephone<br>☐ Internet | *Interviewer's Name (print or type) & ID Number*<br><br>*Interviewer's Signature*     *Date*<br><br>*Interviewer's Phone Number (include area code)* | |

03/30/2012

1. I certify that all of the information in this RMA is truthful and the hardship(s) identified above has contributed to submission of this request for mortgage relief.

2. I understand and acknowledge that the Servicer, the U.S. Department of the Treasury, the owner or guarantor of my mortgage loan, or their respective agents may investigate the accuracy of my statements, may require me to provide additional supporting documentation and that knowingly submitting false information may violate Federal and other applicable law.

3. I authorize and give permission to the Servicer, the U.S. Department of the Treasury, and their respective agents, to assemble and use a current consumer report on all borrowers obligated on the loan, to investigate each borrower's eligibility for MHA and the accuracy of my statements and any documentation that I provide in connection with my request for assistance. I understand that these consumer reports may include, without limitation, a credit report, and be assembled and used at any point during the application process to assess each borrower's eligibility thereafter.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or if it is determined that any of my statements or any information contained in the documentation that I provide are materially false and that I was ineligible for assistance under MHA, the Servicer, the U.S. Department of the Treasury, or their respective agents may terminate my participation in MHA, including any right to future benefits and incentives that otherwise would have been available under the program, and also may seek other remedies available at law and in equity, such as recouping any benefits or incentives previously received.

5. I certify that any property for which I am requesting assistance is a habitable residential property that is not subject to a condemnation notice.

6. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

7. I understand that the Servicer will use the information I provide to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

8. I am willing to commit to credit counseling if it is determined that my financial hardship is related to excessive debt.

9. If I am eligible for assistance under MHA, and I accept and agree to all terms of an MHA notice, plan, or agreement, I also agree that the terms of this Acknowledgement and Agreement are incorporated into such notice, plan, or agreement by reference as if set forth therein in full. My first timely payment, if required, following my servicer's determination and notification of my eligibility or prequalification for MHA assistance will serve as my acceptance of the terms set forth in the notice, plan, or agreement sent to me.

10. I understand that my Servicer will collect and record personal information that I submit in this RMA and during the evaluation process, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any MHA notice, plan or agreement to the U.S. Department of the Treasury and its agents, Fannie Mae and Freddie Mac in connection with their responsibilities under MHA, companies that perform support services in conjunction with MHA, any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) and to any HUD-certified housing counselor.

11. I consent to being contacted concerning this request for mortgage assistance at any e-mail address or cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

The undersigned certifies under penalty of perjury that all statements in this document are true and correct.

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Borrower Signature | Social Security Number | Date of Birth | Date |
| DAVID PAIVA | | | |

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Co-borrower Signature | Social Security Number | Date of Birth | Date |

03/30/2012

HOMEOWNER'S HOTLINE

*If you have questions about this document or the Making Home Affordable Program, please call your servicer.*
*If you have questions about the program that your servicer cannot answer or need further counseling, you can call the*
*Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673).*

*The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.*



## NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy of your property, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to my Servicer in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov and provide them with your name, our name as your servicer, your property address, loan number and the reason for escalation. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

### Beware of Foreclosure Rescue Scams. Help is FREE!

·There is never a fee to get assistance or information about the Making Home Affordable Program from your lender or a HUD-approved housing counselor.

·Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.

·Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.

·Never make your mortgage payments to anyone other than your mortgage company without their approval.



03/30/2012



October 30, 2012

DAVID PAIVA
16r Seymour St
Berkley, MA 02779 1125

**Loan Number**

Dear DAVID PAIVA:

Thank you for your interest in exploring foreclosure prevention alternatives. We previously notified you that you are ineligible for foreclosure prevention alternatives and that decision still stands. However, if you would like to be re-evaluated for options that may be available, you must send us the required documents listed below.

Please complete and fax the required documentation using the enclosed fax cover sheet to **1.866.270.0620** or return using the enclosed FedEx envelope. **We must receive this information no later than November 29, 2012.**

**Please ensure all submissions are complete.** You may find the list below contains one or more documents you submitted previously to be considered for a loan modification. If so, they are listed because we need more information about them or because they were submitted with missing or incomplete information. When providing the additional documentation or clarifications, remember the following helpful hints:

- Write your loan number at the bottom of all pages if it's not already listed. This will aid in identifying your documents should they be sent separately or get separated.

- Include ALL PAGES of any document with multiple pages. For instance, if the last page of your bank statement indicates Page 6 of 6, ensure you provide the copy of all six pages.

- The signature of each borrower and the date the document was signed is required for many documents. Please make sure all the proper signatures and dates are provided for any documents listed below.

- Some requested documents have columns of numbers that must be added or subtracted to determine a total value (for example, Request for Mortgage Assistance or Uniform Borrower Assistance Form (Form 710), profit and loss statement). Please ensure that complete and accurate totals are provided for any and all columns.

- If a document you previously submitted is listed below, it may be too old to be usable. Please send us a copy of the most recent version(s) of the document.

Please submit the following information for each borrower:

- **Request for Mortgage Assistance (RMA, enclosed)** - This form must be completed in its entirety. Sections requiring a total must be completed and accurately totaled. This form must be signed and dated by all borrowers.

- **Proof of Hardship** - Copy of documentation to support the hardship indicated on the section of your Request for Mortgage Assistance or Uniform Borrower Assistance Form (Form 710). Please see the enclosed Request for Hardship Documentation for a list of specific documents.

- **Hardship Letter** - A written explanation describing the specific nature of your Hardship.

- **Tax Return** - A signed copy of the most recently filed tax return, with all schedules and tax forms (for example, Schedules A-E, Tax Form 8879 e-file, 4868 Tax Filing Extension, etc.). If you are not required to file a tax return, please submit a letter of explanation.

- **Pay Stubs** - The two most recent and consecutive pay stubs that reflect at least 30 days of year to date earnings for each borrower who is either a salaried employee or hourly wage earner. (For example: if you are paid weekly, provide four pay stubs that cover the full month and if you are paid bi-monthly, two pay stubs at a minimum.) If you are new to your job and do not yet have a pay stub, submit a letter from employer verifying employment start date and salary or rate of pay.



EXHIBIT

K

tabbies

- **Self Employment Income Documentation** - Each self-employed borrower must provide copies of each of the following: 1) The most recent quarterly or year-to-date profit and loss statement for a period of no fewer than three (3) months. The statement must include the business name, income, expenses, net income after expenses and period start and end dates (for example 10/1/2011 through 12/31/2011). The statement must be signed and dated by the borrower. 2) Copies of the applicable self-employment tax schedule (C, or E and K-1). If you are no longer self employed, please provide a copy of your cancelled business license or letter of explanation.

- **Verification of Occupancy** - A copy of a utility bill (for example, gas, electric, cable service, personal cell phone, land line phone) in either borrower's name verifying occupancy of the subject property.

**Please note: Keep a copy of all documents for your records. Do not send original documentation unless otherwise noted.**

### Other options that may be available

If you do not wish to pursue a loan modification or do not return your documents as requested above, we want you to know about other options to avoid foreclosure, including short sale and deed in lieu of foreclosure.

In a short sale, you list the property for sale at the fair market value and, when the property has sold, your mortgage is paid off with the net proceeds **even if you sell your property for less than you owe on the loan.** In addition, after a successful short sale, we may be able to forgive any outstanding balance.

#### Additional benefits of a short sale include:
- Potential for **financial assistance** upon closing to help with relocation expenses.
- Takes less time to complete than a foreclosure, so your reported delinquency could be shorter than it would with a foreclosure. As a result, your credit may improve sooner than it would if your house were to go into foreclosure.
- Bank of America's guidance on a fair list price to market and list your house.
- Assistance from a licensed real estate agent of your choice throughout the process.

If you are unable to sell the property in a short sale, another option to avoid foreclosure is a deed in lieu of foreclosure. With a deed in lieu, you voluntarily transfer ownership of the property secured by the mortgage loan to us to satisfy the total amount due on the first mortgage.

#### Benefits of a deed in lieu include:
- You may be eligible to receive **financial assistance** upon closing for relocation expenses.
- Allows you to avoid the public auction of your property.
- Generally takes less time to complete than a foreclosure, so your reported delinquency could be shorter than it would with a foreclosure. As a result, your credit may improve sooner than it would if your house were to go into foreclosure.

If keeping your property is not the best option for your situation, contact Short Sale Customer Care at **1.866.880.1232** or your customer relationship manager for more information about a short sale or deed in lieu of foreclosure.

### We are here to help

If you have any questions about our request for documents, want to confirm that we have received your missing information, or are interested in other alternatives to avoid foreclosure please call 1.800.669.6650 Monday - Friday 7 a.m. to 12 a.m. and Saturday 8 a.m. to 6 p.m. Eastern. We want to work with you and urge you to send us your documentation as soon as possible.

You can also seek assistance at no charge from U.S. Department of Housing and Urban Development (HUD)-approved housing counselors by calling the HOPE Hotline Number (1.888.995.HOPE). The HUD-approved counselors can work with you to create a household budget and develop an action plan to help reduce your household debt. Assistance in understanding this notice is available through the HOPE Hotline by asking for MHA HELP.

NEENEV AMIRKHAS ADEH
Home Loan Team
Bank of America, N.A.



Enclosures: (1) Pre-paid envelope (2) Customized Fax Cover Sheet (3) Request for Mortgage Assistance (4) Request for Proof of Hardship Documentation

This communication should not be construed as an attempt to collect a debt or a demand for payment. You are not obligated to enter into a Modification Agreement or other loss mitigation program. You should consult with your bankruptcy attorney or other advisor regarding a modification or other loss mitigation program and how it will affect your legal rights and options.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know that we need additional information in order to complete our review of your request for a loan modification or other loss mitigation assistance.

Mortgages funded and administered by an ⌂ Equal Housing Lender.
♻ Protect your personal information before recycling this document.



## Customized Cover Sheet for your
## Financial Documentation Package

It is important that you include this cover sheet with your FedEx or FAX to help us track your document submission and expedite the handling of your package.

**FedEx:**
If you would like to FedEx your documents back to us, please include this page in the FedEx envelope provided.

**FAX:**
If you would like to FAX your documents back to us, please use this as your FAX cover page.  FAX to: **1.866.270.0620**

| Borrower: | DAVID PAIVA |
|---|---|
| Loan Number: | ▓▓▓▓▓▓ |
| Program Name: | BACADLRPCFDR_▓▓▓▓▓▓▓ |
| OrderID: | ▓▓▓▓▓ |



**Making Home Affordable Program**
**Request For Mortgage Assistance (RMA)**



If you are experiencing a financial hardship and need help, you must complete and submit this form along with other required documentation to be considered for foreclosure prevention options under the Making Home Affordable (MHA) Program. You must provide information about yourself and your intentions to either keep or transition out of your property; a description of the hardship that prevents you from paying your mortgage(s); information about all of your income, expenses and financial assets; whether you have declared bankruptcy; and information about the mortgage(s) on your principal residence and other single family real estate that you own. Finally, you will need to return to your loan servicer (1) this completed, signed and dated Request for Mortgage Assistance (RMA); and (2) completed and signed IRS Form 4506-T or 4506T-EZ; and (3) all required income documentation identified in Section 4.

When you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this RMA is accurate and truthful.

## SECTION 1: BORROWER INFORMATION

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER'S NAME<br>DAVID PAIVA | CO-BORROWER'S NAME |
| SOCIAL SECURITY NUMBER　　　DATE OF BIRTH (MM/DD/YYYY) | SOCIAL SECURITY NUMBER　　　DATE OF BIRTH (MM/DD/YYYY) |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |
| MAILING ADDRESS<br>16r Seymour St  Berkley, MA 02779 1125 | MAILING ADDRESS (IF SAME AS BORROWER, WRITE "SAME") |
| EMAIL ADDRESS | EMAIL ADDRESS |

| | |
|---|---|
| Has any borrower filed for bankruptcy? ☐ Chapter 7 ☐ Chapter 13<br><br>Filing Date: _____  Bankruptcy case number: _____<br><br>Has your bankruptcy been discharged? ☐ Yes ☐ No | Is any borrower a servicemember? ☐ Yes ☐ No<br><br>Have you recently been deployed away from your principal residence or recently received a permanent change of station order? ☐ Yes ☐ No |

How many single family properties other than your principal residence do you and/or any co-borrower(s) own individually, jointly, or with others? _____

Has the mortgage on your principal residence ever had a Home Affordable Modification Program (HAMP) trial period plan or permanent modification? ☐ Yes ☐ No

Has the mortgage on any other property that you or any co-borrower own had a permanent HAMP modification? ☐ Yes ☐ No  If "Yes", how many? _____

Are you or any co-borrower currently in or being considered for a HAMP trial period plan on a property other than your principal residence? ☐ Yes ☐ No

## SECTION 2: HARDSHIP AFFIDAVIT

I (We) am/are requesting review under MHA.
I am having difficulty making my monthly payment because of financial difficulties created by (check all that apply):

| | |
|---|---|
| ☐ My household income has been reduce. For example: reduced pay or hours, decline in business or self-employment earnings, death, disability, or divorce of a borrower or co-borrower. | ☐ My monthly debt payments are exclusive and I am overextended with my creditors. Debt includes credit cards, home equity or other debt. |
| ☐ My expenses have increased. For example: monthly mortgage payment reset, high medical or health care costs, uninsured losses, increased utilities, or property taxes. | ☐ My cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time. |
| ☐ I am unemployed and (a) I am receiving/will receive unemployment benefits or (b) my unemployment benefits ended less than 6 months ago. | Other: |

Explanation (continue on a separate sheet of paper if necessary):

03/30/2012

# SECTION 3: PRINCIPAL RESIDENCE INFORMATION
## (This section is required even if you are not seeking mortgage assistance on your principal residence)

I am requesting mortgage assistance with my principal residence ☐ YES ☐ NO

If "yes" ☐ Keep the property ☐ Sell the property

Property Address: 16r Seymour St Berkley, MA 02779     Loan ID Number: ████████

Other mortgages or liens on the property? ☐ YES ☐ NO   Lien Holder / Servicer Name: _____   Loan ID Number: ████████

Do you have condominium or homeowner association (HOA) fees? ☐ YES ☐ NO   If "Yes", Monthly Fee $_____   Are fees paid current ☐ YES ☐ NO

Name and address that fees are paid to: _____

Does your mortgage payment include taxes and Insurance? ☐ YES ☐ NO   If "NO", are the taxes and insurance paid current? ☐ YES ☐ NO

Annual Homeowner's Insurance $_____

Is the property listed for sale? ☐ YES ☐ NO   If "YES", Listing Agent's Name: _____   Phone Number: _____

List Date? _____   Have you received a purchase offer? ☐ YES ☐ NO   Amount of Offer $_____   Closing Date: _____

---

Complete this section ONLY if you are requesting mortgage assistance with a property that is not your principal residence.

Principal residence servicer name: _____   Principal residence servicer phone number: _____

Is the mortgage on your principal residence paid? ☐ YES ☐ NO   if "NO" number of months your payment is past due (if known) _____

# SECTION 4: COMBINED INCOME AND EXPENSE OF BORROWER AND CO-BORROWER

| Monthly Household Income | | Monthly Household Expense/Debt (*Principal Residence Expense Only) | | Household Assets | |
|---|---|---|---|---|---|
| Monthly Gross wages | $ | First Mortgage Principal & Interest Payment* | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Principal & Interest Payment* | $ | Checking Account(s) | $ |
| Self employment Income | $ | Homeowner's Insurance* | $ | Savings / Money Market | $ |
| Unemployment Income | $ | Property Taxes* | $ | CDs | $ |
| Untaxed Social Security/SSD | $ | HOA/Condo Fees* | $ | Stocks / Bonds | $ |
| Food Stamps/Welfare | $ | Credit Cards/Installment debt (total min. payment) | $ | Other Cash on Hand | $ |
| Taxable Social Security or retirement income | $ | Child Support / Alimony | $ | | |
| Child Support / Alimony** | $ | Car Payments | $ | | $ |
| Tips, commissions, bonus and overtime | $ | Mortgage Payments other properties**** | $ | | $ |
| Gross Rents Received *** | $ | Other | $ | Value of all Real Estate except principal residence | $ |
| Other | $ | | $ | Other | $ |
| Total (Gross income) | $ | Total Debt/Expenses | $ | Total Assets | $ |

** Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt.

*** Include rental income received from all properties you own EXCEPT a property for which you are seeking mortgage assistance in Section 6.

****Include mortgage payments on all properties you own EXCEPT your principal residence and the property for which you are seeking mortgage assistance in Section 6.

03/30/2012

## Required Income Documentation

### (Your servicer may request additional documentation to complete your evaluation for MHA)

| All Borrowers | ☐ Include a signed IRS Form 4506-T or 4506-T-EZ |
|---|---|
| ☐ Do you earn a wage?<br><br>Borrower Hire Date (MM/DD/YY)_____<br>Co-borrower Hire Date (MM/DD/YY)_____ | ☐ For each borrower who is a salaried employee or hourly wage earner, provide the most recent pay stub(s) that reflects at least 30 days of year-to-date income. |
| ☐ Are you self-employed? | ☐ Provide your most recent signed and dated quarterly or year-to-date profit and loss statement. |
| ☐ Do you receive tips, commissions, bonuses, housing allowance or overtime? | ☐ Describe the type of income, how frequently you receive the income and third party documentation describing the income (e.g., employment contracts or printouts documenting tip income). |
| ☐ Do you receive social security, disability, death benefits, pension, public assistance or adoption assistance? | ☐ Provide documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider and receipt of payment (such as two most recent bank statements or deposit advices). |
| ☐ Do you receive alimony, child support, or separation maintenance payments? | ☐ Provide a copy of the divorce decree, separation agreement, or other written legal agreement filed with the court that states the amount of the payments and the period of time that you are entitled to receive them. AND<br><br>☐ Copies of your two most recent bank statements or deposit advices showing you have received payment.<br><br>**Notice:** Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt. |
| ☐ Do you have income from rental properties that are not your principal residence? | ☐ Provide your most recent Federal Tax return with all schedules, including Schedule E.<br><br>☐ If rental income is not reported on Schedule E, provide a copy of the current lease agreement with bank statements showing deposit of rent checks. |

## SECTION 5: OTHER PROPERTIES OWNED
### (You must provide information about all properties that you or the co-borrower own, other than your principal residence and any property described in Section 6 below. Use additional sheets if necessary.)

### Other Property #1

Property Address: _____  Loan I.D. Number: _____

Servicer Name: _____  Mortgage Balance $ _____  Current Value $ _____

Property is: ☐ Vacant  ☐ Second or seasonal home  ☐ Rented   Gross Monthly Rent $ _____   Monthly mortgage payment* $ _____

### Other Property #2

Property Address: _____  Loan I.D. Number: _____

Servicer Name: _____  Mortgage Balance $ _____  Current Value $ _____

Property is: ☐ Vacant  ☐ Second or seasonal home  ☐ Rented   Gross Monthly Rent $ _____   Monthly mortgage payment* $ _____

### Other Property #3

Property Address: _____  Loan I.D. Number: _____

Servicer Name: _____  Mortgage Balance $ _____  Current Value $ _____

Property is: ☐ Vacant  ☐ Second or seasonal home  ☐ Rented   Gross Monthly Rent $ _____   Monthly mortgage payment* $ _____

**\* The amount of the monthly payment made to your lender – including, if applicable, monthly principal, interest, real property taxes and insurance premiums.**

03/30/2012

## SECTION 6: OTHER PROPERTY FOR WHICH ASSISTANCE IS REQUESTED
### (Complete this section ONLY if you are requesting mortgage assistance with a property that is not your principal residence.)

I am requesting mortgage assistance with a rental property. ☐ Yes ☐No

I am requesting mortgage assistance with a second or seasonal home. ☐ Yes ☐ No

If "Yes" to either, I want to: ☐ Keep the property ☐ Sell the property

Property Address: _____ Loan I.D. Number: _____

Do you have a second mortgage on the property ☐ Yes ☐ No If "Yes", Servicer Name: _____ Loan I.D. Number: _____

Do you have condominium or homeowner association (HOA) fees? ☐ Yes ☐ No If "Yes", Monthly Fee $ _____ Are HOA fees paid current? ☐ Yes ☐ No

Name and address that fees are paid to: _____

Does your mortgage payment include taxes and insurance? ☐ Yes ☐ No If "No", are the taxes and insurance paid current? ☐ Yes ☐ No

Annual Homeowner's Insurance $ _____ Annual Property Taxes $ _____

If requesting assistance with a rental property, property is currently: ☐ Vacant and available for rent.

☐ Occupied without rent by your legal dependent, parent or grandparent as their principal residence.

☐ Occupied by a tenant as their principal residence.

☐ Other _____

If rental property is occupied by a tenant: Term of lease / occupancy ___ / ___ / ___ -- ___ / ___ / ___ Gross Monthly Rent $ _____

MM / DD / YYYY    MM / DD / YYYY

If rental property is vacant, describe efforts to rent property: _____

If applicable, describe relationship of and duration of non-rent paying occupant of rental property: _____

Is the property for sale? ☐ Yes ☐ No If "Yes", Listing Agent's Name: _____ Phone Number: _____

List date? _____ Have you received a purchase offer? ☐ Yes ☐ No Amount of offer $ _____ Closing Date: _____

---

## RENTAL PROPERTY CERTIFICATION
### (You must complete this certification if you are requesting a mortgage modification with respect to a rental property.)

☐ By checking this box and initialing below, I am requesting a mortgage modification under MHA with respect to the rental property described in this Section 6 and I hereby certify under penalty of perjury that each of the following statements is true and correct with respect to that property:

1. I intend to rent the property to a tenant or tenants for at least five years following the effective date of my mortgage modification. I understand that the servicer, the U.S. Department of the Treasury, or their respective agents may ask me to provide evidence of my intention to rent the property during such time. I further understand that such evidence must show that I used reasonable efforts to rent the property to a tenant or tenants on a year-round basis, if the property is or becomes vacant during such five-year period.

   Note: The term "reasonable efforts" includes, without limitation, advertising the property for rent in local newspapers, websites or other commonly used forms of written or electronic media, and/or engaging a real estate or other professional to assist in renting the property, in either case, at or below market rent.

2. The property is not my secondary residence and I do not intend to use the property as a secondary residence for at least five years following the effective date of my mortgage modification. I understand that if I do use the property as a secondary residence during such five-year period, my use of the property may be considered to be inconsistent with the certifications I have made herein.

   Note: The term "secondary residence" includes, without limitation, a second home, vacation home or other type of residence that I personally use or occupy on a part-time, seasonal or other basis.

3. I do not own more than five (5) single-family homes (i.e., one-to-four unit properties) (exclusive of my principal residence).

**Notwithstanding the foregoing certifications, I may at any time sell the property, occupy it as my principal residence, or permit my legal dependent, parent or grandparent to occupy it as their principal residence with no rent charged or collected, none of which will be considered to be inconsistent with the certifications made herein.**

This certification is effective on the earlier of the date listed below or the date the RMA is received by your servicer.

Initials: Borrower _____ Co-borrower _____

03/30/2012

# SECTION 7: DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). **You are required to furnish this information.** The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 et seq.), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I/we certify under penalty of perjury that I/we have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction:

      (a) felony larceny, theft, fraud, or forgery,
      (b) money laundering or
      (c) tax evasion.

I/we understand that the servicer, the U.S. Department of the Treasury, or their respective agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law. This certification is effective on the earlier of the date listed below or the date this RMA is received by your servicer.

# SECTION 8: INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. **If you do not wish to furnish the information, please check the box below.**

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|

| | BORROWER | | CO-BORROWER |
|---|---|---|---|
| Ethnicity | ☐ Hispanic or Latino | Ethnicity | ☐ Hispanic or Latino |
| | ☐ Not Hispanic or Latino | | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | Race: | ☐ American Indian or Alaska Native |
| | ☐ Asian | | ☐ Asian |
| | ☐ Black or African American | | ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | | ☐ Native Hawaiian or Other Pacific Islander |
| | ☐ White | | ☐ White |
| Sex: | ☐ Female | Sex: | ☐ Female |
| | ☐ Male | | ☐ Male |

| To be completed by interviewer | Name/Address of Interviewer's Employer |
|---|---|

| This request was taken by: | Interviewer's Name (print or type) & ID Number | |
|---|---|---|
| ☐ Face-to-face Interview | | |
| ☐ Mail | Interviewer's Signature | Date |
| ☐ Telephone | | |
| ☐ Internet | Interviewer's Phone Number (include area code) | |

03/30/2012

1. I certify that all of the information in this RMA is truthful and the hardship(s) identified above has contributed to submission of this request for mortgage relief.

2. I understand and acknowledge that the Servicer, the U.S. Department of the Treasury, the owner or guarantor of my mortgage loan, or their respective agents may investigate the accuracy of my statements, may require me to provide additional supporting documentation and that knowingly submitting false information may violate Federal and other applicable law.

3. I authorize and give permission to the Servicer, the U.S. Department of the Treasury, and their respective agents, to assemble and use a current consumer report on all borrowers obligated on the loan, to investigate each borrower's eligibility for MHA and the accuracy of my statements and any documentation that I provide in connection with my request for assistance. I understand that these consumer reports may include, without limitation, a credit report, and be assembled and used at any point during the application process to assess each borrower's eligibility thereafter.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or if it is determined that any of my statements or any information contained in the documentation that I provide are materially false and that I was ineligible for assistance under MHA, the Servicer, the U.S. Department of the Treasury, or their respective agents may terminate my participation in MHA, including any right to future benefits and incentives that otherwise would have been available under the program, and also may seek other remedies available at law and in equity, such as recouping any benefits or incentives previously received.

5. I certify that any property for which I am requesting assistance is a habitable residential property that is not subject to a condemnation notice.

6. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

7. I understand that the Servicer will use the information I provide to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

8. I am willing to commit to credit counseling if it is determined that my financial hardship is related to excessive debt.

9. If I am eligible for assistance under MHA, and I accept and agree to all terms of an MHA notice, plan, or agreement, I also agree that the terms of this Acknowledgment and Agreement are incorporated into such notice, plan, or agreement by reference as if set forth therein in full. My first timely payment, if required, following my servicer's determination and notification of my eligibility or prequalification for MHA assistance will serve as my acceptance of the terms set forth in the notice, plan, or agreement sent to me.

10. I understand that my Servicer will collect and record personal information that I submit in this RMA and during the evaluation process, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any MHA notice, plan or agreement to the U.S. Department of the Treasury and its agents, Fannie Mae and Freddie Mac in connection with their responsibilities under MHA, companies that perform support services in conjunction with MHA, any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) and to any HUD-certified housing counselor.

11. I consent to being contacted concerning this request for mortgage assistance at any e-mail address or cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

The undersigned certifies under penalty of perjury that all statements in this document are true and correct.

| | | | |
|---|---|---|---|
| Borrower Signature<br>DAVID PAIVA | Social Security Number | Date of Birth | Date |
| Co-borrower Signature | Social Security Number | Date of Birth | Date |

03/30/2012

## HOMEOWNER'S HOTLINE

*If you have questions about this document or the Making Home Affordable Program, please call your servicer.*
*If you have questions about the program that your servicer cannot answer or need further counseling, you can call the*
*Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673).*

*The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.*



## NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy of your property, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to my Servicer in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov and provide them with your name, our name as your servicer, your property address, loan number and the reason for escalation. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

### Beware of Foreclosure Rescue Scams. Help is FREE!

·There is never a fee to get assistance or information about the Making Home Affordable Program from your lender or a HUD-approved housing counselor.

·Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.

·Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.

·Never make your mortgage payments to anyone other than your mortgage company without their approval.



03/30/2012

# Request for Proof of Hardship Documentation

We have reviewed your documentation and we are still missing required documentation that provides evidence of your hardship. We cannot continue our evaluation without this documentation.

Review the Hardships listed below that match the hardship you indicated on the Request for Mortgage Assistance or the Uniform Borrower Assistance Form (Form 710) you previously submitted. <u>Send the required hardship documentation as directed on the cover letter that details which documents are missing or incomplete.</u>

Also, if you have not already done so, please provide the details of your hardship in a ***written explanation*** and provide relevant documentation to support your explanation of the hardship.

| If your Hardship is: | Then, we will need the following documents: |
| --- | --- |
| Unemployment | <ul><li>Termination Notice **or**</li><li>Copy of unemployment compensation check **or**</li><li>Unemployment notice or filing</li></ul> |
| Underemployment | <ul><li>Documentation evidencing job loss **or**</li><li>Pay stubs from previous and new job **or**</li><li>Previous year's tax return</li></ul> |
| Income Reduction (e.g., elimination of overtime, reduction in regular working hours, or a reduction in base pay) | <ul><li>Pay stubs showing previous salary and new salary **or**</li><li>Employer notification</li></ul> |
| Divorce or legal separation; Separation of Borrowers unrelated by marriage, civil union or similar domestic partnership under applicable law | <ul><li>Divorce decree signed by the court **or**</li><li>Separation agreement signed by the court **or**</li><li>Recorded quitclaim deed reflecting that the non-occupying borrower or co-borrower has relinquished all rights to the property.</li></ul> |
| Death of a borrower or death of either the primary or secondary wage earner in the household | <ul><li>Death Certificate **or**</li><li>Obituary or newspaper article reporting the death</li></ul> |
| Long-term or permanent disability; Serious illness of a borrower/co-borrower or dependent family member | <ul><li>Doctor's certificate of illness or disability **or**</li><li>Medical bills **or**</li><li>Proof of monthly insurance benefits or government assistance (if applicable)</li></ul> |
| Disaster (natural or man-made) adversely impacting the property or Borrower's place of employment | <ul><li>Insurance claim **or**</li><li>Federal Emergency Management Agency grant or Small Business Administration loan **or**</li><li>Borrower or Employer property located in federally declared disaster area **or**</li><li>Statement from Employer (if place of employment was affected)</li></ul> |
| Distant employment transfer | <ul><li>Submit the documentation that supports the relocation (copy of the transfer letter, etc.)</li></ul> |
| Business Failure | <ul><li>Tax return from the previous year (including al schedules) **and**</li><li>Proof of business failure supported by one of the following:</li><li>Bankruptcy filing for the business; **or** Two months recent bank statements for the business account evidencing cessation of business activity; **or**</li><li>Most recent signed and dated quarterly **or** year-to-date profit and loss statement</li></ul> |



**Bank of America**

**Home Loans**



TX2-977-01-34
5401 N Beach St
Fort Worth, TX 76137

| | |
|---|---|
| | **Notice Date:** December 13, 2012 |
| David Paiva | **Account No.:** ▮▮▮▮▮ |
| 16r Seymour St | |
| Berkley, MA 02779 | **Property Address:** |
| | 16r Seymour St |
| | Berkley, MA 02779 |

Dear David Paiva:

We have reviewed your request for a home loan modification. Unfortunately, your loan is not eligible for the following reason(s):

- Your loan is not eligible for a modification because we are unable to create an affordable payment without changing the terms of your loan beyond the requirements of the program.

We want to work with you to help you determine what options may be right for your individual situation. We strongly encourage you to consider the options below in order to avoid foreclosure.

**Short Sale** – With this option, you satisfy your mortgage debt by selling your home at fair market value, even if the sale is for less than what you owe on your mortgage.

**Deed in Lieu of Foreclosure** – With this option, you avoid foreclosure on your home and satisfy your mortgage debt by voluntarily transferring ownership of your property to us.

These options have different requirements and guidelines, and not all loans qualify. Benefits of these options could include possible relocation assistance payments for borrowers who qualify and potentially less severe impacts to your credit than with a foreclosure.

**Important information about foreclosure proceedings**

Please contact us as soon as possible to determine if you qualify for one of the options listed above. At this time we are returning your loan to normal collection activity, which could include referral to foreclosure, or a foreclosure sale. **Note that during the 30-day period in which you may contact us and provide information which you believe shows our decision is incorrect, we may begin or resume the foreclosure process and even conduct a foreclosure sale. Do not ignore any legal notices regarding your home.** We may be able to postpone foreclosure proceedings if you contact us and provide us with the information necessary to evaluate you for these other options. However, postponement is not guaranteed and you will need to respond to all notices to protect your legal rights.

Bank of America, N.A. the servicer of your home loan, is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this is not an attempt to collect, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or to enter into a loan modification or other loan assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

MILITARY PERSONNEL/SERVICEMEMBERS: If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant prote... benefits to eligible military service personnel, including protections from foreclosure and interest rate relief. Fo... information and to determine eligibility please contact our Military Assistance Unit toll free at 1-877-430-5434. If ... from outside the U.S. please contact us at 1-817-685-6491.

**EXHIBIT**

L

If you have any questions about the foreclosure process, please call us. If you do not understand the legal consequences of foreclosure, we encourage you to contact an attorney or housing counselor for assistance. Our records show that you are currently in bankruptcy. We know this is a difficult time for you and we want to help. If you would like to be considered for other programs we offer to assist homeowners, you or your attorney may contact us at the telephone number below to explore available options for which you may qualify. Our programs are strictly voluntary, and you have no obligation to respond to this letter or to enter into any of these programs. **We urge you to consult your bankruptcy attorney or other advisor about your legal rights and options and how these programs may affect them.**

We acknowledge that we are prevented by applicable bankruptcy law from imposing personal liability on you for the debt. However, the property that is security for the debt is still subject to possible foreclosure. Please contact us as soon as possible to determine if you may qualify for an option to help you prevent a foreclosure on your home. If you have a foreclosure sale pending, per your investor's guidelines and as permitted by applicable law, we may be able to put a hold on that sale while you are being considered for an option. However, postponement is not guaranteed and you will need to respond to all notices to protect your legal rights. If you have any questions about the foreclosure process, please call us. If you do not understand the legal consequences of foreclosure, or have any questions about the foreclosure process, we encourage you to contact your attorney or housing counselor for assistance.

**We are here to help**
We want to make sure you understand all options available to you. If you would like to discuss your options, or if your situation changes, please call 1.800.669.6650.

You may also seek assistance at no charge from housing counselors, who are approved by the U.S. Department of Housing and Urban Development (HUD), by calling the HOPE Hotline Number at 1.888.995.HOPE. Assistance in understanding this notice is available through the HOPE Hotline.

AnnMarie Fouquette
Office of the CEO and President
Bank of America, N.A.

 **RCS**

12/23/13

DAVID PAIVA
16R SEYMOUR ST
BERKLEY     MA   02779

Re: RCS Loan Number: ▓▓▓▓

Dear DAVID PAIVA:

This letter is in response to your request for a loan modification with Residential Credit Solutions, Inc. (RCS) on the loan referenced above. RCS has reviewed your loan for any available modification options; however, we are unable to offer you a modification at this time for the reason listed below:

You did not provide us the required documents in order to make a decision on the Modification.

You have been determined ineligible for a modification program at this time. If you do not agree with this decision, you have 30 days from the date of this declination letter to provide evidence that the eligibility determination was in error. RCS, however, is reviewing your loan to determine if you may be eligible for other loss mitigation options. These options may include, and are not limited to: Refinance, Forbearance Plan, Short Sale or Deed-in-Lieu.

You can seek assistance at no-charge from HUD-approved housing counselors who can assist you in understanding potential options to avoid foreclosure. Just call the HOPE Hotline at 1-888-995-HOPE (4673).

Your loss mitigation representative Patrick R., will contact you shortly to discuss alternatives to a loan modification. If you believe we have acted on incorrect information or would like to discuss possible loss mitigation alternatives that may be available, please contact your representative at (800) 737-1192. Our Customer Service Representatives are available Monday through Thursday between 7:00 a.m. and 11:00 p.m., Friday between 7:00 a.m. and 9:00 p.m. and Saturday, between 8:00 a.m. and 2:00 p.m., Central Time.

Thank you,
Loss Mitigation
Residential Credit Solutions, Inc.

NOTICE: If you have received a Chapter 7 bankruptcy discharge, Residential Credit Solutions, Inc. recognizes that the discharge relieves you of all personal liability on the loan. This is not an attempt to collect this debt from you personally. We are in no way attempting to revive your personal liability on your obligation. We do retain the right, however, despite the discharge, to enforce our security interest against the property by foreclosing if a default exists.

OL0472

Residential Credit Solutions, Inc. - NMLS No. 1514
P.O. Box 163889, Ft Worth, TX 76161-3889
Website: www.residentialcredit.com
ResponseTeam@ResidentialCredit.com

EXHIBIT

M

tabbies®



NOTICE: The consumer reporting agency contacted that provided information that influenced the decision in whole or in part is Experian. The reporting agency played no part in the decision and is unable to supply specific reasons why your request for a modification was denied. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. Any questions regarding such information should be directed to Experian at the following address: Experian, P.O. Box 2002, Allen, TX 75013 or toll free at 1-888-397-3742. If you have any questions regarding this letter, you should contact us at: Residential Credit Solutions, Inc., P.O. Box 163889, Fort Worth, TX 76161-3889 or toll free at 1-800-737-1192.

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning Residential Credit Solutions, Inc. is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

**Residential Credit Solutions is a debt collector; any information obtained may be used for this purpose.**



12/27/13

1

DAVID PAIVA
16R SEYMOUR ST
BERKLEY          MA 02779

Re: RCS Loan Number: ▓▓▓▓▓▓▓

Dear Customer:

This letter is in response to your request for a loan modification with Residential Credit Solutions, Inc. (RCS) on the loan referenced above.  Unfortunately we are unable to offer you assistance under the Home Affordable Modification Program (HAMP). Your loan did not meet the following eligibility criteria:

You did not provide us the required documents listed in a letter sent to you more than 30 days ago.

You have been determined ineligible for the HAMP program; however, RCS is reviewing your loan to determine if you may be eligible for other loss mitigation options. These options may include, and are not limited to: Refinance, Forbearance Plan, Short Sale or Deed-in-Lieu.

You can seek assistance at no-charge from HUD-approved housing counselors and you can request assistance in understanding the Borrower Notice by asking for MHA HELP. Just call the HOPE Hotline at 888-995-HOPE (4673).

Your loss mitigation representative, PATRICK ROWLES, will contact you shortly to discuss alternatives to a loan modification.  If you believe we have acted on incorrect information or would like to discuss possible loss mitigation alternatives that may be available, please contact your representative at (800) 737-1192. Our Customer Service Representatives are available Monday through Thursday between 7:00 a.m. and 11:00 p.m., Friday between 7:00 a.m. and 9:00 p.m. and Saturday, between 8:00 a.m. and 2:00 p.m., Central Time.

Sincerely,
Loss Mitigation Representative
*Residential Credit Solutions*

NOTICE: If you have received a Chapter 7 bankruptcy discharge, Residential Credit Solutions, Inc. recognizes that the discharge relieves you of all personal liability on the loan. This is not an attempt to collect this debt from you personally. We are in no way attempting to revive your personal liability on your obligation. We do retain the right, however, despite the discharge, to enforce our security interest against the property by foreclosing if a default exists.

**Residential Credit Solutions is a debt collector; any information obtained may be used for this purpose.**

OL0616                      Residential Credit Solutions, Inc. - NMLS No. 1514
                            P.O. Box 163889, Fort Worth, TX 76161-3889
                            Website: www.residentialcredit.com
                            Email:  ResponseTeam@ResidentialCredit.com



**Affidavit Regarding Note Secured by Mortgage to be Foreclosed**
**(For Mortgages which have been Assigned)**

Property Address: 16R Seymour Street, Berkley, Bristol County (Northern District), Massachusetts

RE Mortgage from David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns dated August 25, 2005 recorded in Bristol County (Northern District) Registry of Deeds, Book 15124, Page 187.

Assigned to Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 by assignment dated, recorded/filed as follows:

> Assignment dated February 27, 2009; recorded in Bristol County (Northern District) Registry of Deeds, Book 19321, Page 101.

Foreclosing Mortgagee: **The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1**

The undersigned, _____Alicia Wood_____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1. I am an employee of Residential Credit Solutions, Inc. where I hold the office of
   ___Vice President___.

2. Residential Credit Solutions, Inc. is the loan servicer for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 referenced above, under a Power of Attorney or other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:

   [ ] recorded in _____ (_____) Registry of Deeds
   in Book _____, Page _____

   [X ] recorded herewith

3. In the regular performance of my job duties, I am familiar with the business records maintained by Residential Credit Solutions, Inc. for the purpose of servicing mortgage loans. Such business records are made at or near the time of occurrence of the matters set forth therein by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; are kept by Residential Credit Solutions, Inc. in the course of regularly conducted business activity; and it is the regular practice of Residential Credit Solutions, Inc. to make such records. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Residential Credit Solutions, Inc.'s business records pertaining to the subject loan, which include the Note with any applicable endorsements/allonges, Mortgage, Assignments, and the Notice of Right to Cure the Default. These records are accurate and reliable because they are made at or near the time by, or from information transmitted by, persons with knowledge of the activity and transactions reflected in such records and are kept in the course of regularly conducted business activity. To the extent records related to the loan were created and/or maintained by and thereafter transmitted to Residential Credit Solutions, Inc. by a prior loan servicer or entity involved with said loan, those records have been reviewed by Residential Credit Solutions, Inc. and have been incorporated into and maintained in the ordinary course, and Residential Credit Solutions, Inc. has relied upon those records. It is the regular practice of Residential Credit Solutions, Inc. to make and maintain these records as part of its mortgage servicing obligations and operations.

4. Based upon my review of the business records of Residential Credit Solutions, Inc., pertaining to the loan above, I certify that:

a) [Check One]

   [ ] The requirements of G.L.c. 244, §35B have been complied with.

GUAETTA AND BENSON, LLC
P.O. Box 519
Chelmsford, MA 01824-0519



[ ] G.L.c. 244, §35B is not applicable to the above mortgage.

b) On this date The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 is:

[Check One]

[ ] the holder of the promissory note secured by the above mortgage.

[ ] the authorized agent of the holder of said promissory note for purposes of foreclosing said mortgage on behalf of said note holder

Signed under the penalties of perjury this _____ 4th _____ day of FEB , 20 14

By: Alicia Wood
Title: Vice President

STATE OF _____ TEXAS _____

COUTNY OF TARRANT _____, ss.                                    Feb 4 , 20 14

Then personally appeared the above named _____ Alicia Wood _____, proved to me through satisfactory evidence of identification, which was _____ Personally known to me _____, to be the person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his) / (her) knowledge and belief, as _____ Vice President _____ of Residential Credit Solutions, Inc..

JOSE NIETO
Notary Public, State of Texas
My Commission Expires
October 21, 2015

Notary Public Jose Nieto
My Commission Expires: 21 October 2015

END OF DOCUMENT

# Northern Bristol County Registry of Deeds

# Electronically Recorded Document

This is the first page of the document - Do not remove

## Recording Information

| | |
|---|---|
| Document Number | : 7867 |
| Document Type | : AFFT |
| Recorded Date | : March 13, 2014 |
| Recorded Time | : 03:23:05 PM |
| | |
| Recorded Book and Page | : 21582 / 11 |
| Number of Pages(including cover sheet) | : 3 |
| Receipt Number | : 430190 |
| Recording Fee | : $75.00 |

**Northern Bristol County Registry of Deeds**
**Barry J. Amaral, Register**
**11 Court Street**
**Taunton, MA 02780**
**508-822-0502**
**tauntondeeds.com**



03/17/14

DAVID PAIVA
16R SEYMOUR ST
BERKLEY          MA  02779

Re: RCS Loan Number: ███████

Dear DAVID PAIVA

This letter is in response to your request for a loan modification with Residential Credit Solutions, Inc. (RCS) on the loan referenced above. RCS has reviewed your loan for any available modification options; however, we are unable to offer you a modification at this time for the reason listed below;

You do not have sufficient income to qualify for the Modification.

You have been determined ineligible for the modification program specified above at this time. If you do not agree with this decision, you have 30 days from the date of this declination letter to provide evidence that the eligibility determination was in error. Along with your evidence please include your name, property address, and loan number. Any appeal requests or documentation received after the date specified above may not be considered. A statement of appeal, with evidence, may be sent to us at the address below:

*Residential Credit Solutions, Inc.*
*Error Resolution/Information Request*
*P.O. Box 163889*
*Ft Worth, TX 76161-3889*

If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.

If you elect to appeal, you do not have to make the full mortgage payment amount until resolution of the appeal. If you are deemed eligible for a loan modification Trial Period Plan, we will send you an offer for that Trial Period Plan. In that case, you may choose to make the full mortgage payment amount, including any past due amounts/fees or accept the new Trial Period Plan payment.

If you wait to make payments until after receiving our appeal decision, your loan will become more delinquent. Any unpaid interest and other unpaid amounts will continue to accrue on your mortgage loan during the appeal process, and will be added to the total amount due to bring your loan current.

We understand that our decision may be disappointing news to you and want you to know that you may be eligible for other loss mitigation options. These options may include, and are not limited to: Refinance, Forbearance Plan, Short Sale or Deed-in-Lieu.

OL0775

Residential Credit Solutions, Inc. - NMLS No. 1514
P.O. Box 163229, Ft Worth, TX 76161-3229
Website: www.residentialcredit.com
ResponseTeam@ResidentialCredit.com



EXHIBIT
P



Your loss mitigation representative, Patrick Rowles, will contact you shortly to discuss alternatives to a loan modification. If you believe we have acted on incorrect information or would like to discuss possible loss mitigation alternatives that may be available, please contact your representative at (800) 737-1192. Our Customer Service Representatives are available Monday through Thursday between the hours of 7:00 AM and 11:00 PM, Friday between the hours of 7:00 AM and 9:00 PM, and Saturday between the hours of 8:00 AM and 2:00 PM, Central Standard Time. If you are unable to resolve the issue verbally with our Customer Service Representatives, and you proclaim there is an error on the above-mentioned loan or you have an information request, you may submit an Error Resolution / Information Request to RCS' Customer Relations at P.O. Box 163889, Fort Worth, Texas 76161-3889. As an alternative, you may submit requests via facsimile at (877) 415-5051. Please make sure to include the borrower's name and loan number, along with a clear statement of your request for review.

Additionally, you can seek assistance at no-charge from HUD-approved housing counselors who can assist you in understanding potential options to avoid foreclosure. Just call the HOPE Hotline at 1-888-995-HOPE (4673).

Thank you,
Loss Mitigation
Residential Credit Solutions, Inc.

NOTICE: If you currently are under the protection of a bankruptcy court with respect to this debt (or if the debt has been discharged in bankruptcy and has not been reaffirmed), this letter is for informational purposes only and is not an attempt to collect, recover, or offset the debt and should not be considered to be a demand for payment or a notice of personal liability. Please consult an attorney if you have any questions about your rights under bankruptcy law.

NOTICE: The consumer reporting agency contacted that provided information that influenced the decision in whole or in part is Experian. The reporting agency played no part in the decision and is unable to supply specific reasons why your request for a modification was denied. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. Any questions regarding such information should be directed to Experian at the following address: Experian, P.O. Box 2002, Allen, TX 75013 or toll free at 1-888-397-3742. If you have any questions regarding this letter, you should contact us at: Residential Credit Solutions, Inc., P.O. Box 163889, Fort Worth, TX 76161-3889 or toll free at 1-800-737-1192.

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning Residential Credit Solutions, Inc. is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20006.

NOTICE for North Carolina residents only: **If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website, www.nccob.gov.**

**Residential Credit Solutions is a debt collector; any information obtained may be used for this purpose.**



03/20/14

DAVID PAIVA
16R SEYMOUR ST
BERKLEY      MA  02779

Re: RCS Loan Number 

Dear Customer:

This letter is in response to your request for a loan modification with Residential Credit Solutions, Inc. (RCS) on the loan referenced above.  Unfortunately we are unable to offer you assistance under the Home Affordable Modification Program (HAMP). Your loan did not meet the following eligibility criteria:

In performing our underwriting of a potential modification, we could not reduce your principal and interest payment by at least 10%.

You have been determined ineligible for the modification program specified above at this time.  If you do not agree with this decision, you have 30 days from the date of this declination letter to provide evidence that the eligibility determination was in error. Along with your evidence please include your name, property address, and loan number. Any appeal requests or documentation received after the date specified above may not be considered. A statement of appeal, with evidence, may be sent to us at the address below:

*Residential Credit Solutions, Inc.*
*Error Resolution / Information Request*
*P.O. Box 163889*
*Ft Worth, TX 76161-3889*

If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.

If you elect to appeal, you do not have to make the full mortgage payment amount until resolution of the appeal. If you are deemed eligible for a loan modification Trial Period Plan, we will send you an offer for that Trial Period Plan. In that case, you may choose to make the full mortgage payment amount, including any past due amounts/fees or accept the new Trial Period Plan payment.

If you wait to make payments until after receiving our appeal decision, your loan will become more delinquent. Any unpaid interest and other unpaid amounts will continue to accrue on your mortgage loan during the appeal process, and will be added to the total amount due to bring your loan current.

You can seek assistance at no-charge from HUD-approved housing counselors and you can request assistance in understanding the Borrower Notice by asking for MHA HELP. Just call the HOPE Hotline at 888-995-HOPE (4673).

We    OL0632

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com

EXHIBIT

Q



understand that our decision may be disappointing news to you and want you to know that you may be eligible for other loss mitigation options. These options may include, and are not limited to: Refinance, Forbearance Plan, Short Sale or Deed-in-Lieu.

Your loss mitigation representative, PATRICK ROWLES, will contact you shortly to discuss alternatives to a loan modification. If you believe we have acted on incorrect information or would like to discuss possible loss mitigation alternatives that may be available, please contact your representative at (800) 737-1192. Our Customer Service Representatives are available Monday through Thursday between the hours of 7:00 AM and 11:00 PM, Friday between the hours of 7:00 AM and 9:00 PM, and Saturday between the hours of 8:00 AM and 2:00 PM, Central Standard Time. If you are unable to resolve the issue verbally with our Customer Service Representatives, and you proclaim there is an error on the above-mentioned loan or you have an information request, you may submit an Error Resolution / Information Request to RCS' Customer Relations at P.O. Box 163889, Fort Worth, Texas 76161-3889. As an alternative, you may submit requests via facsimile at (877) 415-5051. Please make sure to include the borrower's name and loan number, along with a clear statement of your request for review.

Sincerely,
Loss Mitigation Representative
Residential Credit Solutions

NOTICE: If you currently are under the protection of a bankruptcy court with respect to this debt (or if the debt has been discharged in bankruptcy and has not been reaffirmed), this letter is for informational purposes only and is not an attempt to collect, recover, or offset the debt and should not be considered to be a demand for payment or a notice of personal liability. Please consult an attorney if you have any questions about your rights under bankruptcy law.

NOTICE: The consumer reporting agency contacted that provided information that influenced the decision in whole or in part is Experian. The reporting agency played no part in the decision and is unable to supply specific reasons why your request for a modification was denied. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. Any questions regarding such information should be directed to Experian at the following address: Experian, P.O. Box 2002, Allen, TX 75013 or toll free at 1-888-397-3742. If you have any questions regarding this letter, you should contact us at: Residential Credit Solutions, Inc., P.O. Box 163889, Fort Worth, TX 76161-3889 or toll free at 1-800-737-1192.

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning Residential Credit Solutions, Inc. is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20006.

NOTICE: For North Carolina residents only, if you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website, www.nccob.gov.

**RCS is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.**

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com



March 21, 2014

DAVID PAIVA
16R SEYMOUR ST
BERKLEY, MA 02779

Re: RCS Loan Number: ▮▮▮▮▮▮▮

Dear Customer:

This letter is in response to your request for a loan modification with Residential Credit Solutions, Inc. (RCS) on the loan referenced above. Unfortunately we are unable to offer you assistance under the Home Affordable Modification Program (HAMP). Your loan did not meet the following eligibility criteria:

We are unable to create a payment equal to 31% of your reported monthly gross income without changing the terms with the program requirements.

To qualify for a HAMP the net present value (NPV) must be calculated using a formula developed by the Department of the Treasury. The NPV calculation requires us to input certain financial information about your income and your loan including the factors listed below. When combined with other data in the Treasury model, these inputs estimate the cash flow the investor (owner) of your loan is likely to receive if the loan is modified and the investor's cash flow if the loan is not modified.

The NPV input values we used in your NPV evaluation are listed in the NPV Data Input Fields and Values chart below. Please note that NPV was not the reason for this non-approval notice, due to this reason, you are not eligible to dispute the NPV Input Values listed below:

## NPV INPUT VALUES

| Input Data Fields | Explanation | Value used in NPV calculation to determine the HAMP eligibility of your mortgage |
|---|---|---|
| **I. Borrower Information** | | |
| 1. Current Borrower Credit Score | This field identifies your credit score as provided by one or more of the three national credit reporting agencies. | 631 |
| 2. Current Co-borrower Credit Score | If a co-borrower is listed on the mortgage, this field identifies the co-borrower's credit score as provided by one or more of the three national credit reporting agencies. | n/a |
| 3. Monthly Gross Income | This field identifies the monthly gross income of all borrowers on your loan before any payroll deductions or taxes. | 3056.87 |
| 4. Principal Residence Total Housing Expense | This field only applies if your application for a HAMP modification is for a property that is not your principal residence. This field identifies the amount of the total monthly housing expense (i.e., principal, interest, taxes, insurance and association fees, if any) for your principal residence, and the principal residence(s) of any co-borrowers. | n/a |
| **II. Property Information** | | |

OL0801

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com



EXHIBIT

R

| | | |
|---|---|---|
| 5. Property – State | This field identifies the two letter state code of the property securing the mortgage for which you are applying for a HAMP modification. | MA |
| 6. Property - Zip Code | This field identifies the zip code of the property securing the mortgage for which you are applying for a HAMP modification. | 02779 |
| 7. Property Value | This field identifies the estimated fair market value of the property for which you are applying for a HAMP modification that was used for this analysis. | 400000.00 |
| 8. Property Valuation Type | This field identifies the method by which the property for which you are applying for a HAMP modification was valued (as noted in Field 6, Property Value)<br><br>1 – Automated Valuation Model (AVM)<br><br>2 – Exterior Broker Price Opinion (BPO)/ Appraisal (as is value)<br><br>3 – Interior BPO / Appraisal (as is value) | 2 |
| 9. Occupancy | This field uses codes to identify the occupancy of the property for which you are applying for a HAMP modification.<br>The servicer will for owner-occupied properties use a code of 1, 3 or 4 and for non-owner-occupied properties will use a code of 2. | 1 |
| 10. Property-Monthly Gross Rental Income | This field only applies if your application for a HAMP modification is for a property that is not your principal residence.<br>This field identifies the monthly gross rental income from the property for which you are applying for a HAMP modification | n/a |
| **III. Mortgage Information** | | |
| 11. Data Collection Date | This field identifies the date on which the Unpaid Principal Balance and other data used in the NPV analysis was collected by us, | 03-14-2014 |
| 12 Imminent Default Flag | This field indicates your default status at the time you asked to be evaluated for HAMP. If you have not missed any payments or less than two payments are due and unpaid by the end of the month in which they are due, you are considered to be in imminent default and the value in this field is "Y". If two or more payments are due and unpaid by the end of the month in which they are due at the time of application, the value in this field is "N". | N |
| 13. Investor Code | This field identifies the owner of the mortgage for which you are applying for a HAMP modification.<br><br>1-Fannie Mae<br><br>2-Freddie Mac<br><br>3-Owned by a private investor other than us, your servicer<br><br>4-Owned by us, your servicer or an affiliated company<br><br>5-Ginnie Mae | 3 |
| 14. Unpaid Principal Balance at Origination | This field identifies the amount of the mortgage for which you are applying for a HAMP modification at the time it was originated (i.e., the amount you borrowed). | 381600 |
| 15. First Payment Date at Origination | This field identifies the date the first payment on the mortgage for which you are applying for a HAMP modification was due after it was originated. | 10-01-2005 |
| 16. Product Before Modification | This field uses codes to identify the type of mortgage you held prior to your most recent application for a HAMP modification:<br><br>1. Adjustable Rate Mortgage (ARM) and/or Interest Only mortgage loan<br><br>2. Fixed Rate<br><br>3. Step Rate<br><br>4. One Step Variable<br><br>5. Two Step Variable<br><br>6. Three Step Variable<br><br>7. Four Step Variable<br><br>8. Five Step Variable<br><br>9. Six Step Variable<br><br>10. Seven Step Variable | 2 |

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com

| NPV INPUT VALUES, CONT. | | |
|---|---|---|
| | 11. Eight Step Variable | |
| | 12. Nine Step Variable | |
| | 13. Ten Step Variable | |
| | 14. Eleven Step Variable | |
| | 15. Twelve Step Variable | |
| | 16. Thirteen Step Variable | |
| | 17. Fourteen Step Variable | |
| 17. Adjustable Rate Mortgage (ARM) Reset Date | This field applies only if the type of mortgage you held prior to your most recent application for a HAMP modification is an Adjustable Rate Mortgage loan. This field identifies the date on which the next Adjustable Rate Mortgage (ARM) reset was due to occur, as of the Data Collection Date (Field 11). | n/a |
| 18. Next Adjustable Rate Mortgage (ARM) Reset Rate | This field identifies the rate at which your mortgage was expected to change based on when the next reset date (Field 14) is scheduled to occur. Please look to your mortgage loan documentation for information on how your mortgage's rate is recalculated at its reset date. If the reset date on your ARM loan is within 120 days of the Data Collection Date, this value in this field is the expected interest rate on your mortgage at the next reset date If the reset date on your ARM loan is more than 120 days from the Data Collection Date, the value in this field is your current interest rate at the time of NPV evaluation. | n/a |
| 19. Unpaid Principal Balance Before Modification | This field identifies the unpaid amount of principal (money you borrowed) on the mortgage for which you are applying for a HAMP modification as of the Data Collection Date. It does not include any unpaid interest or other amounts that you may owe. | 365986.56 |
| 20. Interest Rate Before Modification | This field identifies the interest rate on the mortgage for which you are applying for a HAMP modification as of the Data Collection Date.  Please look to your mortgage loan documentation (including any permanent modification documentation if previously modified) for information on the term of your mortgage. | 5.75000 |
| 21. Remaining Term (# of Payment Months Remaining) | This field identifies the remaining number of months you have left to pay under the original term of your mortgage as of the Data Collection Date. | 258 |
| 22. Principal and Interest Payment Before Modification | This field is the amount of principal and interest you were scheduled to pay each month as of the Data Collection Date. | 2226.91 |
| | A. If your loan had an adjustable rate scheduled to reset within 120 days, this field will reflect the principal and interest payment associated with the new interest rate. | |
| | B. If your loan had an adjustable rate scheduled to reset after 120 days, this field will reflect the current scheduled monthly mortgage payment and the note interest rate in effect at the time of evaluation. | |
| | C. If your mortgage is an Interest Only loan and your loan was in the interest only period, the value in this field is the interest payment that was due each month. | |
| | D. If your mortgage is a negative-amortization loan, the value in this field is the greater of: | |
| | a. the principal and interest payment you sent on the most recent payment date; or | |
| | b. the minimum payment required on your loan. | |
| | If you had a prior HAMP trial period plan or HAMP permanent modification, the value in this field is the HAMP payment. | |
| 23. Monthly Real Estate Taxes | This field identifies the monthly cost of your real estate taxes. If your taxes are paid annually this amount will be 1/12th of the annual cost. | 63.85 |
| 24. Monthly Hazard and Flood Insurance | This field identifies the monthly cost of your hazard and flood insurance coverage. If your insurance is paid annually this amount will be 1/12th of the annual cost. | 675.38 |
| 25. Homeowners Association Dues/Fees | This field identifies your monthly homeowner's or condominium association fee payments, if any, and/or any future monthly escrow shortages. If your homeowner's or condominium association fee payments are paid annually, this will be 1/12th of the annual cost. If your property has no association fee payments and/or any future monthly escrow shortages, this field is blank. | 0.00 |

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com

## NPV INPUT VALUES, CONT.

| | | |
|---|---|---|
| 26. Months Past Due | This field identifies the number of mortgage payments you would have had to make in order to make your mortgage current, as of the Data Collection Date. | 66 |
| 27. Mortgage Insurance Coverage Percent | This field identifies the percentage of private mortgage insurance coverage on the mortgage for which you are applying for a HAMP modification. If you do not have private mortgage insurance this field is blank. | 0 |
| 28. Capitalized UPB Amount | This field identifies the capitalized unpaid principal balance amount that includes all outstanding principal, accrued interest, escrow advances as of the Data Collection Date. | 517396.94 |

## IV. Proposed Modification Information

The fields below describe the proposed HAMP modification that was calculated by your servicer according to the HAMP program guidelines (subject to investor restrictions) that were used in your Net Present Value (NPV) evaluation.

| | | |
|---|---|---|
| 29. NPV Date | This field identifies the initial date that the Net Present Value evaluation was conducted on the mortgage for which you are applying for a HAMP modification. | 03-14-2014 |
| 30. Modification Fees | This field identifies the total amount of costs and fees that would have been paid by the investor (owner) of your loan, if you had been approved for a HAMP modification. It includes expenses such as notary fees, property valuation, credit report and other required fees. | 80.00 |
| 31. Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | This field identifies any mortgage insurance payout amount as part of the proposed HAMP modified mortgage, which is, at the discretion of your mortgage insurance company. This should be zero if you were not approved for a trial period plan or permanent HAMP modification for reason of negative NPV. | 0.00 |
| 32. Unpaid Principal Balance of the Proposed HAMP Tier 1 Modification (Net of Forbearance & Principal Reduction) | This field identifies the beginning principal balance on which you would have been required to pay interest if you had received a HAMP Tier 1 modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Additionally, it may be reduced by proposed principal forbearance (Field 36) or proposed principal forgiveness (Field 37). | 43941.71 |
| 33. Interest Rate of the Proposed HAMP Tier 1 Modification | This field identifies the starting interest rate of the proposed HAMP Tier 1 modified mortgage. This rate is fixed for at least the first 5 years after modification. | 2.00000 |
| 34. Amortization Term of the Proposed HAMP Tier 1 Modification | This field identifies the number of months left to pay the proposed HAMP Tier 1 modified mortgage. | 260 |
| 35. Principal and Interest Payment of the Proposed HAMP Tier 1 Modification | This field identifies the amount of the monthly principal and interest payment on the proposed HAMP Tier 1 modified mortgage. | 208.40 |
| 36. Principal Forbearance Amount of the Proposed HAMP Tier 1 Modification | This field identifies the amount of principal your investor was willing to forbear on the proposed HAMP Tier 1 modified mortgage. You would have still owed this amount, but you would not be charged interest on it and no payments would have been due on this amount until you paid off your loan. | 473455.23 |
| 37. Principal Forgiveness Amount of the Proposed HAMP Tier 1 Modification | This field identifies the amount of principal your investor was willing to forgive under the proposed HAMP Tier 1 modified mortgage. | 0.00 |
| 38. Unpaid Principal Balance of the Proposed HAMP Tier 2 Modification (Net of Forbearance & Principal Reduction) | This field identifies the beginning principal balance (as of the Data Collection Date) on which you would have been required to pay interest if you had received a HAMP Tier 2 modification. It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Additionally, it may be reduced by proposed principal forbearance (Field 43 or the amount calculated by the NPV model under the standard Tier 2 modification) or proposed principal forgiveness (Field 39). | n/a |
| 39. Principal Forgiveness Amount of the Proposed HAMP Tier 2 Modification | This field identifies the amount of principal your investor was willing to forgive under the proposed HAMP Tier 2 modified mortgage. | 0.00 |
| 40. Investor Override for Tier 2 Modification | This field indicates whether the owner of your mortgage provides for different terms than would be provided under the standard HAMP Tier 2 Modification. If not, the value in this field is "N". If there are terms other than standard terms, the value in this field is "Y". | n/a |

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com

## NPV INPUT VALUES, CONT.

| | | |
|---|---|---|
| 41. Interest Rate of the Proposed HAMP Tier 2 Modification | This field only applied if the owner of your mortgage provides for a different interest rate than would be provided under the standard HAMP Tier 2 Modification<br>This field identifies the interest rate of the proposed HAMP Tier 2 modified mortgage. This rate is fixed | n/a |
| 42. Amortization Term of the Proposed HAMP Tier 2 Modification | This field only applied if the owner of your mortgage provides for a different amortization term than would be provided under the standard HAMP Tier 2 Modification<br>This field identifies the number of months left to pay the proposed HAMP modified mortgage. | n/a |
| 43. Principal Forbearance Amount of the Proposed HAMP Tier 2 Modification | This field only applied if the owner of your mortgage provides for a different forbearance amount than would be provided under the standard HAMP Tier 2 Modification<br>This field identifies the amount of principal forborne on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not be charged interest on it and no payments would have been due on this amount until you paid off your loan. | n/a |

## V. NPV Analysis Results

| | | |
|---|---|---|
| 44. Net Present Value (NPV) No Mod | This field identifies the net present value of your mortgage if a modification were NOT to take place. This is calculated using the inputs above to determine the probability the loan will cure itself without a modification and the probability the loan will default without a modification.<br>The present value of each scenario is calculated and weighted by the scenario's probability. The probability of the two "no mod" scenarios are added to calculate the total expected present value of the "no mod" decision | 288340.15 |
| 45. Net Present Value (NPV) Mod | This field identifies the net present value of your mortgage if the proposed modification were to take place. This is calculated using the inputs above to determine the probability the loan will cure with the proposed modification and the probability the loan will default with the proposed modification.<br>The present value of each scenario is calculated and weighted by the scenario's probability. The probability of the two "mod" scenarios are added to calculate the total expected present value of the "mod" decision | 296760.08 |
| 46. Net Present Value (NPV) No Mod of the proposed Tier 2 Modification | This field identifies the net present value of your mortgage if a modification were NOT to take place. This is calculated using the inputs above to determine the probability the loan will cure itself without a modification and the probability the loan will default without a modification.<br>The present value of each scenario is calculated and weighted by the scenario's probability. The probability of the two "no mod" scenarios are added to calculate the total expected present value of the "no mod" decision | n/a |
| 47. Net Present Value (NPV) Mod of the proposed Tier 2 Modification | This field identifies the net present value of your mortgage if the proposed modification were to take place. This is calculated using the inputs above to determine the probability the loan will cure with the proposed modification and the probability the loan will default with the proposed modification.<br>The present value of each scenario is calculated and weighted by the scenario's probability. The probability of the two "mod" scenarios are added to calculate the total expected present value of the "mod" decision | n/a |

You have been determined ineligible for the modification program specified above at this time. If you do not agree with this decision, you have 30 days from the date of this declination letter to provide evidence that the eligibility determination was in error. Along with your evidence please include your name, property address, and loan number. Any appeal requests or documentation received after the date specified above may not be considered. A statement of appeal, with evidence, may be sent to us at the address below:

*Residential Credit Solutions, Inc.*
*Error Resolution / Information Request*
*P.O. Box 163889*
*Ft Worth, TX 76161-3889*

OL0801

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com

If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.

If you elect to appeal, you do not have to make the full mortgage payment amount until resolution of the appeal. If you are deemed eligible for a loan modification Trial Period Plan, we will send you an offer for that Trial Period Plan. In that case, you may choose to make the full mortgage payment amount, including any past due amounts/fees or accept the new Trial Period Plan payment.

If you wait to make payments until after receiving our appeal decision, your loan will become more delinquent. Any unpaid interest and other unpaid amounts will continue to accrue on your mortgage loan during the appeal process, and will be added to the total amount due to bring your loan current.

The consumer reporting agency contacted that provided information that influenced the decision in whole or in part is Experian. The reporting agency played no part in the decision and is unable to supply specific reasons why your request for a modification was denied. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. Any questions regarding such information should be directed to Experian at the following address:  Experian, P.O. Box 2002, Allen, TX 75013 or toll free at 1-888-397-3742. If you have any questions regarding this letter, you should contact us at:  Residential Credit Solutions, Inc., P.O. Box 163889, Fort Worth, TX  76161-3889 or toll free at 1-800-737-1192.

We also obtained your credit score from the consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score:  631

Date:  01-13-2014

Scores range from a low of 330 to a high of 830.

Key factors that adversely affected your credit score:

1. SERIOUS DELINQUENCY, AND PUBLIC RECORD OR COLLECTION FILED
2. DELINQUENCY REPORTED ON ACCOUNTS
3. LENGTH OF TIME (OR UNKNOWN TIME) SINCE ACCOUNT DELINQUENT
4. NUMBER OF ACCOUNTS DELINQUENT

You can seek assistance at no charge from a HUD approved housing counselor and you can request assistance in understanding the Borrower Notice by asking for MHA HELP. Just call the HOPE Hotline at 888-995-HOPE (4673).

We understand that our decision may be disappointing news to you and want you to know that you may be eligible for other loss mitigation options. These options may include, and are not limited to: Refinance, Forbearance Plan, Short Sale or Deed-in-Lieu.

OL0801

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com

Your loss mitigation representative, PATRICK ROWLES, will contact you shortly to discuss alternatives to a loan modification. If you believe we have acted on incorrect information or would like to discuss possible loss mitigation alternatives that may be available, please contact your representative at (800) 737-1192. Our Customer Service Representatives are available Monday through Thursday between the hours of 7:00 AM and 11:00 PM, Friday between the hours of 7:00 AM and 9:00 PM, and Saturday between the hours of 8:00 AM and 2:00 PM, Central Standard Time. If you are unable to resolve the issue verbally with our Customer Service Representatives, and you proclaim there is an error on the above-mentioned loan or you have an information request, you may submit an Error Resolution / Information Request to RCS' Customer Relations at P.O. Box 163889, Fort Worth, Texas 76137. As an alternative, you may submit requests via facsimile at (877) 415-5051. Please make sure to include the borrower's name and loan number, along with a clear statement of your request for review.

Sincerely,
Loss Mitigation Representative
Residential Credit Solutions

NOTICE: If you currently are under the protection of a bankruptcy court with respect to this debt (or if the debt has been discharged in bankruptcy and has not been reaffirmed), this letter is for informational purposes only and is not an attempt to collect, recover, or offset the debt and should not be considered to be a demand for payment or a notice of personal liability. Please consult an attorney if you have any questions about your rights under bankruptcy law.

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning Residential Credit Solutions, Inc. is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20006.

NOTICE: For North Carolina residents only, if you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website, www.nccob.gov.

**RCS is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.**

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163229, Fort Worth, TX 76161-3229
Website: www.residentialcredit.com
Email: ResponseTeam@residentialcredit.com

# MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns dated August 25, 2005 and recorded with the Bristol County (Northern District) Registry of Deeds, in Book 15124, Page 187, as assigned by Assignment of Mortgage dated February 27, 2009 and recorded with Bristol County (Northern District) Registry of Deeds, Book 19321, Page 101, of which mortgage the undersigned is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at **Public Auction at 11:00 AM, on April 15, 2014**, on the premises known as **16R Seymour Street, Berkley, Massachusetts**, the premises described in said mortgage, together with all the rights, easements, and appurtenances thereto, to wit:

The land situated in Berkley, Bristol County, Massachusetts, being Map 16, Lot 33, as shown on plan of land entitled "Plan of Land in Berkley, MA drawn for David & Denise Paiva, Date: May 5, 1999, Scale 1" = 50' Senna Fitzgerald Gilbert Associates, Civil Engineers & Land Surveyors, 28 Main Street, Lakeville, MA", which plan is recorded with Bristol County ND Registry of Deeds in Plan Book 382, Page 32.

Included in this conveyance is the fee in the land shown as "Driveway Easement" on the aforesaid plan, bounded according to said plan as follows:

Beginning at a point in Seymour Street, thence running 90 degrees 00 minutes 00 second 47.12 feet along the arc of a curve have a radius of 30.00'; thence running S. 36 degrees 33 minutes 01 second E. 166.00 feet by land now or formerly of Rarise to a point; thence continuing by land now or formerly of Paiva 66.50 feet to a point; thence turning and running S. 53 degrees 26 minutes 59 seconds W. still by land now or formerly of Paiva 52.93 feet to a point; thence turning and running N. 03 degrees 40 feet 00 seconds W. 23.82 feet still by land now or formerly of Paiva to a point; thence turning and running N. 36 degrees 33 minutes 01 seconds W. 212.50 feet by land now or formerly of Brosnan; thence running 90 degrees 00 seconds 00 minutes 47.12 feet along the arc of a curve having a radius of 30.00' to Seymour Street; thence along said Street N. 53 degrees 26 minutes 59 seconds E. 100.00 feet to the point of beginning.

Being the same premises conveyed to the herein named grantor(s) by deed recorded with the Bristol Registry of Deeds in Book 3490, Page 268.

"The Grantor(s) expressly reserve my/our rights of Homestead and do not wish to terminate my/our Homestead by granting the within conveyance notwithstanding my/our waiver of such homestead in the within mortgage"

Terms of Sale: These premises are being sold subject to any and all unpaid real estate taxes, water rates, municipal charges and assessments, condominium charges, expenses, costs, and assessments, if applicable, federal tax liens, partition wall rights, statutes, regulations, zoning, subdivision control, or other municipal ordinances or bylaws respecting land use,



EXHIBIT

S

configuration, building or approval, or bylaws, statutes or ordinances regarding the presence of lead paint, asbestos or other toxic substances, sanitary codes, housing codes, tenancy, and , to the extent that they are recorded prior to the above mortgage, any easements, rights of way, restrictions, confirmation or other matters of record.

Purchaser shall also bear all state and county deeds excise tax. The deposit of $5,000.00 is to be paid in cash or bank or certified check at the time and place of the sale, with the balance of the purchase price to be paid by bank or certified check within thirty (30) days after the date of the sale, to be deposited in escrow with Guaetta and Benson, LLC, at 229 Billerica Road, Chelmsford, Massachusetts.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of the foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder or, thereafter, to the next highest bidders, providing that said bidder shall deposit with said attorney, the amount of the required deposit as set forth herein within five (5) business days after written notice of the default of the previous highest bidder.

Other terms, if any, are to be announced at the sale.
Present holder of said mortgage

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1
by its Attorneys
Guaetta and Benson, LLC
Peter V. Guaetta, Esquire
P.O. Box 519
Chelmsford, MA 01824
March 21, 2014

*Exhibit "A"*

*Proof of Newspaper Publication*

18R SEYMOUR STREET
LEGAL NOTICE
MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns dated August 25, 2005 and recorded with the Bristol County (Northern District) Registry of Deeds, in Book 15124, Page 167, as assigned by Assignment of Mortgage dated February 27, 2009 and recorded with Bristol County (Northern District) Registry of Deeds, Book 19321, Page 101, of which mortgage the undersigned is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at Public Auction at 11:00 AM, on April 15, 2014, on the premises known as 18R Seymour Street, Berkley, Massachusetts, the premises described in said mortgage, together with all the rights, easements, and appurtenances thereto, to wit:

The land situated in Berkley, Bristol County, Massachusetts, being Map 16, Lot 33, as shown on plan of land entitled "Plan of Land in Berkley, MA drawn for David & Denise Paiva, Date: May 5, 1999, Scale 1" = 50' Senna Fitzgerald Gilbert Associates, Civil Engineers & Land Surveyors, 26 Main Street, Lakeville, MA", which plan is recorded with Bristol County ND Registry of Deeds in Plan Book 352, Page 32.

Included in this conveyance is the fee in the land shown as "Driveway Easement" on the aforesaid plan, bounded according to said plan as follows:

Beginning at a point in Seymour Street, thence running 90 degrees 00 minutes 00 second 47.12 feet along the arc of a curve have a radius of 30.00'; thence running S. 36 degrees 33 minutes 01 second E. 166.00 feet by land now or formerly of Paiva to a point; thence continuing by land now or formerly of Paiva 66.50 feet to a point; thence turning and running S. 53 degrees 26 minutes 50 seconds W. still by land now or formerly of Paiva 52.93 feet to a point; thence turning and running N. 33 degrees 40 feet 00 seconds W. 23.52 feet still by land now or formerly of Paiva to a point; thence turning and running N. 36 degrees 33 minutes 01 seconds W. 212.50 feet by land now or formerly of Brosnan; thence running 90 degrees 00 seconds 00 minutes 47.12 feet along the arc of a curve having a radius of 30.00' to Seymour Street; thence along said Street N. 53 degrees 26 minutes 50 seconds E. 100.00 feet to the point of beginning.

Being the same premises conveyed to the herein named grantor(s) by deed recorded with the Bristol Registry of Deeds in Book 3490, Page 268.

"The Grantor(s) expressly reserve my/our rights of Homestead and do not wish to terminate my/our Homestead by granting the within conveyance notwithstanding my/our waiver of such homestead in the within mortgage".

Terms of Sale: These premises are being sold subject to any and all unpaid real estate taxes, water rates, municipal charges and assessments, condominium charges, expenses, costs, and assessments, if applicable, federal tax liens, partition wall rights, statutes, regulations, zoning, subdivision control, or other municipal ordinances or bylaws respecting land use, configuration, building or approval, or bylaws, statutes or ordinances regarding the presence of lead paint, asbestos or other toxic substances, sanitary codes, housing codes, tenancy, and , to the extent that they are recorded prior to the above mortgage, any easements, rights of way, restrictions, confirmation or other matters of record.

Purchaser shall also bear all state and county deeds excise tax. The deposit of $5,000.00 is to be paid in cash or bank or certified check at the time and place of the sale, with the balance of the purchase price to be paid by bank or certified check within thirty (30) days after the date of the sale, to be deposited in escrow with Guaetta and Benson, LLC, at 229 Billerica Road, Chelmsford, Massachusetts.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of the foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder or, thereafter, to the next highest bidders, providing that said bidder shall deposit with said attorney, the amount of the required deposit as set forth herein within five (5) business days after written notice of the default of the previous highest bidder.

Other terms, if any, are to be announced at the sale.

Present holder of said mortgage

The Bank of New York Mellon fka The Bank of New York
as Trustee for the Certificate Holders
CWALT, Inc. Alternative Loan Trust 2005-46T1, Mortgage
Pass-Through Certificates, Series 2005-46T1
By its Attorneys
Guaetta and Benson, LLC
Peter V. Guaetta, Esquire
P.O. Box 519
Chelmsford, MA 01824
March 20, 2014

AD#13091456
Taunton Gazette 3/25, 4/1, 4/8/14

END OF DOCUMENT

# GUAETTA AND BENSON, LLC
## ATTORNEYS AT LAW

POST OFFICE BOX 519
CHELMSFORD, MASSACHUSETTS 01824
(978) 250-0999
Telecopier (978) 250-0979

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

March 24, 2014

David Paiva
16R Seymour Street
Berkley, MA 02779

RE:  **INTENTION TO FORECLOSE MORTGAGE**

Dear David Paiva:

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.

You are hereby notified, in accordance with Massachusetts General Laws, Chapter 244, Section
14, of our intention, on or after **April 15, 2014 at 11:00 AM**, to foreclose by sale under the power
of sale for breach of condition, and by entry, the mortgage currently held by The Bank of New
York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc.
Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, on
property located at **16R Seymour Street, Berkley, Bristol County (Northern District),
Massachusetts**. Said mortgage was dated August 25, 2005 and is recorded at Bristol County
(Northern District) Registry of Deeds in Book 15124, Page 187, as assigned by Assignment of
Mortgage dated February 27, 2009 and recorded with Bristol County (Northern District) Registry
of Deeds, Book 19321, Page 101.

_____

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders
CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series
2005-48T1
By its Attorneys
Guaetta and Benson, LLC



# GUAETTA AND BENSON, LLC
## ATTORNEYS AT LAW

POST OFFICE BOX 519
CHELMSFORD, MASSACHUSETTS 01824
(978) 250-0999
Telecopier (978) 250-0979

## AFFIDAVIT

I, Sarah T. Fitzpatrick, Esquire, do hereby certify on oath that on March 24, 2014, I mailed by Certified Mail, Return Receipt Requested, the Mortgagee's Sale of Real Estate Notice, a copy of which appears below, to the person(s) at the addresses herein named, which at the time of mailing were the last known addresses of such person(s):

### NOTICE OF INTENTION TO FORECLOSE MORTGAGE PURSUANT TO MASSACHUSETTS GENERAL LAWS, CHAPTER 244, SECTION 14

You are hereby notified, in accordance with the statute, of my intention, on or after **April 15, 2014 at 11:00 AM,** to foreclose by sale under power of sale for breach of conditions, the mortgage held by The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 on real property known and numbered as **16R Seymour Street, Berkley, Bristol County (Northern District), Massachusetts**, dated August 25, 2005 and recorded at the Bristol County (Northern District) Registry of Deeds , Book 15124, Page 187, as assigned by Assignment of Mortgage dated February 27, 2009 and recorded with Bristol County (Northern District) Registry of Deeds, Book 19321, Page 101.

**Mortgagors:**

David Paiva
16R Seymour Street
Berkley, MA 02779

**Lien holders of Record:**

The Bank of New York Mellon f/k/a The Bank of York
as Successor Trustee to JPMorgan Chase Bank,
N.A., as Trustee on behalf of the Certificate Holders
of the CWHEQ, Inc. CWHEQ Revolving Home Eqiuty
Loan Trust, Series 2005-F
c/o BAC, M/C CA6-914-01-43
1800 Tapo Canyon Road
Simi Valley, CA 93063

Bank of America, N.A.
5401 N. Beach Street
Fort Worth, TX 76137

The Bank of New York Mellon fka The
Bank of New York as Trustee for the
Certificate Holders CWALT, Inc.
Alternative Loan Trust 2005-48T1,
Mortgage Pass-Through Certificates,
Series 2005-48T1

By its Attorney

Dated: March 24, 2014

Sarah T. Fitzpatrick, Esquire
Guaetta and Benson, LLC
229 Billerica Road
P.O. Box 519
Chelmsford, Massachusetts, 01824

## COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

March 24, 2014

Now before me, the undersigned notary public, personally appeared Sarah T.
Fitzpatrick, Esquire and being personally known to me to be the person whose name is
signed above, and acknowledged to me that he/she signed it voluntarily for its stated
purposes.

Notary Public, Julie C. Munro
My commission expires: 10-05-2018

# Guaetta and Benson, LLC

## Attorneys At Law

Post Office Box 519
Chelmsford, Massachusetts 01824
(978) 250-0999
Telecopier (978) 250-0979

April 1, 2014

David Paiva
16R Seymour Street
Berkley, MA 02779

RE:  **NOTICE OF POSTPONEMENT OF MORTGAGEE'S SALE OF REAL ESTATE**
Name of Defendant/ Mortgagors: David Paiva
Property Address: 16R Seymour Street, Berkley, Massachusetts

**Dear Mortgagors:**

The purpose of this letter is to advise you that the sale scheduled for April 15, 2014 at 11:00 AM was postponed by public proclamation of the auctioneer. The sale is now scheduled to take place at the property on April 28, 2014 at 12:00 PM.

Very truly yours,

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1
By its Attorneys
Guaetta and Benson, LLC

**PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



EXHIBIT
U



04/14/14

DAVID PAIVA
16R SEYMOUR ST
BERKLEY MA  02779

RE: RCS Loan Number: 2000633148
Property address:  16R SEYMOUR ST
                   BERKLEY      MA 02779

Dear Borrower

The foreclosure sale of the above-referenced property that was scheduled for 04/15/14 has been postponed, continued or otherwise changed to 04/28/14. This delay is not a waiver of the right to foreclose. However, a change in the foreclosure sale date may have been caused by several circumstances, one of which may be to allow sufficient time to review a loan for possible loss mitigation options or foreclosure alternatives.

If you should have any questions and need to speak with someone at RCS, please feel free to contact us at our toll free number at (800) 737 - 1192. Our Customer Service Representatives are available Monday through Thursday between the hours of 7:00 AM and 11:00 PM, Friday between the hours of 7:00 AM and 9:00 PM, and Saturday between the hours of 8:00 AM and 2:00 PM, Central Standard Time. If you are unable to resolve the issue verbally with our Customer Service Representatives, and you proclaim there is an error on the above-mentioned loan or you have an information request, you may submit an Error Resolution / Information Request to RCS' Customer Relations at P.O. Box 163889, Fort Worth, Texas 76161-3889. As an alternative, you may submit requests via facsimile at (877) 415-5051. Please make sure to include the borrower's name and loan number, along with a clear statement of your request for review.

If you currently are under the protection of a bankruptcy court with respect to this debt (or if the debt has been discharged in bankruptcy and has not been reaffirmed), this letter is for informational purposes only and is not an attempt to collect, recover, or offset the debt and should not be considered to be a demand for payment or a notice of personal liability. Please consult an attorney if you have any questions about your rights under bankruptcy law.

Respectfully,
Loss Mitigation
Residential Credit Solutions, Inc.

RCS is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

OL0452



Bk: 21915 Pg: 112 Page: 1 of 5
Doc: FORCL 10/02/2014 01:53 PM
ATTEST: Barry J. Amaral, Register
Bristol County North Registry of Deeds

# FORECLOSURE DEED

**The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1**

a corporation duly established under the laws of New York and having its usual place of business c/o Residential Credit Solutions, Inc. at 4708 Mercantile Drive, Fort Worth, Texas, 76137-3605

the current holder of a mortgage

from David Paiva

to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns

dated August 25, 2005 recorded with Bristol County (Northern District) Registry of Deeds, Book 15124, Page 187

by the power conferred by said mortgage and every other power, for Three Hundred Forty Thousand and 00/100 Dollars ($340,000.00) paid,

Grants to **The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1** c/o Residential Credit Solutions, Inc. at 4708 Mercantile Drive, Fort Worth, Texas, 76137-3605, the premises conveyed by said mortgage known and numbered as:

### 16R Seymour Street, Berkley, Bristol County (Northern District), Massachusetts

WITNESS: the execution and corporate seal of said corporation on _September 25_, 2014.

MASSACHUSETTS EXCISE TAX
Bristol County ND ROD 001
Date: 10/02/2014 01:53 PM
Ctrl# 056558 26312 Doc# 00034289
Fee: $1,550.40 Cons: $340,000.00



RETURN TO

GUAETTA AND
P.O. Bo
Chelmsford, M

EXHIBIT

V

*Property Address: 16R Seymour Street, Berkley, Bristol County (Northern District), Massachusetts*

The Bank of New York Mellon fka The Bank of
New York as Trustee for the Certificate Holders
CWALT, Inc. Alternative Loan Trust 2005-
48T1, Mortgage Pass-Through Certificates,
Series 2005-48T1
By Its Attorney-in-Fact:
Residential Credit Solutions, Inc*

By: ___Therese Pfullmann_____ , its
___Assistant Vice President - Servicing___ (title)

*For authority of Residential Credit Solutions, Inc. on behalf of The Bank of New York Mellon fka The
Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-
48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 see Power of Attorney recorded herewith.

## ACKNOWLEDGMENT

State of _Texas_____
County of ___Tarrant_____

On ___09/ 25 /2014_____ before me, _Rebecca Parlegreco - Document Execution Specialist,_
(Insert name and title of the officer)

Personally appeared_____Therese Pfullmann - Assistant Vice President - Servicing_____
Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of __Texas____ that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature  (Seal)
Rebecca Parlegreco

REBECCA PARLEGRECO
Notary Public, State of Texas
My Commission Expires
June 18, 2018

## *Affidavit of Sale*

I, __Therese Pfullmann__ , __Assistant Vice President - Servicing__ (title) of Residential Credit Solutions, Inc., attorney-in-fact for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, named in the foregoing deed, make oath and say that the principal and interest obligation mentioned in the mortgage above-referenced was not paid or tendered or performed when due or prior to the sale, and that Residential Credit Solutions, Inc., attorney-in-fact for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, published on March 25, 2014, April 1, 2014 and April 8, 2014 in the Taunton Daily Gazette, a newspaper published or by its title page purporting to be published in Berkley, Bristol County (Northern District), and having a circulation therein a notice of which the following is a true copy: (There being no newspaper published in Berkley and the Taunton Daily Gazette having a general circulation in Berkley).

See Exhibit "A" Attached Hereto

I also complied with Chapter 244, Section 14 of the Massachusetts General Laws by mailing the required notices, certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed, April 15, 2014 at 11:00 AM, Residential Credit Solutions, Inc., attorney-in-fact for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, postponed the auction by public proclamation of the auctioneer to April 28, 2014 at 12:00 PM and at that time and place and upon the mortgaged premises Residential Credit Solutions, Inc., attorney-in-fact for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 sold the mortgaged premises at public auction by Daniel P. McLaughlin, a duly licensed auctioneer of Daniel P. McLaughlin & Co., LLC, to **The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1** c/o Residential Credit Solutions, Inc. at 4708 Mercantile Drive, Fort Worth, Texas, 76137-3605 for consideration of Three Hundred Forty Thousand and 00/100 Dollars ($340,000.00) bid by James Peterson, attorney-in-fact for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, being the highest bid at said auction.

Signed under the pains and penalties of perjury, this __25__ day of __September__ , 2014,

GUAETTA AND BENSON, LLC
P.O. Box 519
Chelmsford, MA 01824-0519

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1
By Its Attorney-in-Fact:
Residential Credit Solutions, Inc*



By: ___Therese Pfullmann_____ , its
___Assistant Vice President - Servicing___ (title)

*For authority of Residential Credit Solutions, Inc. on behalf of The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 see Power of Attorney recorded herewith.

**ACKNOWLEDGMENT**

State of ___Texas___
County of _____Tarrant_____

On ___09/ **25**/2014_____ before me, _Rebecca Parlegreco - Document Execution Specialist,_
(Insert name and title of the officer)

Personally appeared_____Therese Pfullmann - Assistant Vice President - Servicing_____
Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ___Texas___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Rebecca Parlegreco_ (Seal)
Rebecca Parlegreco

REBECCA PARLEGRECO
Notary Public, State of Texas
My Commission Expires
June 18, 2018

Exhibit "A"

16R SEYMOUR STREET
**LEGAL NOTICE**
MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns dated August 25, 2005 and recorded with the Bristol County (Northern District) Registry of Deeds, in Book 15124, Page 187, as assigned by Assignment of Mortgage dated February 27, 2009 and recorded with Bristol County (Northern District) Registry of Deeds, Book 19321, Page 101, of which mortgage the undersigned is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at **Public Auction at 11:00 AM, on April 15, 2014**, on the premises known as **16R Seymour Street, Berkley, Massachusetts**, the premises described in said mortgage, together with all the rights, easements, and appurtenances thereto, to wit:

The land situated in Berkley, Bristol County, Massachusetts, being Map 16, Lot 33, as shown on plan of land entitled "Plan of Land in Berkley, MA drawn for David & Denise Paiva, Date: May 5, 1999, Scale 1" = 50' Senna Fitzgerald Gilbert Associates, Civil Engineers & Land Surveyors, 28 Main Street, Lakeville, MA", which plan is recorded with Bristol County ND Registry of Deeds in Plan Book 382, Page 32.

Included in this conveyance is the fee in the land shown as "Driveway Easement" on the aforesaid plan, bounded according to said plan as follows:

Beginning at a point in Seymour Street, thence running 90 degrees 00 minutes 00 second 47.12 feet along the arc of a curve have a radius of 30.00'; thence running S. 36 degrees 33 minutes 01 second E. 166.00 feet by land now or formerly of Rarise to a point; thence continuing by land now or formerly of Paiva 66.50 feet to a point; thence turning and running S. 53 degrees 26 minutes 59 seconds W. still by land now or formerly of Paiva 52.83 feet to a point; thence turning and running N. 03 degrees 40 feet 00 seconds W. 23.82 feet still by land now or formerly of Paiva to a point; thence turning and running N. 36 degrees 33 minutes 01 seconds W. 212.50 feet by land now or formerly of Brosnan; thence running 90 degrees 00 seconds 00 minutes 47.12 feet along the arc of a curve having a radius of 30.00' to Seymour Street; thence along said Street N. 53 degrees 26 minutes 59 seconds E. 100.00 feet to the point of beginning.

Being the same premises conveyed to the herein named grantor(s) by deed recorded with the Bristol Registry of Deeds in Book 3490, Page 268.

"The Grantor(s) expressly reserve my/our rights of Homestead and do not wish to terminate my/our Homestead by granting the within conveyance notwithstanding my/our waiver of such homestead in the within mortgage".

Terms of Sale: These premises are being sold subject to any and all unpaid real estate taxes, water rates, municipal charges and assessments, condominium charges, expenses, costs, and assessments, if applicable, federal tax liens, partition wall rights, statutes, regulations, zoning, subdivision control, or other municipal ordinances or bylaws respecting land use, configuration, building or approval, or bylaws, statutes or ordinances regarding the presence of lead paint, asbestos or other toxic substances, sanitary codes, housing codes, tenancy, and, to the extent that they are recorded prior to the above mortgage, any easements, rights of way, restrictions, confirmation or other matters of record.

Purchaser shall also bear all state and county deeds excise tax. The deposit of $5,000.00 is to be paid in cash or bank or certified check at the time and place of the sale, with the balance of the purchase price to be paid by bank or certified check within thirty (30) days after the date of the sale, to be deposited in escrow with Guaetta and Benson, LLC, at 229 Billerica Road, Chelmsford, Massachusetts.

In the event that the successful bidder at the foreclosure sale, shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of the foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder or, thereafter, to the next highest bidders, providing that said bidder shall deposit with said attorney, the amount of the required deposit as set forth herein within five (5) business days after written notice of the default of the previous highest bidder.

Other terms, if any, are to be announced at the sale.

Present holder of said mortgage

The Bank of New York Mellon fka The Bank of New York
as Trustee for the Certificate Holders
CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage
Pass-Through Certificates, Series 2005-48T1
by its Attorneys,
Guaetta and Benson, LLC
Peter V. Guaetta, Esquire
P.O. Box 519
Chelmsford, MA 01824
March 20, 2014

AD#13091456
Taunton Gazette 3/25, 4/1, 4/8/14

2014 00034285
Bk: 21915 Pg: 105  Page: 1 of 3
Doc: AFFT  10/02/2014 01:53 PM
ATTEST: Barry J. Amaral, Register
Bristol County North Registry of Deeds

## Affidavit Regarding Note Secured by Foreclosed Mortgage

### AFFIDAVIT UNDER G.L. c. 183 Sec. 5B

Property Address:  16R Seymour Street, Berkley, Bristol County (Northern District), Massachusetts

Re: Mortgage from David Paiva to "MERS", Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as nominee for "Lender", Countrywide Home Loans, Inc. and its successors and assigns dated August 25, 2005 recorded in Bristol County (Northern District) Registry of Deeds, Book 15124, Page 187.

Assigned To The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 by assignment(s) dated, recorded/filed as follows:

Assignment dated 02/27/2009; recorded in Bristol County (Northern District) Registry of Deeds, Book 19321, Page 101.

**Foreclosure Sale Date:** April 28, 2014

**Foreclosing Mortgagee:** The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1

The undersigned, _____Melissa Black_____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1. I am an employee of Residential Credit Solutions, Inc. where I hold the office of _____Assistant Vice President_____.

2. Residential Credit Solutions, Inc. is the loan servicer for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 referenced above, under a Power of Attorney or other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:

   [ ] recorded in _____ (_____) Registry of Deeds
   in Book _____, Page _____

   [ x ] recorded herewith

3. In the regular performance of my job duties, I am familiar with the business records maintained by Residential Credit Solutions, Inc. for the purpose of servicing mortgage loans. Such business records are made at or near the time of occurrence of the matters set forth therein by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; are kept by Residential Credit Solutions, Inc. in the course of regularly conducted business activity; and it is the regular practice of Residential Credit Solutions, Inc. to make such records.  I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Residential Credit Solutions, Inc.'s business records pertaining to the subject loan, which include the Note with any applicable indorsements/allonges, Mortgage, Assignments, Notice of Right to Cure the Default and, if applicable, Notice of Right to Modified Mortgage Loan. These records are accurate and reliable because they are made at or near the time by, or from information transmitted by, persons with knowledge of the activity and transactions reflected in such records and are kept in the course of regularly conducted business activity. To the extent records related to the loan were created and/or maintained by and thereafter transmitted to Residential Credit Solutions, Inc. by a prior loan servicer or entity involved with said loan, those records have been reviewed by Residential Credit Solutions, Inc. and have been incorporated into and maintained in the ordinary course, and Residential Credit Solutions, Inc. has relied upon those records.  It is the regular practice of Residential Credit Solutions, Inc. to make and maintain these records as part of its mortgage servicing obligations and operations.

Property Address:  16R Seymour Street, Berkley, Bristol County (Northern District), Massachusetts

RETURN

GUAETTA AND BENSON, LLC
P.O. Box 519
Chelmsford, MA 01824-0519



EXHIBIT

W

4. Based upon my review of the business records of Residential Credit Solutions, Inc., I certify that as of March 4, 2014 and at the time of first publication and as of the date notices of foreclosure sale pursuant to statute were initially sent to borrower(s), and at all times continuing through to the foreclosure sale date, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 is:

[✓] the holder of the promissory note secured by the above mortgage.

[ ] the authorized agent of the holder of said promissory note for purposes of foreclosing said mortgage on behalf of said noteholder.

Signed under the penalties of perjury this 15th day of August , 20 14

_Melissa Black_
[Name] Melissa Black
[Title] Assistant Vice PResident

STATE OF _____Texas_____

Tarrant , ss.                                         August 15th 2014

Then personally appeared the above named ___Melissa Black___ , proved to me through satisfactory evidence of identification, which was _N/A - personally known_ , to be the person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his) (her) knowledge and belief, as Assistant Vice President (Title) of Residential Credit Solutions, Inc. as aforesaid.

SAVANNAH MCBRIDE
Notary Public, State of Texas
My Commission Expires
April 14, 2018

Notary Public  Savannah McBride
My Commission Expires: 04/14/2018

# CERTIFICATE

I, Sarah T. Fitzpatrick, hereby certify that I am an attorney at law with offices at Guaetta and Benson, LLC, and that the facts stated in the foregoing affidavit are relevant to the title to the premises therein described and will be of benefit and assistance in clarifying the chain of title thereto.

_____
Sarah T. Fitzpatrick

*Comments*

See: Eaton v. Federal National Mortgage Association, 462 Mass. 569 (2012) and REBA Title Standard No. 79.
See: G.L. c. 244, §35C (Effective November 1, 2012)



PHILLIP A. NORMAN, ESQ.
Admitted in IN

CHAD MORRONE, ESQ.
Admitted in MA

GREGG DREILINGER, ESQ.
Admitted in FL

GARY MARINOSCI, ESQ.
Admitted in RI & MA

BRIAN M. KISER, ESQ.
Admitted in RI & MA

ROBERT COLEMAN, ESQ.
Admitted in AR & TN

CHRISTOPHER BAXTER, ESQ.
Admitted in AR & TX

ANDREA N. COFFEE, ESQ.
Admitted in NH, MA & NC

LARRY M. GARFINKEL, ESQ.
Admitted in CT

ᑫI 7Iᑫᑫ ᑫᑫᑫI 7033 Iᑫᑫ0 0787

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**AND REGULAR MAIL**

## NOTICE TO VACATE

TO:     David Paiva

ADDRESS:     16R Seymour Street, Berkley, MA 02779

The above-referenced real property ("Property") was sold at a foreclosure sale pursuant to Mass General Laws c.244 §14 under a power of sale contained in a deed of trust securing said Property, and title under the sale has been duly perfected. The new owner, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, seeks to recover possession of the Property in good faith to market and sell the Property.

Within **seventy-two (72) hours** after service of this notice, you are hereby required to vacate and deliver possession of the Property now held and occupied by you to the undersigned <u>unless</u> you are a tenant or subtenant who rented the Property before the foreclosure sale.

If you claim to be a tenant or subtenant, within three days after service of this notice, please notify the undersigned in writing of your tenancy and provide the undersigned with the following information: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement, please provide a written explanation of the terms of the agreement under which you occupy the Property, including without limitation, the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of monthly rent, the utilities paid by the landlord (if any), the amount of your security deposit (if any), and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) a list of any conditions at the Property that require repair; and (d) whether you are the child, spouse, or parent of the mortgagor.

---

275 West Natick Road, Suite 500, Warwick, RI 02886
100 West Cypress Creek Road Suite 1045, Fort Lauderdale, Florida 33309

Phone (401) 234-9200 Facsi...
Phone: (954)-644-8704 Fac...



EXHIBIT

X

This notice is intended as a notice to quit pursuant to Massachusetts General Law Chapter 239, Section 8A. This notice is also intended as a notice of termination/non-renewal of tenancy as to any tenancies that survived the foreclosure sale.

If you are an active member of the United States Armed Forces, you may be entitled to rights as provided in the Servicemembers Civil Relief Act. In such case, you or your attorney should contact this law firm immediately to determine if you fall under the protection of the Act.

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, By its Attorney,

DATED: October 8, 2014

Brian M. Kiser, Esq.
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Telephone: (401) 234-9200
Facsimile: (401) 398-2594

For information regarding this notice, please call (401) 234-9200.

275 West Natick Road, Suite 500, Warwick, RI 02886
100 West Cypress Creek Road Suite 1045, Fort Lauderdale, Florida 33309

Phone (401) 234-9200 Facsimile (401) 398-2594
Phone: (954)-644-8704 Facsimile (954) 333-3854

The Bank of New York Mellon v. David Paiva

## RETURN OF SERVICE

I did this date October 9, 2014; serve a true attested copy of the following:

- Notice To Vacate;

By leaving at the last and usual place of abode by posting, and by sliding under door. Said service was made at:

16R Seymour Street, Berkley, MA. 02779

And on the same date, I did mail by first class postage a second true attested copy to:

David Paiva
16R Seymour Street
Berkley, MA. 02779

Signed under the pains and penalties of perjury this 9th day of October, 2014

Matthew Pauliks,
Constable/Disinterested Person

Commonwealth of Massachusetts
# SUMMARY PROCESS (EVICTION) SUMMONS AND COMPLAINT

<u>HOUSING</u>_____ Department

☒X Residential     Docket No._____
<u>SOUTHEASTERN</u>_____ Division                    (To be added by clerk's office)

<u>PLYMOUTH/BRISTOL</u>, ss            Entry Date: 11/03/2014

## NOTICE OF A COURT CASE TO EVICT YOU - PLEASE READ IT CAREFULLY
## ESTA ES UNA NOTIFICACION DE UN CASO EN CORTE PARA DESALOJARLE - FAVOR DE LEER EL MISMO CON CUIDADO

TO DEFENDANT(S)/TENANT(S)/OCCUPANT(S): David Paiva

ADDRESS: 16R Seymour Street _____ CITY/TOWN: Berkley _____ ZIP: 02779

You are hereby summonsed to appear at a hearing before a Judge of the Court at the time and place listed below:

DAY: Tuesday ___ DATE: 11/18/2014 ___ TIME: 8:30am ___ COURT NAME: Southeast Housing @ Taunton DC

COURT ADDRESS: 40 Broadway, Suite 1306 Taunton, MA 02780 _____ ROOM: inquire within

to defend against the complaint of PLAINTIFF/LANDLORD/OWNER: The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 _____ of

STREET 275 West Natick Road, STE 500 CITY/TOWN: Warwick, RI _____ ZIP: 02886

that you occupy the premises at 16R Seymour Street, Berkley, MA 02779

being within the judicial district of this court, unlawfully and against the right of said Plaintiff/Landlord/Owner

because: You continue to occupy the subject premises beyond the time allowed in the Notice to Vacate.

and further, that $ * ~~rent~~ *use and occupancy* rent is owed according to the following account:

WITNESS _____

First or Chief Justice

Brian M. Kiser, Esq. BBO# 673022
Marinosci Law Group, PC
Printed Name of Plaintiff or Attorney

Signature of Plaintiff or Attorney

10/20/14
Date of Signature of Plaintiff or Attorney

### ACCOUNT ANNEXED (itemize)
*To be determined at hearing.

_____
_____
_____

275 West Natick Road, STE 500
Warwick, RI 02886
Address of Plaintiff or Attorney
(401) 234-9200
Telephone Number of Plaintiff or Attorney

---

**NOTICE TO EACH DEFENDANT/TENANT/OCCUPANT:** At the hearing on 11/18/2014 you (or your attorney) must appear in person to present your defense. You (or your attorney) must also file a written answer to this complaint. An answer is your response stating the reason(s) why you should not be evicted and may, in residential cases, include any claims you have against the Landlord. (An Answer Form is available in the clerk's office whose telephone number is Fall River 508-677-1505, New Bedford 508-994-0156, Taunton 508-977-4950, Brockton 508-894-4170 or Plymouth 508-747-8550) You must file (deliver or mail) the answer with the court clerk and serve (deliver or mail) a copy on the landlord (or landlord's attorney) at the address shown above. **The Answer must be received by the court clerk and received by the landlord (or the landlord's attorney) no later than Monday, 11/10/2014 _____, which is the first Monday after the "entry date" listed above. The entry date is the day by which your landlord must file this compl[  ] clerk.**

EXHIBIT
Y
tabbies

**NOTICE TO EACH DEFENDANT/TENANT/OCCUPANT: IF YOU DO NOT FILE AND SERVE AN ANSWER, OR IF YOU DO NOT DEFEND AT THE TIME OF THE HEARING, JUDGMENT MAY BE ENTERED AGAINST YOU FOR POSSESSION AND THE RENT AS REQUESTED IN THE COMPLAINT.**
SI USTED NO REGISTRA O NOTIFICA UNA CONTESTA, O SI USTED NO PRESENTA UNA DEFENSA A LA HORA DE LA AUDIENCIA, UNA SENTENCIA PUEDE SER REGISTRADA EN SU CONTRA PARA POSECCION Y POR LA RENTA REQUERIDA EN EL RECLAMO.

To the Sheriffs of our several counties, or their Deputies, or any Constable of any City or Town within said Commonwealth, GREETINGS: We command you to summon the within named defendant(s)/-tenant(s)/occupant(s) to appear as herein ordered.

_Mark Jeffries_
Clerk-Magistrate

### Officer's Return

_Bristol_ , ss     City/Town: _BEAKLEY_     Date: _10/24/14_

By virtue of this Writ, I this day served the within-named tenant or occupant, and summonsed him/her as herein directed, by giving in hand to _Duos Picia_

~~or leaving it at~~ _16 R Seymour Street, BEakley MA_

~~the last and usual place of abode. A copy of this summons was mailed first~~
~~class to each tenant/occupant at the~~
address on: _____

Fees for Service:

_[Signature]_
Signature of Officer

| | |
|---|---|
| Service | $ _65-_ |
| Copy/Attest | |
| Travel | |
| Use of Car | |
| Mailing | |
| TOTAL | $ _65-_ |

_Matthew Perkins special process server_
Printed Name of Officer

P.O. Box 339
Address of Officer Weymouth, MA 02188
(781) 344-0411

Telephone Number of Officer

The hearing dates in the Housing Court will be as follows:
**ALL FALL RIVER SUMMARY PROCESS CASES** are scheduled at 289 Rock Street, Fall River, MA on Thursday at 8:30 a.m.
**ALL NEW BEDFORD SUMMARY PROCESS CASES** are scheduled at 139 Hathaway Road, New Bedford, MA on Friday at 8:30 a.m.
**ALL TAUNTON SUMMARY PROCESS CASES** are scheduled at 40 Broadway Street, Taunton, MA on Tuesday at 8:30 a.m.
**ALL BROCKTON SUMMARY PROCESS CASES** are scheduled at 215 Main Street, Brockton, MA on Wednesday at 8:30 a.m.
**ALL PLYMOUTH SUMMARY PROCESS CASES** are scheduled at 52 Obery Street, Plymouth, MA on Monday at 8:30 a.m.

**NOTICE TO PLAINTIFF/LANDLORD/OWNER:**
Have the Officer complete and return above. Service must be made on the defendant(s) no later than the seventh day and not earlier than the thirtieth day before the Monday entry date. This form must be filed in court no later than the close of business on the scheduled Monday entry date. In appropriate cases, proper evidence of notice to quit must be provided to this court upon the filing of this complaint. See Uniform Summary Process Rule 2(c), the hearing date is the second Thursday after the entry date. According to Uniform Summary Process Rule 2(d). In some courts, the hearing date is the second Monday, third Tuesday, third Wednesday, or second Friday.

Amended effective: 09/01/05

*Commonwealth of Massachusetts*

THE TRIAL COURT

SUMMARY PROCESS ANSWER

...... 11/18/2014 ......
(trial date)

(select county)
Plymouth / Bristol , ss:

HOUSING COURT DEPARTMENT
(select court)
Southeastern Housing @ Taunton DC DIVISION
SUMMARY PROCESS ACTION
DOCKET NO. / / / - / / / / / /

The Bank of New York Mellon / Trust
for Certificate Holders CWALT, Inc, Alternative Loan Trust
2005-48T1 Mortgage Pass-Through Certificates,

Plaintiff(s) - Landlord(s)

*versus*

...... David Paiva ......

Defendant(s) - Tenant(s)

**INSTRUCTIONS TO DEFENDANT (TENANT) - PLEASE READ CAREFULLY:**

Listed below for you to check and fill in as applicable are possible defenses you might have to the Plaintiff's (Landlord's) Complaint which has been served on you. (A defense is a legal reason for not evicting you.) If one or more of these defenses apply to your case, check the appropriate box(es). If you check a defense which has blank lines after it, you must write in facts in support of that defense. Use additional pages if necessary.

In addition, space is provided for you to counterclaim against your landlord if you wish to do so. (A counterclaim means asking that the amount of rent you owe be reduced or that your landlord pay you money because he or she has violated your rights.) If you wish to counterclaim, fill in the appropriate blank lines. Use additional pages if necessary, and please be as specific as possible.

You should be aware that there may be possible defenses and counterclaim which are not listed below, and that some are rather technical in nature. You are permitted to fill out and file this answer, and to appear in court without a lawyer, but if you can a wish to, you should obtain the services of a lawyer for advice and/or representation in court.

YOU MUST FILE THIS ANSWER OF ANOTHER LEGALLY SUFFICIENT ANSWER, WITH THE CLERK AND SEND A COPY TO THE PLAINTIFF OR PLAINTIFFS ATTORNEY TO BE RECEIVED NO LATHER THAN THE MONDAY BEFORE THE DATE SCHEDULED FOR TRIAL, AS INDICATED ON THE SUMMONS, OR YOU MAY LOSE BY DEFAULT. YOU MUST ALSO BE IN COURT FOR TRIAL OR YOU WILL LOSE BY DEFAULT.

-2-

EXHIBIT
Z

## ANSWER TO COMPLAINT
### (Please type or print)

☐ I specifically deny the following facts stated in the Complaint: ................................................
.......................................................................................................................................
.......................................................................................................................................

☐ I am legally withholding my rent because: ...........................................................................
.......................................................................................................................................
.......................................................................................................................................

☐ The landlord is trying to evict me for my exercising my rights as follows: ................................
.......................................................................................................................................

☐ I have a written lease which has not expired and the landlord has not given me notice that he/she is terminating my lease.

☐ I have not received a notice from the landlord telling me to leave the premises, and I do not have a written lease.

☐ If I have ever owed the landlord any rent, I have paid it all or have paid it within the time required by law.

☐ I was not properly notified of this court action: ..................................................................
.......................................................................................................................................

☐ The landlord's Complaint fails to state facts which would allow him/her to evict me: ................
.......................................................................................................................................

☐ There is another person against whom this action should be brought: .....................................
.......................................................................................................................................

☐ I have not been properly named in the Complaint: ..............................................................

☐ There is another Summary Process action pending against me.

☐ I am a tenant in a public housing program and my landlord did not get the required permission before beginning this eviction case.

☑ I have other defenses as follows: A sale date was allowed on my property several days after accepting and receiving my new financial package, only to use the income and statements from an application sent in February. ( Please See ADD. DEFENSE)

**IMPORTANT:** In some cases, the Court has the power to give you time to find a new place to live even if you do not have any of the listed defenses. If you wish the Court to determine whether you are entitled to it, please check below:

☑ I wish time to move because I cannot find another residence.

*IN THE EVENT THE COURT DOES NOT FIND IN MY FAVOR AND MY family must move.*

## COUNTERCLAIM

If you believe that you are entitled to a return of part of your rent payment or other damages from the landlord, complete the statement below:

I here by counterclaim in the amount of $ *Forbearance Reduction*. I feel that I am entitled to this amount for the following reasons:

*Due to the following facts: I had asked and pleaded with Country Wide (former lender) a year in advance before falling behind. In addition the selling transferring of my loan 3 times during this process, thereby increasing my debit and forcing me further into forbearance.*

*David Paiva*
(Name of Defendant(s) or Attorney)

*16 R Seymour St.*
(Address)

*Berkley MA 02779*

*David Paiva*
(Signature of Defendant(s) or Attorney)

Summary Process Form 2 (Answer)

# 1473CV01200 Paiva, David vs. The Bank of New York Mellon

| | | | | |
|---|---|---|---|---|
| Case Type | Torts | Case Status | Open | |
| Status Date: | 12/03/2014 | File Date | 12/03/2014 | |
| Case Judge: | | DCM Track: | F - Fast Track | |
| Next Event: | | | | |

All Information | Party | Tickler | Docket | Disposition

## Party Information

**Paiva, David - Plaintiff**

| Alias | | Attorney/Bar Code | Phone Number |
|---|---|---|---|
| | | Cronin, Esq., Sean (692257) | |
| | | Culik, Esq., Josef C (672665) | |

**The Bank of New York Mellon - Defendant**

More Party Information

| Alias | | Attorney/Bar Code | Phone Number |
|---|---|---|---|
| | | Doonan, Esq., John A (547838) | |
| FKA | The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass - Through Certificates, Series 2005-48T1 | Linehan, Esq., Brian (690437) | |
| | | Longoria, Esq., Reneau Jean (635118) | |
| | | Marsille, Esq., Michael Paul (674670) | |
| | | Valente, Esq., Stephen Michael (663118) | |

More Party Information

## Ticklers

| Tickler | Start Date | Days Due | Due Date | Completed Date |
|---|---|---|---|---|
| Service | 12/03/2014 | 90 | 03/03/2015 | 12/22/2014 |
| Answer | 12/03/2014 | 120 | 04/02/2015 | 12/22/2014 |
| Rule 12/19/20 Served By | 12/03/2014 | 120 | 04/02/2015 | 12/22/2014 |
| Rule 12/19/20 Filed By | 12/03/2014 | 152 | 05/04/2015 | 12/22/2014 |
| Rule 12/19/20 Heard By | 12/03/2014 | 180 | 06/01/2015 | 12/22/2014 |
| Rule 15 Served By | 12/03/2014 | 120 | 04/02/2015 | 12/22/2014 |
| Rule 15 Filed By | 12/03/2014 | 152 | 05/04/2015 | 12/22/2014 |
| Rule 15 Heard By | 12/03/2014 | 180 | 06/01/2015 | 12/22/2014 |
| Discovery | 12/03/2014 | 300 | 09/29/2015 | 12/22/2014 |
| Rule 56 Served By | 12/03/2014 | 330 | 10/29/2015 | 12/22/2014 |
| Rule 56 Filed By | 12/03/2014 | 362 | 11/30/2015 | 12/22/2014 |
| Final Pre-Trial Conference | 12/03/2014 | 481 | 03/28/2016 | 12/22/2014 |
| Judgment | 12/03/2014 | 730 | 12/02/2016 | 12/22/2014 |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 12/03/2014 | Original civil complaint filed. | 1 |
| 12/03/2014 | Civil action cover sheet filed. | 2 |
| 12/03/2014 | Demand for jury trial entered. | |
| 12/03/2014 | Appearance entered<br>On this date Wed Dec 03 00:00:00 EST 2014 Culik, Esq., Josef C added for Paiva, David | |
| 12/03/2014 | Case assigned to:<br>DCM Track FST was added on 12/03/2014 with the following milestones:<br>Service Due 03/03/2015<br>Answer Due 04/02/2015<br>Rule 12/19/20 Served By Due 04/02/2015<br>Rule 12/19/20 Filed By Due 05/04/2015<br>Rule 12/19/20 Heard By Due 06/01/2015<br>Rule 15 Served By Due 04/02/2015<br>Rule 15 Filed By Due 05/04/2015<br>Rule 15 Heard By Due 06/01/2015<br>Discovery Due 09/29/2015<br>Rule 56 Served By Due 10/29/2015<br>Rule 56 Filed By Due 11/30/2015<br>Final Pre-Trial Conference Due 03/28/2016<br>Judgment Due 12/02/2016 | |
| 12/10/2014 | Plaintiff(s) David Paiva's EMERGENCY Motion for a Memorandum of Lis Pendens with Certificate of Service | 3 |
| 12/15/2014 | Endorsement on Motion for Plaintiff's emergency motion for lis pendens (#3.0): DENIED<br>After review, neither the verified complaint nor this motion provide this Court with the certification and facts necessary to the findings required by MGL Chapter 184 Section 15(b). Accordingly, this motion, as an ex parte matter, is DENIED.<br><br>Applies To: Culik, Esq., Josef C (Attorney) on behalf of Paiva, David (Plaintiff) | |

EXHIBIT

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 12/15/2014 | Affidavit of Service pursuant to G.L. c. 223A, s. 6 | 4 |
| | Applies To: Culik, Esq., Josef C (Attorney) on behalf of Paiva, David (Plaintiff) | |
| 12/19/2014 | Appearance entered | |
| | On this date Sean Cronin, Esq. added as Private Counsel for Plaintiff David Paiva | |
| 12/19/2014 | Appearance entered | |
| | On this date Brian Linehan, Esq. added as Private Counsel for Defendant The Bank of New York Mellon | |
| 12/19/2014 | Appearance entered | |
| | On this date Reneau Jean Longoria, Esq. added as Private Counsel for Defendant The Bank of New York Mellon | |
| 12/19/2014 | Appearance entered | |
| | On this date Stephen Michael Valente, Esq. added as Private Counsel for Defendant The Bank of New York Mellon | |
| 12/19/2014 | Appearance entered | |
| | On this date Michael Paul Marsille, Esq. added as Private Counsel for Defendant The Bank of New York Mellon | |
| 12/19/2014 | Appearance entered | |
| | On this date John A Doonan, Esq. added as Private Counsel for Defendant The Bank of New York Mellon | |
| 12/19/2014 | Notice of Removal to the United States District Court filed by | 5 |
| | Applies To: The Bank of New York Mellon (Defendant) | |
| 12/22/2014 | Case transferred to another court. | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Transferred to another Court | 12/22/2014 | |



SHAPIRO
DORRY
MASTERSON
Attorneys at Law

Victor Shapiro
vshapiro@sdmlawgroup.com
Admitted in MA, RI, CT, ME, NH, VT

William A. Dorry
wdorry@sdmlawgroup.com
Admitted in MA, RI

Shawn M. Masterson
smasterson@sdmlawgroup.com
Admitted in MA, CT, NH, U.S. District Court of VT

January 6, 2015

Summary Process Clerk
Southeast Housing Court
40 Broadway
Taunton, MA 02780

      RE:  The Bank of New York v. David Paiva
      Docket No.: 14H83SP05085TA

Dear Sir/Madam,

Enclosed please find the parties Stipulation of Dismissal. Please docket and file accordingly.

Thank you for your time and attention to this matter.

Sincerely,

Shawn M. Masterson, Esq.

cc: Sean Cronin, Esq.


EXHIBIT
AB

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SOUTHEAST HOUSING COURT
TAUNTON SESSION
Docket No.: 14H83SP05085TA

THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATE HOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST 2005-48T1, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2005-48T1
PLAINTIFF

V.

DAVID PAIVA
DEFENDANT

## STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1)(ii) of the Massachusetts Rules of Civil Procedure, the Plaintiff,

The Bank of New York Mellon and the Defendant, David Paiva, hereby stipulate to the dismissal

of the above-captioned action without prejudice, and all claims therein.

Respectfully submitted,

David Paiva
By his attorneys,

Josef C. Culik (BBO# 672665)
Sean Cronin (BBO# 692257)
Culik Law, PC
18 Commerce Way, Suite 2850
Woburn, MA 01801
Tel. (617) 830 1795
jculik@culiklaw.com
scronin@culiklaw.com

The Bank of New York Mellon
By its Attorneys,

Shawn M. Masterson, #658276
Shapiro Dorry Masterson, LLC
145 Waterman Street
Providence, RI 02906
Tel. (401) 455-0002

| Writ of Assistance | Civil Action No.<br>**14-cv-14531-RGS** | **United States District Court**<br>**District of Massachusetts** |
|---|---|---|

CASE NAME: David Paiva. v. The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1

| Plaintiff against whom Writ is issued:<br><br>David Paiva and Any and All Occupants<br>16R Seymour Street, Berkley, MA 02779 | United States District Court<br>1 Courthouse Way<br>Boston, Massachusetts 02210<br>Tel. (617) 748-9152 |
|---|---|
| Defendant (or Defendant's Attorney) who must arrange service of Writ:<br>Reneau J. Longoria, Esq.<br>Doonan Graves and Longoria<br>100 Cummings Center Suite 225D<br>Beverly, MA 01915 | Defendant(s) in whose favor Writ is issued:<br><br>The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates Series 2005-48T1 |

SUBJECT DWELLING PREMISES:
    16R Seymour Street, Berkley, MA 02779

**TO THE UNITED STATES MARSHAL, SHERIFFS OF THE SEVERAL COUNTIES, THEIR DEPUTIES, OR ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The Defendant(s) named above has recovered Judgment against the Plaintiff named above for possession of the subject premises shown above.

**WE COMMAND YOU,** therefore, subject to the requirements of G.L. c. 235, § 23 and G.L. c. 239, § 3, to cause the Defendant(s) to have possession of the premises shown above without delay.

This Writ of is **VALID FOR THREE CALENDAR MONTHS ONLY**. It may not be levied upon if any underlying money judgment for non-payment of rent, along with any use and occupancy accruing since the date of judgment, has been fully satisfied. It must be returned to the Clerk of Court, along with your return of service, within ten days after this judgment for possession has been satisfied or discharge, or after three calendar months if this judgment remains unsatisfied or undischarged.

| UNITED STATES JUDGE:<br>**Witness the Hon. Richard G. Stearns** | DATE ISSUED: | ROBERT M. FARRELL, CLERK OF COURT: |
|---|---|---|

### RETURN OF SERVICE
☐ Pursuant to this Writ, I have caused the Defendant to have possession of the subject premises.
☐ After notice, the Plaintiff and Any and All occupants vacated the subject premises voluntarily.
☐ I have physically removed the Plaintiff and Any and All occupants and his/her/their personal possessions from the subject premises.
☐ I have not caused the Defendant to recover possession of these premises pursuant to this write because:

| DATE & TIME WRIT SERVED | DATE OF RETURN | U.S. MARSHALL/CONSTABLE/DEPUTY SHERIFF |
|---|---|---|

