UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PAIVA<br><br>Plaintiff/ Counter Defendant<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-48T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-48T1<br><br>Defendant / Counter Plaintiff | C.A. No. 14-14531-RGS<br><br>**ANSWER TO COUNTERCLAIM** |

**FACTS**

1. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

2. Admitted

3. Admitted

4. Admitted

5. Admitted

6. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation

**DEFAULT AND COLLECTION HISTORY**

7. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation. To the extent that a response is required Plaintiff denies.

1

8. Plaintiff admits that a letter was sent, but denies that it complied with G.L. c. 244 § 35A.

9. Plaintiff admits that any default was not cured, but denies that Defendant's letter complied with G.L. c. 244 § 35A.

10. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

11. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

12. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

13. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

14. Admitted.

15. Admitted.

16. Admitted that Paiva was reviewed and deemed ineligible for a modification, but Plaintiff is without sufficient information to admit or deny whether the purported ineligibility determination was accurate or made in good faith, and to the extent a response is required, Plaintiff denies that he was ineligible.

17. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation. To the extent that an answer is required, admitted.

18. Admitted that Paiva was advised he was not eligible for a loan modification, but Plaintiff is without sufficient information to admit or deny whether the purported ineligibility determination was accurate or made in good faith, and to the extent a response is required, Plaintiff denies that he was ineligible.

19. Admitted.

20. Admitted that RCS stated Paiva had not submitted documentation necessary to complete the review, but Plaintiff is without sufficient information to admit or deny whether the information had in fact been submitted, and to the extent a response is required, Plaintiff denies that he was ineligible.

21. Admitted that RCS sent the referenced letter. Plaintiff is without sufficient information to admit or deny whether the information in the letter was accurate. To the extent a response is required, Plaintiff denies that he was ineligible.

22. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation. To the extent that an answer is required, admitted.

23. Admitted that RCS sent the referenced letter. Plaintiff is without sufficient information to admit or deny whether the information in the letter was accurate. To the extent a response is required, Plaintiff denies that he was ineligible.

24. Admitted that RCS sent the referenced letter. Plaintiff is without sufficient information to admit or deny whether the information in the letter was accurate. To the extent a response is required, Plaintiff denies that he was ineligible.

25. Admitted that RCS sent the referenced letter. Plaintiff is without sufficient information to admit or deny whether the information in the letter was accurate. To the extent a response is required, Plaintiff denies that he was ineligible.

26. Admitted that RCS sent the referenced letter. Plaintiff is without sufficient information to admit or deny whether the information in the letter was accurate. To the extent a response is required, Plaintiff denies that he was ineligible or that the Net Present Value results were accurate.

27. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

28. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

29. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

30. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

31. Plaintiff admits that it was recorded, but denies that it properly vested title to BONYM.

32. Admitted.

33. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation.

34. Plaintiff is without knowledge of the truth of the allegations in this paragraph. To the extent a response is required, plaintiff denies this allegation.

**EVICTION AND LITIGATION HISTORY**

35. Admitted.

36. Admitted.

37. Admitted.

38. Plaintiff admits that a complaint was filed with civil action number 1473-CV-1200, but denies that it was in Plymouth County Superior Court.

39. Admitted that the motion for lis pendens was denied, but Plaintiff further states that he motion was denied without prejudice.

40. Admitted.

41. Admitted.

42. Plaintiff is without knowledge of the truth of the allegations in this paragraph.

43. Denied.

### COUNT I - BREACH OF CONTRACT

44. See answers to paragraphs 1-43 above.

45. Denied.

46. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation. To extent that an answer is required Plaintiff denies.

47. Denied.

48. Denied.

### COUNT II – UNJUST ENRICHMENT (ALTERNATIVE)

49. See answers to paragraphs 1-48 above.

50. Denied.

51. Plaintiff is without sufficient knowledge to admit or deny the truth of this allegation. To extent that an answer is required Plaintiff denies.

## COUNT III - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

52. See answers to paragraphs 1-51 above.

53. Denied.

## COUNT IV – POSSESSION

54. See answers to paragraphs 1-54 above.

55. Denied.

56. Denied.

57. Paragraph 57 is a request for Judgment, to which no answer is required. To the extent that it alleges any wrongdoing by the Plaintiff, Plaintiff denies.

## COUNT V – WRIT OF ASSISTANCE

58. See answers to paragraphs 1-58.

59. Paragraph 59 is a request for relief, to which no answer is required. To the extent that it alleges any wrongdoing by the Plaintiff, Plaintiff denies.

60. Paragraph 60 calls for a conclusion of law to which no answer is required. To the extent that it alleges any wrongdoing Plaintiff, Plaintiff denies.

61. Paragraph 61 calls for a conclusion of law to which no answer is required. To the extent that it alleges any wrongdoing by the Plaintiff, Plaintiff denies.

62. Paragraph 62 calls for a conclusion of law to which no answer is requires. To the extent that it alleges any wrongdoing by the Plaintiff, Plaintiff denies.

63. Paragraph 63 is a request for relief to which no answer is required. To the extent that it alleges any wrongdoing by the Plaintiff, Plaintiff denies.

WHEREFORE, Plaintiff requests that the Court dismiss Defendant's counterclaims and provide any other legal or equitable relief to which he may be entitled.

## AFFIRMATIVE DEFENSES

1. Defendant failed to comply with the statutory power of sale as incorporated into Plaintiff's mortgage.

2. Defendant's claims are barred by equitable doctrines of unclean hands, laches, and its own bad faith.

3. Defendant breached the terms of the mortgage and note and is barred from recovery.

4. The notice of default was sent by the mortgage servicer, rather than the lender, in violation of the power of sale.

5. Defendant did not comply with G.L. c. 244, § 15A because it did not send notice of the foreclosure to the Town of Berkley within 30 days of the foreclosure.

6. Defendant is not entitled to possession because the foreclosure is void and invalid having been conducted in violation of Massachusetts law.

7. Defendant's own conduct caused the damages it seeks.

8. Defendant's claims are barred by the statute of limitations, statute of frauds, and parol evidence rule.

9. Defendant has failed to state a claim.

10. Defendant has suffered no damages.

11. Plaintiff's actions have been conducted in good faith at all times.

12. Defendant failed to mitigate its damages by, among other things, providing Paiva with a loan modification that would have been more profitable than foreclosing.

13. Defendant's claim for unjust enrichment is barred because it has adequate remedies at law.

14. Any other matter constituting a defense.

Respectfully submitted,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com

Attorney for Plaintiff David Paiva

January 30, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 30, 2015.

/s/ *Josef C. Culik*
Josef C. Culik
