UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Docket No.: 14-cv-14531-ADB

*************************************
DAVID PAIVA,
    Plaintiff,

v.

THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST
2005-48T1, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-48T1,
    Defendant.
*************************************

## AFFIDAVIT OF RESIDENTIAL CREDIT SOLUTIONS, INC.

I, Christy Metcalfe, being duly sworn, depose and state as follows:

1. I am the Assistant Vice President of Residential Credit Solutions, Inc. ("RCS") and have served in that capacity since January 15, 2014.

2. I submit this Affidavit in support of the Defendant's Motion for Summary Judgment.

3. I make this affidavit based upon my personal knowledge and, further, upon my review of the servicing records for the subject property, which records were made and maintained in the regular or ordinary course of business of RCS, as servicer for the foreclosing mortgagee at or near the time of the act, condition or event to which they relate, by persons employed by RCS who had a business duty to accurately and completely take, make and maintain such records and documents.

4. If I were called upon to testify, I could and would testify competently to the facts set forth herein and I am authorized to submit this Affidavit on behalf of RCS.

5. On May 10, 2001, a Deed transferring ownership of the Property from David Paiva and Denise J. Paiva to David Paiva, Solely, was executed and recorded with the Bristol County (Northern District) Registry of Deeds in Book 9430, Page 268. *See* Exhibit A (a true and correct copy of the Deed is attached hereto).

6. On February 21, 2007, Paiva executed a Note in favor of Countrywide Home Loans, Inc. in the amount of three hundred eighty-one thousand six hundred and 00/100 ($381,600.00) dollars, (the "Paiva Note"). *See* Exhibit B (a true and correct copy of the Paiva Note is attached hereto).

7. To secure the loan obligation, Paiva gave a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Home Loans, Inc., dated August 25, 2005, and recorded on August 26, 2005, with the Bristol County (Northern District) Registry of Deeds in Book 15124, Page 187 (the " Paiva Mortgage"). *See* Exhibit C (a true and correct copy of the recorded Paiva Mortgage is attached hereto).

8. An Assignment of Mortgage from MERS as nominee for Countrywide Home Loans, Inc. to Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T-1, dated February 27, 2009, was recorded on February 18, 2011, at the aforesaid Registry of Deeds in Book 19321, Page 101 ("MERS Assignment"). *See* Exhibit D (a true and correct copy of the MERS Assignment is attached hereto).

9. Paiva is in default of his loan obligation and is currently due for the September 1, 2008, payment. *See* Exhibit E (a true and correct copy of the 90-Day Notice of Right to Cure is attached hereto).

10. Due to his default, on May 19, 2008, Paiva was sent a 90 Day Notice of Right to Cure pursuant to G.L. c. 244 § 35A ("Section 35A Letter"). *See* Exhibit E.

11. Paiva failed to cure the default by August 17, 2008, the expiration date of the Section 35A Letter.

12. In February 2009, Paiva's mortgage loan was referred for foreclosure.

13. On or about February 24, 2009, after the expiration of the 90 Day Notice of Right to Cure, counsel for BONYM filed a complaint and Mortgagee's Affidavit with the Massachusetts Land Court to satisfy the Servicemembers Civil Relief Act. *See* Exhibit F (a true and correct copy of the Land Court Docket is attached hereto).

14. On February 9, 2011, the Order of Notice was published in the Taunton Daily Gazette, Paiva was served by the Bristol County Sheriff on February 10, 2011, and the Order of Notice was recorded at the aforesaid Registry of Deeds, in Book 19321, Page 103, on February 18, 2011. *See* Exhibit G (true and correct copy of the Order of Notice is attached hereto).

15. As evidence of full compliance with the Service Members Civil Relief Act and that none of the named parties are entitled to the benefit of the Act, Judgment issued from the Land Court on June 23, 2011. *See* Exhibit H (a true and correct copy of the Judgment is attached hereto).

16. On or about July 30, 2012, Paiva was reviewed and, based upon the information provided, deemed ineligible for a loan modification; however, he was advised that if his circumstances and information had changed, he could reapply. *See* Exhibit I (a true and correct copy of the July 30, 2012 letter is attached hereto).

17. On October 30, 2012, Paiva was advised that he was ineligible for foreclosure prevention alternatives; however, he was advised that if he would like to be re-evaluated he could submit the required documents. *See* Exhibit J (a true and correct copy of the October 30, 2012 letter is attached hereto).

18. On December 13, 2012, Paiva was again advised that his loan was not eligible for a modification due to being unable to create an affordable payment without changing the terms of his loan beyond the requirements of the program. *See* Exhibit K (a true and correct copy of the December 13, 2012 letter is attached hereto).

19. Paiva requested an additional review for foreclosure alternatives in 2013 and the foreclosure was placed on hold while he was reviewed for the same.

20. On December 23, 2013, Paiva was advised that BONYM's servicer, Residential Credit Solutions ("RCS") had reviewed his loan for a possible modification; but, that his application was denied due to his failure to submit documentation necessary for RCS to complete their review. *See* Exhibit L (a true and correct copy of the December 23, 2013 letter is attached hereto and incorporated herein).

21. On December 27, 2013, Paiva was sent a letter stating his loan was reviewed for HAMP; but, that he failed to provide the documentation necessary for RCS to complete a review of the loan for a HAMP modification. *See* Exhibit M (a true and correct copy of the December 27, 2013 letter is attached hereto).

22. On March 13, 2014, an Affidavit Regarding Note Secured by a Mortgage to be Foreclosed ("Pre-Sale Noteholder Affidavit") dated March 4, 2014, was recorded with the aforementioned Registry of Deeds in Book 21582, Page 11. *See* Exhibit N (a true and correct copy of the Pre-Sale Noteholder Affidavit is attached hereto).

23. On March 17, 2014, RCS sent Paiva a letter regarding his request for a loan modification indicating that Paiva did not qualify for a loan modification due to insufficient income. *See* Exhibit O (a true and correct copy of the March 17, 2014, letter is attached hereto).

24. On March 20, 2014, RCS sent Paiva a letter stating that they were unable to offer him a HAMP modification as his loan did not meet the eligibility criteria to reduce the principal and interest payment by at least 10%. *See* Exhibit P (a true and correct copy of the March 20, 2014 letter is attached hereto).

25. On March 21, 2014, RCS sent Paiva a letter indicating that his request for a loan modification was denied as RCS was unable to modify the loan to include a payment equal to 31% of Paiva's reported monthly gross income. *See* Exhibit Q (a true and correct copy of the March 21, 2014 letter is attached hereto).

26. The March 21, 2014, letter also included the results of the Net Present Value test used by RCS to make their determination. *See* Exhibit Q.

27. On March 25, 2014, April 1, 2014, and April 8, 2014, the Notice of Mortgagee's Sale of Real Estate published in the Taunton Daily Gazette. *See* Exhibit R (a true and correct copy of the Notice of Mortgagee's Sale is attached hereto).

28. On March 24, 2014, pursuant to G.L. c. 244 §§ 14 and 17B, a Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage along with copies of the Notice of Mortgagee's Sale of Real Estate were sent to the Plaintiff. *See* Exhibit S (true and correct copies of the Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage are attached hereto).

29. The foreclosure sale scheduled for April 15, 2014 was postponed by public proclamation to April 28, 2014. *See* Exhibit T (true and correct copies of the April 1, 2014 and April 14, 2014 continuation letters are attached hereto).

30. On April 28, 2014, BONYM conducted its foreclosure sale at which BONYM purchased the Property for three hundred forty thousand and 00/100 ($340,000.00) dollars. *See* Exhibit U (a true and correct copy of the Foreclosure Deed and Affidavit is attached hereto).

31. The foreclosure deed dated September 25, 2014, vesting title to the Property into BONYM, was recorded on October 4, 2014, at the aforementioned Registry of Deeds in Book 21915, Page 112. *See* Exhibit U.

32. On September 2, 2014, an Affidavit Regarding Note Secured by a Mortgage to be Foreclosed ("Post-Sale Noteholder Affidavit") dated August 15, 2014, was recorded with the aforementioned Registry of Deeds in Book 21915, Page 105. *See* Exhibit V (a true and correct copy of the Post-Sale Noteholder Affidavit is attached hereto).

33. The total amount owed under the Note and Mortgage as of April 28, 2014, was five hundred thirty-two thousand one hundred thirty-eight and 38/100 ($532,138.38) dollars.

34. At the time of the foreclosure, the Property was valued at approximately four hundred thousand and 00/100 ($400,000.00) dollars.

35. On October 8, 2014, BONYM caused Paiva to be served with a Notice to Quit. *See* Exhibit W (a true and correct copy of the Notice to Quit is attached hereto).

36. Paiva failed to voluntarily vacate the Property by the expiration date of the Notice to Quit, and BONYM commenced its summary process action. *See* Exhibit X (a true and correct copy of the Summary Process Complaint is attached hereto).

37. In response to being served with the Summary Process Summons and Complaint, Paiva filed his Answer and Counterclaims ("Paiva Answer") on November 10, 2014. *See* Exhibit Y (a true and correct copy of Paiva Answer is attached hereto).

38. On January 6, 2015, a Stipulation of Dismissal of the Summary Process action was filed with the Southeast Housing Court. *See* Exhibit Z (a true and correct copy of the Stipulation of Dismissal is attached hereto).

39. No tenancy relationship has ever existed between BONYM and Paiva.

40. Since the foreclosure sale on April 28, 2014, Paiva has not paid any use and occupancy for his continued unlawful possession of the Property.

Sworn to under the pains and penalties of perjury, on this the 27th day of February, 2015.

_____
By: Christy Metcalfe
Its: Assistant Vice President

State of Texas
County of Tarrant

On this 27th day of February, 2015, before me, the undersigned notary public, personally appeared Christy Metcalfe, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her/their knowledge or belief.

Witness my hand and official seal.

_____
Notary signature:
My commission expires: 10-10-15

Margaret E. Dorst
Notary Public,
State of Texas
Comm. Exp. 10-10-15