UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PAIVA<br><br>    Plaintiff/Counter-Defendant<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-48T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-48T1<br><br>    Defendant/Counter-Plaintiff | C.A. No. 14-14531-ADB<br><br>**PLAINTIFF'S REPONSES TO DEFENDANT'S STATEMENT OF MATERIAL FACTS, AND PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS** |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**A.    LOAN TRANSACTION**

    1.    On May 10, 2001, a Deed transferring ownership of the Property from David Paiva and Denise J. Paiva to David Paiva, Solely, was executed and recorded with the Bristol County (Northern District) Registry of Deeds in Book 9430, Page 268. *See* Exhibit A of the Affidavit of Residential Credit Solutions, Inc. ("RCS Affidavit") (a true and correct copy of the Deed is attached thereto and incorporated herein).

    **Paiva's Response:** Not disputed.

    2.    On February 21, 2007, Paiva executed a Note in favor of Countrywide Home Loans, Inc. in the amount of three hundred eighty-one thousand six hundred and 00/100 ($381,600.00) dollars, (the "Paiva Note"). *See* Exhibit B of the RCS Affidavit (a true and correct copy of the Paiva Note is attached thereto and incorporated herein.)

1

**Paiva's Response:** Not disputed.

3. To secure the loan obligation, Paiva gave a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Home Loans, Inc., dated August 25, 2005, and recorded on August 26, 2005, with the Bristol County (Northern District) Registry of Deeds in Book 15124, Page 187 (the " Paiva Mortgage"). *See* Exhibit C of the RCS Affidavit (a true and correct copy of the recorded Paiva Mortgage is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

4. An Assignment of Mortgage from MERS as nominee for Countrywide Home Loans, Inc. to Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-48T1 Mortgage Pass-Through Certificates, Series 2005-48T-1, dated February 27, 2009, was recorded on February 18, 2011, at the aforesaid Registry of Deeds in Book 19321, Page 101 ("MERS Assignment"). *See* Exhibit D of the RCS Affidavit (a true and correct copy of the MERS Assignment is attached thereto and incorporated herein).

**Paiva's Response:** The assignment had an effective date as May 14, 2008.

**B. DEFAULT AND COLLECTION HISTORY**

5. Paiva is in default of his loan obligation and is currently due for the September 1, 2008, payment. *See* Exhibit E of the RCS Affidavit (a true and correct copy of the 90-Day Notice of Right to Cure is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

6. Due to his default, on May 19, 2008, Paiva was sent a 90 Day Notice of Right to Cure pursuant to G.L. c. 244 § 35A ("Section 35A Letter"). *See* Exhibit E of the RCS Affidavit.

**Paiva's Response:** Not disputed.

7. Paiva failed to cure the default by August 17, 2008, the expiration date of the Section 35A Letter. *See* ¶ 11 of the RCS Affidavit.

**Paiva's Response:** Not disputed.

8. In February 2009, Paiva's mortgage loan was referred for foreclosure. *See* ¶ 12 of the RCS Affidavit.

**Paiva's Response:** Not disputed.

9. On or about February 24, 2009, after the expiration of the 90 Day Notice of Right to Cure, counsel for BONYM filed a complaint and Mortgagee's Affidavit with the Massachusetts Land Court to satisfy the Servicemembers Civil Relief Act. *See* Exhibit F of the RCS Affidavit (a true and correct copy of the Land Court Docket is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

10. On February 9, 2011, the Order of Notice was published in the Taunton Daily Gazette, Paiva was served by the Bristol County Sheriff on February 10, 2011, and the Order of Notice was recorded at the aforesaid Registry of Deeds, in Book 19321, Page 103, on February 18, 2011. *See* Exhibit G of the RCS Affidavit (true and correct copy of the Order of Notice is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

11. As evidence of full compliance with the Service Members Civil Relief Act and that none of the named parties are entitled to the benefit of the Act, Judgment issued from the Land Court on June 23, 2011. *See* Exhibit H of the RCS Affidavit (a true and correct copy of the Judgment is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

12. On August 15, 2011, Paiva filed for Chapter 13 Bankruptcy Protection with United States Bankruptcy Court, District of Massachusetts, with case number 11-17726. *See* Exhibit 1 of the Affidavit of Brian C. Linehan, Esq. ("Linehan Affidavit") (a true and correct copy of the Bankruptcy Court Docket is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

13. On October 11, 2011, the Bankruptcy was dismissed due to Paiva failing to comply with the Court's Order of August 15, 2011. *See* Exhibit 1 of the Linehan Affidavit.

**Paiva's Response:** Not disputed.

14. On or about July 30, 2012, Paiva was reviewed and deemed ineligible for a loan modification. However, he was advised that if his circumstances and information had changed, he could reapply. *See* Exhibit I of the RCS Affidavit (a true and correct copy of the July 30, 2012 letter is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

15. On October 30, 2012, Paiva was advised that he was ineligible for foreclosure prevention alternatives. However, he was advised that if he would like to be re-evaluated he could submit the required documents. *See* Exhibit J of the RCS Affidavit (a true and correct copy of the October 30, 2012 letter is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

16. On December 13, 2012, Paiva was again advised that his loan was not eligible for a modification due to being unable to create an affordable payment without changing the terms of his loan beyond the requirements of the program. *See* Exhibit K of the RCS Affidavit (a true and correct copy of the December 13, 2012 letter is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

17. Paiva requested an additional review for foreclosure alternatives in 2013 and the foreclosure was placed on hold while he was reviewed for the same. *See* ¶ 19 of the RCS Affidavit.

**Paiva's Response:** Not disputed.

18. On December 23, 2013, Paiva was advised that BONYM's servicer, Residential Credit Solutions ("RCS") had reviewed his loan for a possible modification; but, that his application was denied due to his failure to submit documentation necessary for RCS to complete their review. *See* Exhibit L of the RCS Affidavit (a true and correct copy of the December 23, 2013 letter is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

19. On December 27, 2013, Paiva was sent a letter stating his loan was reviewed for HAMP; but, that he failed to provide the documentation necessary for RCS to complete a review of the loan for a HAMP modification. *See* Exhibit M of the RCS Affidavit (a true and correct copy of the December 27, 2013 letter is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

20. On March 13, 2014, an Affidavit Regarding Note Secured by a Mortgage to be Foreclosed ("Pre-Sale Noteholder Affidavit") dated March 4, 2014, was recorded with the aforementioned Registry of Deeds in Book 21582, Page 11. *See* Exhibit N of the RCS Affidavit (a true and correct copy of the Pre-Sale Noteholder Affidavit is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

21. On March 17, 2014, RCS sent Paiva a letter regarding his continued request for a loan modification indicating again that Paiva did not qualify for a loan modification due to

5

insufficient income. *See* Exhibit O of the RCS Affidavit (a true and correct copy of the March 17, 2014 letter is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

22. On March 20, 2014, RCS sent Paiva a letter stating that they were unable to offer him a HAMP modification as his loan did not meet the eligibility criteria to reduce the principal and interest payment by at least 10%. *See* Exhibit P of the RCS Affidavit (a true and correct copy of the March 20, 2014 letter is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

23. On March 21, 2014, RCS sent Paiva a letter indicating that his request for a loan modification was denied as RCS was unable to modify the loan to include a payment equal to 31% of Paiva's reported monthly gross income. The March 21, 2014, letter also included the results of the Net Present Value test used by RCS to make their determination. *See* Exhibit Q of the RCS Affidavit (a true and correct copy of the March 21, 2014 letter is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

24. On March 25, 2014, April 1, 2014, and April 8, 2014, the Notice of Mortgagee's Sale of Real Estate published in the Taunton Daily Gazette. *See* Exhibit R of the RCS Affidavit (a true and correct copy of the Notice of Mortgagee's Sale is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

25. On March 24, 2014, pursuant to G.L. c. 244 §§ 14 and 17B, a Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage along with copies of the Notice of Mortgagee's Sale of Real Estate were sent to the Plaintiff. *See* Exhibit S

of the RCS Affidavit (true and correct copies of the Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure of Mortgage are attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

26. The foreclosure sale scheduled for April 15, 2014 was postponed by public proclamation to April 28, 2014. *See* Exhibit T of the RCS Affidavit (true and correct copies of the April 1, 2014 and April 14, 2014 continuation letters are attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

27. On April 28, 2014, BONYM conducted its foreclosure sale at which time BONYM purchased the Property for three hundred forty thousand and 00/100 ($340,000.00) dollars. *See* Exhibit U of the RCS Affidavit (a true and correct copy of the Foreclosure Deed and Affidavit is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

28. The foreclosure deed dated September 25, 2014, vesting title to the Property into BONYM, was recorded on October 4, 2014, at the aforementioned Registry of Deeds in Book 21915, Page 112. *See* Exhibit U of the RCS Affidavit.

**Paiva's Response:** Not disputed.

29. On September 2, 2014, an Affidavit Regarding Note Secured by a Mortgage to be Foreclosed ("Post-Sale Noteholder Affidavit") dated August 15, 2014, was recorded with the aforementioned Registry of Deeds in Book 21915, Page 105. *See* Exhibit V of the RCS Affidavit (a true and correct copy of the Post-Sale Noteholder Affidavit is attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

30. The total amount owed under the Note and Mortgage as of April 28, 2014, was five hundred thirty-two thousand one hundred thirty-eight and 38/100 ($532,138.38) dollars. *See* ¶ 33 of the RCS Affidavit.

**Paiva's Response:** Not disputed.

31. At the time of the foreclosure, the Property was valued at approximately four hundred thousand and 00/100 ($400,000.00) dollars. *See* ¶ 34 of the RCS Affidavit.

**Paiva's Response:** Not disputed.

## C.  EVICTION AND LITIGATION HISTORY

32. On October 8, 2014, BONYM caused Paiva to be served with a Notice to Quit. *See* Exhibit W of the RCS Affidavit (a true and correct copy of the Notice to Quit is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

33. Paiva failed to voluntarily vacate the Property by the expiration date of the Notice to Quit, and BONYM commenced its summary process action. *See* Exhibit X of the RCS Affidavit (a true and correct copy of the Summary Process Complaint is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

34. In response to being served with the Summary Process Summons and Complaint, Paiva filed his Answer and Counterclaims ("Paiva Answer") on November 10, 2014. *See* Exhibit Y of the RCS Affidavit (a true and correct copy of Paiva Answer is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

35. Notwithstanding the pending summary process action, on December 3, 2014, Paiva filed a Complaint and Motion in the Plymouth County Superior Court as civil action number 1473-CV-1200, seeking to void the foreclosure of the Property. *See* ECF Dkt. No. 1.

**Paiva's Response:** Not disputed.

36. On December 15, 2014, the Superior Court denied Paiva's Motion for Lis Pendens. *See* Exhibit 2 of the Linehan Affidavit (a true and correct copy of the Superior Court Docket is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

37. On December 17, 2014, the Superior Court action filed by Paiva was removed to this Court. *See* ECF Dkt. No. 1.

**Paiva's Response:** Not disputed.

38. On January 6, 2015, a Stipulation of Dismissal of the Summary Process action was filed with the Southeast Housing Court. *See* Exhibit Z of the RCS Affidavit (a true and correct copy of the Stipulation of Dismissal is attached thereto and incorporated herein.)

**Paiva's Response:** Not disputed.

39. On February 12, 2015 a Notice of Conveyance of the Property was mailed to the occupants of the Property, the Town of Berkley Tax Collector and the Town of Berkley Water and Sewer Department. *See* Exhibit 3 of the Linehan Affidavit (a true and correct copy of the Notices are attached thereto and incorporated herein).

**Paiva's Response:** Not disputed.

40. No contractual nor constructive tenancy relationship has ever existed between BONYM and Paiva. *See* ¶ 39 of the RCS Affidavit.

**Paiva's Response:** Not disputed.

41. Since the foreclosure sale on April 28, 2014, Paiva has not paid any use and occupancy for his continued unlawful possession of the Property. *See* ¶ 40 of the RCS Affidavit.

**Paiva's Response:** Not disputed.

## PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS

42. David Paiva resides at 16R Seymour Street, Berkley, MA 02779. Paiva Aff. ¶ 2.

43. Paiva works full time as rescue technician. He earns approximately $60,000 per year. Paiva Aff. ¶ 5.

44. Paiva fell behind on his mortgage in 2008 due to loss of income, as a result of the down turn in the economy his construction business suffered. Paiva Aff. ¶ 7.

45. These problems are now behind Paiva, and he earns consistent income and can afford to remain in the home with a modified mortgage. Paiva Aff. ¶ 8.

46. The property has an assessed value of 499,000. Paiva Aff. ¶ 4.

47. Paiva has suffered physically and emotionally as a result of the uncertainty around his home and the foreclosure. The stress has caused physical symptoms including restlessness and sleeplessness. Paiva Aff. ¶ 10.

Respectfully submitted,

*/s/ Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com

Attorney for Plaintiff David Paiva

March 27, 2015