UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PAIVA<br><br>    Plaintiff/Counter-Defendant<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-48T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-48T1<br><br>    Defendant/Counter-Plaintiff | C.A. No. 14-14531-ADB<br><br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff David Paiva, lives in Berkley, Massachusetts, and works fulltime as a rescue technician. Defendant the Bank of New York Mellon ("BONYM"), foreclosed on Paiva's home in April of 2014, while reviewing him for a loan modification. BONYM failed to strictly comply with the power of sale contained in the mortgage, as it failed to properly notify Paiva of his right to cure the default prior to the foreclosure sale.

Further, BONYM failed to comply with G.L. c. 244, § 15A, as it did not notify the town's tax assessor's office within 30 days of the sale as required. Instead, BONYM waited 290 days to notify the assessor's office, and its failure to do so should void the foreclosure sale. As a result, Paiva filed this action, bring claims for (1) violation of the mortgage power of sale, and (2) failure to comply with G.L. c. 244, § 15A.

1

BONYM contends that it did not need to strictly comply with the power of sale, and that the default notice that was sent by the mortgage servicer, not BONYM as required in the mortgage, was proper. However, the Supreme Judicial Court has held that strict compliance with the mortgage is required when foreclosing in the Commonwealth. Additionally, BONYM contends that it did not violate G.L. c. 244, § 15A, even though it admits that it did not notify the Berkley's Tax Assessor's Office within 30 days as required by the statue. Because BONYM did not strictly comply with the power of sale and did not notify the Berkley's Tax Assessor's Office within 30 days, the foreclosure sale should be void.

Accordingly, BONYM's motion for summary judgment should be denied in full. Paiva should be entitled to a ruling of summary judgment in his favor as there are no material facts in dispute regarding the wrongful foreclosure of his home.

## II. SUMMARY OF MATERIAL FACTS

David Paiva resides at 16R Seymour Road, Berkley, Massachusetts. Paiva Aff. ¶ 2. Paiva is employed full time as a rescue technician. *Id.* at ¶ 5. He earns approximately $60,000 per year. *Id.* Paiva acquired the home in August 1998 under a deed recorded in the North Bristol Registry of Deeds at book 7786, page 10. *Id.* at ¶ 3. He refinanced his mortgage in August of 2005 with a loan from Countrywide Home Loans, Inc. in the amount of $381,000. *Id.* The loan was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loan, Inc. Aff. of RCS Ex. C. The property has an assessed value of approximately $499,000. Paiva Aff. ¶ 4. In 2008, as a result of the downturn in the economy, Paiva's construction business suffered and Paiva fell behind on his mortgage. *Id.* at ¶ 7. These problems are now behind

Paiva, and he can afford to remain in the home with a modified mortgage payment. *Id.* at ¶ 8.

After Paiva fell behind, in a letter dated May 19, 2008, Countrywide, notified him that he was in default. Aff. of Residential Credit Solution Exhibit E. The letter also stated that he may be eligible for a modification to avoid foreclosure. *Id.* On August 15, 2011, Paiva filed for Chapter 13 Bankruptcy Protection, with case number 11-17726. Aff. of Brian Linehan Ex 1. On October 11, 2011 the Bankruptcy was dismissed. *Id.* Soon after, Paiva contacted his then-servicer Bank of America to apply for a modification. Paiva Aff. at ¶ 9. On July 30, 2012, Bank of America denied his application, but stated he was eligible to reapply. Aff. of Residential Credit Solution Ex. I. Paiva continued to reapply for a modification on multiple occasions. Paiva Aff. at ¶ 9.

On April 28, 2014, BONYM conducted a foreclosure sale and BONYM purchased the property for $340,000. Aff. of Residential Credit Solutions Ex. U. On October 8, 2014 BONYM sent Paiva a notice to quit, initiating foreclosure proceedings. Aff. of Residential Credit Solutions Ex. W. In response, Paiva filed his Answer and Counterclaims on November 10, 2014. Aff. of Residential Credit Solutions Exhibit Y. Paiva also filed a Complaint on December 3, 2014 seeking to void the foreclosure. On December 17, 2014 the Superior Court Action filed by Paiva was removed to this court and on February 27, 2015, BONYM filed its Motion for Summary Judgment.

Not until February 12, 2015, 290 days after the foreclosure, did BONYM send notice to the Town of Berkley Tax Collector of the foreclosure. Aff. of Brian Linehan Ex. 3.

## III. STANDARD OF REVIEW

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Johnson v. Gordon*, 409 F.3d 12, 16–17 (1st Cir. 2005) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the Court must view all evidence and related inferences in the light most favorable to the nonmoving party. *Tavares v. Unum Corp.*, 17 F. Supp. 2d 69, 74 (D.R.I. 1998) (citing *Continental Casualty Co. v. Canadian Universal Ins. Co.,* 924 F.2d 370, 373 (1st Cir.1991)). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits. A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation. To defeat a motion for summary judgment, evidence offered by the non-movant 'must be significantly probative of specific facts.'" *Prescott v. Higgins*, 538 F.3d 32, 40 (1st Cir. 2008) (internal citations omitted).

## IV. ARGUMENT

**A.** **Background on Foreclosures**

In the Commonwealth a mortgagee is allowed to foreclose under the general power of sale and in compliance with G.L. c. 183, § 21 and related statutes, G.L c. 244,

11-17C. As a non-judicial foreclosure state, the Supreme Judicial Court has held that a mortgagee must strictly comply with the terms of the power of sale. *U.S Bank Nat'l Ass'n. v. Ibanez,* 458 Mass. 637, 646 (2011) ("[0]ne who sells under a power [of sale] must follow strictly its terms. If he fails to do so there is no valid execution of the power, and the sale is wholly void.") (quoting *Moore v. Dick,* 187 Mass. 207, 211 (1905)). In order to foreclose, the mortgagee must possess and be entitled to enforce the obligations under both the mortgage and promissory note. *Eaton v. Fed. Nat'l Mortg. Ass'n,* 462 Mass. 569, 969 N.E.2d 1118 (2012).

The mortgage contains a power of sale, which is an agreement entered into between the mortgagor and mortgagee, set forth in paragraph 22. This paragraph contains the steps that must be taken to foreclose in the event of default. It is important to note that this language is chosen by the mortgagee, and the mortgagor has no ability to change or negotiate the terms. Only two versions of the language exists, one for judicial foreclosure states, and one for non-judicial foreclosure states, such as Massachusetts. *See* G.L. c. 183, § 21. Under paragraph 22, the lender must give notice to the borrower prior to the acceleration of the mortgage. The notice must specify (a) the default; (b) the action required to cure the default, (c) a date, not less than 30 days from the date the notice is given to the borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration. The notice must also inform the mortgagor of the right to reinstate after acceleration, and the right to bring a court action to assert the non-existence of the default.

In addition to the notice requirement set forth under the power of sale, a mortgagee must also comply with G.L. c. 244, § 35A, which is a statutory notice

requirement outlining information for mortgagor's right to cure a default prior to a foreclosure.[1] The G.L. c. 244, § 35A notice requirements are separate from the notice requirements contained in the power of sale, and gives the homeowner 150 days to cure a default. Under G.L. c. 244, § 35A(g), a mortgagee "shall not accelerate maturity of the unpaid balance of [the] mortgage obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any such payment . . . ." The notice shall inform the mortgagor of (a) the nature of the default; (b) the date by which the mortgagor shall cure the default, which shall not be less than 150 days after service of the notice; (c) that if not cured the mortgagee may take steps to foreclose; (d) the name and address of the mortgagee; (e) the name of any current and former mortgage broker; (f) that the mortgagor may be eligible for assistance from the Homeownership Preservation Foundation; (g) that the mortgagor may sell the property prior to foreclosure and the proceeds to pay off the mortgage; (h) the mortgagor may be evicted from the home after a foreclosure; (i) and that the mortgagor may have additional rights depending on the mortgage, to refinance or grant a deed in lieu of foreclosure. G.L. c. 244, § 35A(h). The notice under G.L. c. 244, § 35A, is significantly longer, and contains different information than that required under paragraph 22 of the mortgage. In Contrast to a defective paragraph 22 notice, a defective notice under G.L. c. 244, § 35A does not necessarily void a foreclosure sale. *See U.S. Bank Nat'l Ass'n v. Schumacher,* 467 Mass. 421, 432 (2014).

---

[1] Whether the notice sent to Paiva complied with G.L. c. 244, § 35A is not at issue in this case. Paiva contends that the notice violated the power of sale found in the mortgage, not G.L. c. 244, § 35A.

Under the power of sale of the mortgage, the mortgagor must also strictly comply with G.L. c. 244, §§ 11-17C. These statues contain pre- and post-foreclosure requirements that the mortgagor must comply with in the event of a foreclosure sale. This includes, publishing notice in a local newspaper, recording an affidavit post sale, and notifying the tax assessors and public water or sewer service for the property of the mortgagees possession within 30 days of the sale. G.L. c. 244, §§ 11-17C.

**B.  BONYM Failed to Comply with G.L. c. 244, § 15A and Did Not Notify the Town of Berkley's Tax Assessors Office of the Sale within 30 Days, Voiding the Sale.**

When conducting a foreclosure under the power of sale in the mortgage, the mortgagee must strictly comply with G.L. c. 244, § 15A, which states:

> A mortgagee taking possession of mortgaged premises prior to foreclosure or a mortgagee conveying title to mortgaged premises pursuant to the provisions of this chapter shall, within thirty days of taking possession or conveying title, notify all residential tenants of said premises, and *the office of the assessor or collector of taxes of the municipality in which the premises are located* and any persons, companies, districts, commissions or other entities of any kind which provide water or sewer service to the premises, of said taking possession or conveying title.

(Emphasis added). This provision requires that if a mortgagee purchases the home at the foreclosure sale, it must notify the local tax assessors, water provider, and any tenants of the foreclosure with 30 days of the sale date.

As set out in *Schumacher,* a mortgagee's failure to adhere to the requirements under the power of sale, including G.L. c. 244, § 15A, will void a foreclosure sale. *Schumacher,* 467 Mass. 421 at 432. "Where a [homeowner] claims that the mortgage holder failed strictly to adhere to the requirements under the statutory power of sale set forth in G.L. c. 183, § 21, and the related requirements in G.L. c. 244, §§ 11–17C, proof

of any violation of these requirements will void the foreclosure sale . . . ." *Id.* (Gants J., concurring). Additionally, in *Bank of N.Y. v. Bailey,* 360 Mass. 327, 335 (2011), the Court overturned a motion for summary judgment and voided a foreclosure when the mortgagee did not strictly comply with G.L. c. 244, § 15. The mortgagee failed to submit an affidavit that the power of sale had been complied with, and as a result the sale was void. *Id. See also HSBC Bank USA, Nat. Assn'n v. Galebach*, 2012 Mass. App. Div. 155 (2012).

Here, BONYM failed to properly notify Berkely's tax assessor's office within 30 days of the foreclosure as set forth in G.L. c. 244, § 15A. In fact, by BONYM's own admission, it did not comply with the statute and did not notify the town until February 12, 2015. *See.* Aff. of Brian Linehan Ex 3. This was almost 10 months after the April 28, 2014 foreclosure sale conducted by BONYM. BONYM misreads *Schumacher* and argues that G.L. c. 244, § 15A is not part of the power of sale, and so strict compliance is not mandated. BONYM also contends that G.L. c. 244, § 15A only takes effect if the property is sold to the mortgagee at the foreclosure sale, so strict compliance should not be mandated.

BONYM's argument fails because, as outlined in Justice Gants' concurring opinion in *Schumacher,* failure to strictly comply with G.L. c. 244, § 15A voids the foreclosure sale. Additionally, BONYM, as the mortgagee, did in fact purchase the home at the sale so G.L. c. 244, § 15A does apply here. By failing to notify the tax assessor within 30 days of the foreclosure, and by its own admission, waiting until almost 10 months after the sale, the sale to BONYM is void.

Accordingly, BONYM's motion for summary judgment must be denied. By BONYM's own admission it did not send notice to the Berkley tax assessor's office until after the 30 days. Where there is no material fact in dispute of this, Paiva is entitled to a finding in his favor and his cross-motion for summary judgment must be allowed.

C. **BONYM Failed to Strictly Comply with the Power of Sale and Did Not Provide Notice as Required by the Mortgage.**

BONYM failed to comply with the terms contained in paragraph 22 of the mortgage when notice was sent to Paiva of the default on May 19, 2008. The letter sent to Paiva was sent by Countrywide Home Loans ("Countrywide"), not the lender BONYM, as required by the mortgage. As a result, because BONYM did not strictly comply with the power of sale, the foreclosure sale is void.

The Supreme Judicial Court has upheld that a lender must strictly comply with power of sale contained in the mortgage. *Moore v. Dick,* 187 Mass. 207, 211 (1905). In *Moore,* the lender did not follow the terms of the mortgage and published notice of the foreclosure sale in the wrong newspaper. *Id.* at 213. As a result, the court held that because the lender had violated the terms of the mortgage, the foreclosure was invalid over 20 years after the sale had occurred. *Id.* Accordingly, a foreclosing lender is required to strictly comply with the terms of the mortgage.

The Supreme Judicial Court upheld in *Ibanez* that one who forecloses under the power sale must strictly comply with terms of the mortgage. *Ibanez*, 458 Mass. 637 at 647. In particular, the Court found the restriction on who is entitled to foreclose must strictly be complied with. *Id.* The statutory power of sale can be exercised by the mortgagee or his executors, administrators, successors or assigns. *Id.* The court went on

to note that any effort to foreclose by a party lacking "jurisdiction and authority" to carry out a foreclosure is void. *Id.* The Court ultimately held that post-foreclosure sale assignments were insufficient to show authority to foreclose under the power of sale. *Id.* at 654.

It is clear, that BONYM did not strictly comply with the terms set forth in the power of sale. The language clearly states that the lender must send the notice to borrower 30 days prior to the sale. Aff. of Residential Credit Solutions, Exhibit C at ¶ 22. At the time the default notice was sent, Countrywide was the servicer of Paiva's loan, not the lender. While Countrywide was initially the lender, the mortgage was assigned to BONYM effective May 14, 2008. *Id.* at Exhibit D. Despite this transfer, Countrywide sent Paiva the notice of default on May 19, 2009. *Id.* at Exhibit E. As a result at the time of the default notice was sent, Countrywide was no longer the lender, BONYM was. By the terms of the mortgage, BONYM failed to strictly comply with the power of sale. Therefore as held in *Ibanez* and *Moore,* the foreclose sale is void.

BONYM relies on *U.S. Bank National Association v. Schumacher,* 476. Mass. 421 (2014) and contends that this recent decision is controlling. However, in *Schumacher,* the Court ruled that failure to strictly comply with the statutory notice G.L. c. 244, § 35A, did not void a foreclosure, not the notice required under the power of sale. As noted above, these notices are different, as there is much more information that is required to be provided under G.L. c. 244, § 35A. It is the notice required by the paragraph 22 that is the issue in this case, not the one required under G.L. c. 244, § 35A. The notice under paragraph 22 is taken directly from the terms of the mortgage and is not part of the statutory requirements of G.L. c. 244, § 35A. Likewise in *Haskins v. Deutsche*

*Bank Nat'l Trust Co.* 86 Mass. App. Ct. 632, (2014), it was the statutory notice at issue in the case and not the requirement set forth in the mortgage. BONYM also relies on *Pinti v. Emigrant Mortgage, Co., Inc,* in which the Superior Court ruled that failure to strictly comply with notice required under the paragraph 22, did not void a foreclosure sale. However, this decision is presently on appeal with the Supreme Judicial Court. *See* Case Number SJC-11742. Also, in *Pinti,* it is the language of the notice that is at issue, not whether it is appropriate for the servicer to send it.

Where BONYM failed to strictly comply with the terms of the mortgage as required by *Moore* and *Ibanez*, the foreclosure sale is void. As a result, BONYM's motion for summary judgment must be denied. Where there is no material fact in dispute of this, Paiva is entitled to a finding in his favor and his cross motion for summary judgment must be allowed.

**D.  BONYM is not entitled to Judgment as a Matter of Law on its Claim for Possession.**

As demonstrated throughout, BONYM has failed to establish its *prima facie* case for possession after the sale of Paiva's home. BONYM failed to comply with the statutory foreclosure requirements and therefore the sale is void. BONYM failed to notify the Town of Berkley's Tax Assessors office within 30 days as required by G.L. c. 244, § 15A. By its own admission it did not comply with the statute, and there are no issues of material fact. Aff. of Brian Linehan Ex. 3. Accordingly, BONYM's claim for possession must be denied.

**E.   BONYM is not Entitled to a Writ of Assistance.**

After a denial of BONYM's motion for summary judgment, BONYM is not entitled to a Writ of Assistance pursuant to G.L. c. 239. Once the foreclose sale is void, Paiva will has a superior right to possession in the property pursuant to the mortgage. Accordingly, BONYM's request for a Writ of Assistance must be denied.

**F.   BONYM is not Entitled to Summary Judgment for its Breach of Contract Claim and therefore not entitled to a Deficiency Judgment.**

As shown throughout, BONYM failed to comply with the power of sale and statutory requirements when foreclosing on Paiva's home. As a result, the foreclosure is void and BONYM is not entitled to a deficiency judgment.

**G.   Paiva is Entitled to Summary Judgment on his Claim for Breach of the Power of Sale.**

As set forth *supra*, BONYM did not conduct the foreclosure in compliance with the terms of the mortgage. BONYM failed to strictly comply with the terms of the mortgage, and as the lender, did not send the notice of default. Where BONYM failed to strictly comply with the power of sale the foreclosure is void. *See Ibanez*, 458 Mass. 637; *Moore,* 187 Mass. 207. The record clearly demonstrates that Countrywide sent the notice, and not BONYM. Aff. of Residential Credit Solution Ex. D. As such, BONYM breached the power of sale and Paiva is entitled to judgment in his favor.

As a result of BONYM's actions, Paiva has suffered irreparable harm in the form of the loss of title to his home. He has also been deprived of a loan modification, suffered emotional distress, court costs, and attorney's fees.

**H.   Paiva is Entitled to Summary Judgment on his Claim for BONYM Violation of G.L. c. 244, § 15A.**

BONYM failed to notify the town of Berkley's Tax Assessors Office within 30 days after the sale as required by G.L. c. 244, § 15A. By its own admission it did not comply with the statute and did not send notice until 10 months after the sale. Aff. of Brian Linehan Ex. 3. Where BONYM did not strictly comply with G.L. c. 244, § 15A the sale is void. *Schumacher,* 467 Mass. 421, 432. As a result, Paiva is entitled to summary judgment on his claim.

## V. CONCLUSION

BONYM has failed to meet its burden of showing that is entitled to summary judgment on the claims and counterclaims set forth in the complaint. Paiva has sufficiently pled and demonstrated that BONYM failed to comply with the power of sale of the mortgage and related foreclosure statutes. BONYM's motion for summary judgment should be denied. Paiva requests that the Court grant Summary Judgment in his favor, void the foreclosure, and any other relief as this Court may deem necessary.

Respectfully submitted,


/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com

Attorney for Plaintiff David Paiva

March 27, 2015