```
*************************************
DAVID PAIVA,                        *
               Plaintiff,           *
v.                                  *
                                    *
THE BANK OF NEW YORK MELLON         *
FKA THE BANK OF NEW YORK AS         *
TRUSTEE FOR THE CERTIFICATE         *   Civil Docket No.: 14-cv-14531-ADB
HOLDERS CWALT, INC.                 *
ALTERNATIVE LOAN TRUST              *
2005-48T1, MORTGAGE                 *
PASS-THROUGH CERTIFICATES,          *
SERIES 2005-48T1,                   *
               Defendant.           *
*************************************
```

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Defendant Bank of New York Mellon fka the Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 ("BONYM"), by and through its attorneys, Doonan, Graves & Longoria LLC, hereby opposes the Plaintiff, David Paiva's, Cross Motion for Summary Judgment. BONYM incorporates the affidavits and documents filed in support of its original Motion for Summary Judgment in support of this, its Opposition to the Plaintiff's Cross-Motion for Summary Judgment.

### I. INTRODUCTION

The Plaintiff has failed to demonstrate that he is entitled to judgment as a matter of law on those claims set forth in his Complaint and on BONYM's Counterclaims. The requirements set forth in G.L. c. 244, § 15A take effect after the foreclosure process has concluded. Similarly, the notice provision set forth in Paragraph 22 of the subject mortgage

are a pre-foreclosure undertaking as a lender is prohibited from invoking the power of sale until after the required demand letter expires and thus cannot be included as part of the power of sale. As such, even if the Court should find that BONYM did not strictly comply with Section 15A or the notice provision set forth in Paragraph 22 of the subject mortgage, strict compliance with the terms set forth therein is not required.

Moreover, and as set forth more fully in BONYM's Memorandum of Law and Affidavits filed in support of its Motion for Summary Judgment, BONYM has established that it strictly complied with the terms of the power of sale in conducting its lawful foreclosure. Where, as here, BONYM established its strict compliance with the power of sale in conducting its lawful foreclosure and the Plaintiff's claims that BONYM was required to strictly comply with Section 15A and the notice provision set forth in the subject mortgage fail as a matter of law, judgment should issue in favor of BONYM on the claims set forth in the Plaintiff's Complaint and on BONYM's counterclaims.

## II. ARGUMENT

### A. G.L. C. 244, § 15A is not Part of the Statutory Power of Sale and Strict Compliance is not Required.

While in the case at hand, BONYM complied with G.L. c. 244, § 15A,[1] even if the Court finds that BONYM did not comply, it does not render the foreclosure void as Section 15A is not part of the power of sale and, as such, strict compliance is not mandated.[2] Thus, the Plaintiff's challenge to BONYM's legal title and superior right to possession of the Property based on alleged non-compliance with Section 15A is without merit as a matter of law.

---

[1] *See* Exhibit 3 of the Linehan Affidavit (a true and correct copy of the Notice of Conveyance is attached thereto and incorporated herein).
[2] *See U.S. Bank Nat'l Ass'n v. Schumacher*, 467 Mass. 421, 430-31 (2014).

The Plaintiff's application of the Supreme Judicial Court's holding in *Schumacher* is unavailing. The Plaintiff points out that Justice Gants, in his concurring opinion, references G.L. c. 244, §§ 11-17C as being statutes related to the foreclosure of mortgages.[3] However, the Plaintiff fails to apply SJC's reasoning behind its holding (that G.L. c. 244, § 35A is not part of the part of sale) to these statutes.[4] The SJC was clear in its decision that Section 35A is not a part of the power of sale due to the pre-foreclosure nature of the statute.[5]

Section 15A cannot be part of the foreclosure process as the requirements set forth therein occur after the foreclosure is completed.[6]

> In its essential meaning the word 'foreclosure' imports definiteness in point of time as well as finality of consequence. In the common usage of words it denotes not the beginning, but the end, of a procedure . . . to bar the rights of the mortgagor. Our mortgage statutes use the word 'foreclosure' . . . in this sense.[7]

Further, "[i]t is uniformly held that the proper execution of the memorandum of sale terminates the mortgagor's equity of redemption."[8] "In other words, what is sold at the foreclosure sale is the equity of redemption and that is sold as of the execution of the memorandum of sale."[9]

As the mortgagor's rights are cut off after the execution of the memorandum of sale,[10] and the barring of the mortgagor's rights denotes the finality of the foreclosure process,[11] by logical extension any statute requiring action after the execution of the memorandum of sale would fall outside of the foreclosure process. Here, Section 15A

---

[3] *See Id.* at 432.
[4] *See Id.* at 430-31.
[5] *See Id.*
[6] *See* G.L. c. 244, § 15A.
[7] *Levin v. Century Indem. Co.*, 279 Mass. 256, 259 (1932).
[8] *In re Crichlow*, 322 B.R. 229, 237-38 (Bankr.D.Mass. 2004).
[9] *In re Hall*, 188 B.R. 476, 482 (Bankr.D.Mass. 1995); *see also Pilok v. Bednarski*, 230 Mass. 56,57 (1918).
[10] *See Crichlow*, 322 B.R. at 237-38.
[11] *Levin*, 279 Mass. at 259.

requires notices be sent in the event that the mortgagee conveys title to a mortgaged property within 30 days of conveying title, an event which does not occur until after the execution of the memorandum of sale.[12] As such, Section 15A is not part of the power of sale.

B.  **The Notice of Right to Cure Strictly Complied with the Notice Requirement Set Forth in Paragraph 22 of the Paiva Mortgage.**

The Plaintiff's bald assertion that the demand letter issued by Countrywide Home Loans did not strictly comply with the notice requirement set forth in Paragraph 22 of the Paiva Mortgage is without merit as a matter of law. As set forth more fully in BONYM's Memorandum of Law in support of its Motion for Summary Judgment, the Assignment of Mortgage into BONYM was not executed until February 27, 2009. Under *Ibanez*, regardless of a post-execution effective date, an Assignment of Mortgage does not become legally effective until the day it is executed.[13] As such, at the time the Notice of Right to Cure was sent to the Plaintiff by Countrywide Home Loans on May 19, 2008, the mortgagee of the Paiva Mortgage was Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. and Countrywide continued to act as the servicer of the loan[14] Where, as here, BONYM did not become the mortgagee of the Paiva Mortgage until February 27, 2009, after the Notice of Right to Cure was issued on May 19, 2008, the Plaintiff's assertion that Countrywide did not have the authority to issue the Notice of Right to Cure is without merit as a matter of law.

---

[12] *See* G.L. c. 244, § 15A.
[13] *See U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 653-54 (2011).
[14] *See* Exhibits C, D and E of the Affidavit of Residential Credit Solutions, Inc.; ECF Dkt. No. 19.

**C. The Notice Requirement set forth in Paragraph 22 of the Paiva Mortgage is not Part of the Power of Sale and Strict Compliance is not Required.**

Even if the Notice of Right to Cure did not strictly comply with the notice provision set forth in Paragraph 22 of the Paiva Mortgage, which it did, this notice provision is not part of the power of sale incorporated into the Paiva Mortgage and strict compliance with its terms is not required. As set forth more fully in BONYM's Memorandum of Law in support of its Motion for Summary Judgment, the notice provision set forth in Paragraph 22 of the Paiva Mortgage is a pre-foreclosure notice requirement and is not part of the Power of Sale.[15] In *Schumacher*, the SJC determined that a homeowner's "right to cure a default" is a pre-foreclosure notice requirement.[16] Further, as a "mortgagee is prohibited from accelerating the maturity of the unpaid balance. . ." until the cure period has expired, the SJC held that the notice requirement set forth in Section 35A is not part of the Power of Sale incorporated into the mortgage.[17]

Here, like in *Schumacher*, the notice requirement set forth in Paragraph 22 of the Paiva Mortgage is a pre-foreclosure undertaking. Specifically, the terms of the Paiva Mortgage require that "if the default is not cured . . . the Lender . . . *may invoke* the STATUTORY POWER OF SALE."[18] (emphasis added) Paragraph 22 of the Paiva Mortgage further enumerates the steps necessary to comply with the statutory power of sale after the borrower fails to cure his default.[19] In fact, the Paiva Mortgage specifically indicates that "[I]f Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower . . ., publish the notice of sale . . ." indicating further

---

[15] *See Schumacher*, 467 Mass. at 430-31.
[16] *Id.* at 431.
[17] *See Id.*
[18] *See* Exhibit C of the Affidavit of Residential Credit Solutions, Inc.; ECF Dkt. No. 19
[19] *See* Exhibit C of the Affidavit of Residential Credit Solutions, Inc.; ECF Dkt. No. 19.

that the lender has the option to invoke the power of sale only after the borrower fails to cure the default pursuant to the Notice of Right to Cure.[20] Where, as here, the notice provision set forth in Paragraph 22 of the Paiva Mortgage constitutes a pre-foreclosure undertaking; and, as the terms of the Paiva Mortgage indicate that the borrower must fail to cure the default prior to the date specified in the Notice of Right to Cure prior to the lender's ability to invoke the power of sale, the Plaintiff's assertion that the notice provision is part of the power of sale fails as a matter of law.

### III. CONCLUSION

WHEREFORE, for the reasons set forth above and as set forth more fully in BONYM's Memorandum of Law in support of its Motion for Summary Judgment, BONYM respectfully requests that this Court grant its Motion for Summary Judgment, deny the Plaintiff's Cross-Motion for Summary Judgment and for such other relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | The Bank of New York Mellon fka the Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1 by its Counsel, |
| Dated: April 3, 2015 | /s/ Brian C. Linehan, Esq.<br>Brian C. Linehan, Esq. (BBO# 690437)<br>Reneau J. Longoria, Esq. (BBO# 635118)<br>John A. Doonan, Esq. (BBO# 547838)<br>Stephen M. Valente, Esq. (BBO# 663118)<br>100 Cummings Center, Suite 225D<br>Beverly, MA 01915<br>Tel: (978) 921-2670<br>bl@dgandl.com |

---

[20] *See* Exhibit C of the Affidavit of Residential Credit Solutions, Inc.; ECF Dkt. No. 19.

## CERTIFICATE OF SERVICE

I, Brian C. Linehan, Esq., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 3, 2015.

                                                <u>/s/ Brian C. Linehan, Esq.</u>
                                                Brian C. Linehan, Esq.