UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PAIVA<br><br>    Plaintiff/Counter-Defendant<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-48T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-48T1<br><br>    Defendant/Counter-Plaintiff | C.A. No. 14-14531-ADB<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff David Paiva has demonstrated that Bank of New York Melon ("BONYM") failed to strictly comply with the G.L. c. 244, § 15A, and likewise failed to strictly comply with the power of sale in Paiva's mortgage while foreclosing on his home. As a result, BONYM's foreclosure is void and Paiva is entitled to summary judgment in his favor. Paiva relies on and incorporates the affidavits and documents filed in Opposition to BONYM's Motion for Summary Judgment and Paiva's Cross Motion for Summary Judgment.

1

## II. ARGUMENT

**A.   BONYM Failed to Strictly Comply with G.L. c. 244, § 15A, as Required under *Schumacher*.**

By BONYM's own admission, it did not strictly comply with the G.L. c. 244 § 15, as required under *U.S. Bank Nat'l Ass'n v. Schumacher,* 467 Mass. 421 (2014). In its affidavit, BONYM confirms that it did not notify the town of Berkley of the foreclosure within 30 days as required by Section 15A. *See.* Aff. of Brian Linehan Ex 3.  As expressly stated in Justice Gants's concurring opinion, failure to strictly comply with G.L. c. 244, § 15A voids the foreclosure sale.

BONYM ignores the express text set forth in *Schumacher*, and contends that because Section 15A is a post-foreclosure activity it cannot be part of the foreclosure process requiring strict compliance. This argument must fail because as set out in *Schumacher,* a mortgagee's failure to adhere to the requirements under the power of sale, including G.L. c. 244, § 15A, will void a foreclosure sale. *Schumacher,* 467 Mass. 421 at 432. "Where a [homeowner] claims that the mortgage holder failed strictly to adhere to the requirements under the statutory power of sale set forth in G.L. c. 183, § 21, and the related requirements in G.L. c. 244, §§ 11–17C, proof of any violation of these requirements will void the foreclosure sale . . . ." *Id.* (Gants J., concurring).

In further support, Plaintiff cites to *PNS Properties LLC, v. Nelson Flores,* 2014 WL 4590004 (Mass. Dist., 2014). In *Flores,* the foreclosing plaintiff, PNS Properties, failed to comply with G.L. c. 244, § 15A, and did not notify the town sewer department within 30 days as required. *Id.*  As a result the court held that PNS Properties did not have a superior right to property, as under *Schumacher,* any violation of G.L. c. 244, § 15A voided the foreclosure sale and defeated eviction. *Id.*

2

It is undisputed that BONYM failed to adhere and properly notify the Town of Berkley tax assessor's office within 30 days. Instead, BONYM admits that it did not send notice as required until February 12, 2015, 10 months, after the April 28, 2014 foreclosure sale. *See.* Aff. of Brian Linehan Ex 3. Further, because BONYM, as the mortgagee, purchased the home at the foreclosure, G.L. c. 244, § 15A applies. By failing to notify the tax assessor within 30 days of the foreclosure, and by its own admission, waiting 290 days after the sale, the sale to BONYM is void. Where there is no material fact in dispute of this, Paiva is entitled to a finding in his favor and his cross-motion for summary judgment must be allowed.

**B.     The Notice of Right to Cure Did Not Comply with the Power of Sale Because Countrywide was Not the Owner at the Time of the Notice.**

It is clear that BONYM did not strictly comply with the terms set forth in the power of sale. The language clearly requires that the lender must send notice to the borrower 30 days prior to the sale. Aff. of Residential Credit Solutions, Exhibit C at ¶ 22. Despite this requirement, Countrywide sent the notice of default not the lender, BONYM.

BONYM contends that on May 19, 2009, when the notice of right to cure was sent, Countrywide still owned the mortgage. However, the assignment clearly states that effective May 14, 2008, Countrywide assigned its interest to BONYM. *Id.* at Exhibit D. Additionally, according to the Pooling and Servicing Agreement ("PSA") the assignment of the loan was made no later than September 1, 2005.[1] Section 2.01(a) of the PSA states

---

[1] The PSA is available at
http://www.sec.gov/Archives/edgar/data/1340400/000090514805005002/efc5-2093_5763308ex991.txt. Under Fed. R. Evid. 201, Paiva requests the Court to take judicial notice of the PSA. The PSA is a matter of public record filed with the Securities and Exchange Commission. *See Colton v. U.S. Nat. Bank Ass'n*, 2013 WL 1934560, at *2

that each seller, including Countrywide, assigns the loans on or before the Initial Cut-off date, which as listed in Article 1, is September 1, 2005.[2] As such, the recorded assignment is only a confirmatory assignment of an off-record assignment that was effective in 2005.

While *U.S Bank Nat'l Ass'n. v. Ibanez,* 458 Mass. 637, 654 (2014), voided post-sale assignments, a confirmatory mortgage does not make title defective, nor change the assignment date. The Court held that a valid assignment of a mortgage gives the holder of that mortgage the power to foreclose regardless whether if the assignment is recorded. *Id.* at 655. When the earlier assignment is not recorded or bears a defect, a written assignment may be executed to confirm and properly record it even after a foreclosure sale. *Id.* It is only when there is no prior valid assignment to confirm, a mortgagor may not back date the assignment prior to the foreclosure. *Id. See also Deutsche Bank v. Kelley*, 2015 WL 263911 at *3 fn. 3 (Mass. Land Ct. Jan. 22, 2015).

Here under the PSA, BONYM was the trustee of Paiva's loan effective September 1, 2005. The assignment recorded on February 18, 2011, merely confirms the earlier assignment. Regardless of the effective date listed, or the date it was signed, BONYM

---

(N.D.Tex. May 10, 2013); *Apostol v. CitiMortgage, Inc.*, 2013 WL 6328256, at *2 (N.D.Cal. Nov. 21, 2013).

[2] The PSA states "Each Seller, concurrently with the execution and delivery hereof, hereby sells, transfers, assigns, sets over and otherwise conveys to the Depositor, without recourse, all its respective right, title and interest in and to the related Initial Mortgage Loans, including all interest and principal received or receivable by such Seller, on or with respect to the applicable Initial Mortgage Loans after the Initial Cut-off Date and all interest and principal payments on the related Initial Mortgage Loans received prior to the Initial Cut-off Date in respect of installments of interest and principal due thereafter, but not including payments of principal and interest due and payable on such Initial Mortgage Loans, on or before the Initial Cut-off Date."

4

owned Paiva's loan in 2005, well before the notice was sent by Countrywide. As Countrywide was not the lender, the notice failed to strictly comply with the terms of Paiva's mortgage.

**C.     The Notice Requirement is Part of the Power of Sale and Strict Compliance is Required.**

BONYM attempts to convolute the issue and claims that the notice requirement under Paiva's mortgage is the same as the notice requirement under G.L. c. 244, § 35A that was ruled upon in *Schumacher*. However, the notice requirement under Section 35A is not at issue in this case. Instead, BONYM was required to strictly comply with the terms of Paiva's mortgage itself and the paragraph 22 notice requirement. As demonstrated in Paiva's cross-motion for summary judgment, its failure to do so voids the foreclosure of Paiva's home.

The Supreme Judicial Court upheld in *Ibanez* that one who forecloses under the power sale must strictly comply with terms of the mortgage. *Ibanez*, 458 Mass. 637 at 647. In particular, the Court found the restriction on who is entitled to foreclose must strictly be complied with. *Id.*

The language of Paiva's mortgage clearly calls for the lender to send the notice of default 30 days prior to the sale. Aff. of Residential Credit Solutions, Exhibit C at ¶ 22. This was language chosen by BONYM's assignors, not Paiva, and now BONYM attempts to void the language chosen. Because Countrywide, not BONYM, mailed the notice of default to Paiva on May 19, 2009, the notice was defective. Under the standard set forth in *Ibanez*, BONYM's failure to strictly comply with the mortgage voids the foreclosure of Paiva's home.

## III. CONCLUSION

Paiva has sufficiently pled and demonstrated that BONYM failed to comply with the power of sale of the mortgage and related foreclosure statutes. Where there are no material facts in dispute, Paiva respectfully requests that the Court grant his cross-motion for summary judgment, and deny the Defendant's motion for summary judgment.

Respectfully submitted,

*/s/ Sean R. Cronin*
Josef C. Culik (BBO #672665)
Sean R. Cronin (BBO #692257)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com
scronin@culiklaw.com

Attorneys for Plaintiff David Paiva

April 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 17, 2015.

/s/ *Sean R. Cronin*
Sean R. Cronin