UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
************************************
DAVID PAIVA,                        *
              Plaintiff,            *   Civil Docket No.: 14-cv-14531-ADB
v.                                  *
                                    *   Leave to File Granted on July 22, 2015
THE BANK OF NEW YORK MELLON         *
FKA THE BANK OF NEW YORK AS         *
TRUSTEE FOR THE CERTIFICATE         *
HOLDERS CWALT, INC.                 *
ALTERNATIVE LOAN TRUST              *
2005-48T1, MORTGAGE                 *
PASS-THROUGH CERTIFICATES,          *
SERIES 2005-48T1,                   *
              Defendant.            *
************************************
```

### DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

NOW COMES The Bank of New York Mellon FKA the Bank of New York as Trustee for the certificate holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, ("BONYM"), by and through their undersigned counsel, and hereby files its supplemental brief in support of its Motion for Summary Judgment.

### I.    ARGUMENT

On July 17, 2015, the Supreme Judicial Court ("SJC") issued its decision in *Pinti v. Emigrant Mortg. Co., Inc.* requiring strict compliance with the notice provision set forth in paragraph 22 of the mortgage contract.[1] Notwithstanding the SJC's decision in *Pinti*, the Plaintiff's challenges to the Notice of Right to Cure are insufficient to invalidate the foreclosure sale of the subject property. As such, BONYM is entitled to judgment as a matter of law on the claims set forth in the Plaintiff's Complaint and on BONYM's counterclaims.

---

[1] *Pinti v. Emigrant Mortg. Co., Inc.*, 2015 WL 4366801, at *3-10 (Mass. July 17, 2015).

### A. Countrywide Home Loans was the Lender under the terms of the security instrument when the Notice of Right to Cure was sent.

As set forth more fully in BONYM's Memorandum of Law filed in support of its Motion for Summary Judgment, the Notice of Right to Cure, sent to the Plaintiff by Countrywide Home Loans, Inc. ("Countrywide"), strictly complied with the notice provision set forth in paragraph 22 of the mortgage contract. On August 25, 2005, the Plaintiff gave a mortgage on the subject property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Home Loans, Inc.[2] The terms of the subject mortgage define the Lender as Countrywide.[3] The Plaintiff defaulted on the terms of the Note and Mortgage and on May 19, 2008, Countrywide sent the Plaintiff a 90-day Notice of Right to Cure pursuant to G.L. c. 244, § 35A and paragraph 22 in the mortgage contract.[4, 5] On February 27, 2009, the subject mortgage was assigned from MERS as nominee for Countrywide to BONYM.[6] Notwithstanding the "effective date" referenced on the Assignment of Mortgage, the assignment did not become legally effective until it was executed on February 27, 2009.[7] "Because an assignment of a mortgage is a transfer of legal title, it becomes effective with respect to the power of sale only on the transfer, it cannot become effective before the transfer."[8] As such, at the time Countrywide sent its Notice of Right to Cure, the Lender under the terms of the mortgage contract was Countrywide, not BONYM.

---

[2] *See* Exhibit C of the Affidavit of Residential Credit Solutions, Inc. ("RCS Affidavit"), ECF Dkt. No 19.
[3] *See* Exhibit C of the RCS Affidavit, ECF Dkt. No 19.
[4] *See* Exhibit E of the RCS Affidavit, ECF Dkt. No 19.
[5] G.L. c. 244, § 35A (2008)(Amended 2010, amended 2012)(The 2007 version of Section 35A required the Lender to send a 90-day Notice of Right to Cure upon a borrower's default as opposed to a 150-day Notice of Right to Cure required by later versions of the statute.).
[6] *See* Exhibit D of the RCS Affidavit, ECF Dkt. No. 19.
[7] *See U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 653-54 (2011)("[N]or may a postforeclosure assignment be treated as a preforeclosure assignment simply by declaring an effective date").
[8] *Id.*

**B.  Even if BONYM were the holder of the Note, Countrywide had the authority to act as servicer on behalf of the Noteholder.**

The Notice of Right to Cure indicates that Countrywide was acting as servicer on behalf of the Noteholder.[9] As such, although the Assignment of Mortgage did not become legally effective until February 27, 2009, after the Notice of Right to Cure was sent, even if the Paiva Note were owned/held by BONYM at the time the notice was sent, Countrywide had the authority to send the Notice on behalf of the Noteholder.

This exact issue was recently addressed by the Massachusetts Appellate Division in two separate decisions, signed the same day, on April 7, 2015.[10] In *Rogers* the defendant argued that the foreclosure sale was invalid as the notice to cure was sent by MassHousing before MassHousing became the mortgagee.[11] However, Fannie Mae was able to demonstrate that, at the time the notice to cure was sent, MassHousing was the servicer of the loan acting on behalf of the noteholder.[12] The Appellate Division rejected the defendant's argument that a notice to cure sent by the loan servicer, before it became the mortgagee, invalidates the sale.[13]

Like the defendant in *Rogers*, the defendant in *Laporta* similarly argued that the foreclosure was invalid as the notice to cure, sent pursuant to paragraph 22 in the mortgage, was sent by Wells Fargo before it became the mortgagee.[14] The Appellate Division held that the foreclosure sale was invalid as Freddie Mac did not establish that Wells Fargo had the authority to send the notice to cure and, as such, the notice to cure did not comply with the terms of the mortgage contract.[15]

---

[9] *See* Exhibit E of the RCS Affidavit, ECF Dkt. No. 19.
[10] *See Fed. Home Loan Mortg. Corp. v. LaPorta*, No. 14-ADMS-10006, 2015 WL 1994737 (Mass. App. Div. Apr. 7, 2015); *Fed. Nat'l Mortg. Ass'n v. Rogers*, 13-ADMS-10025, 2015 WL 2000845 (Mass.App.Div. Apr. 7, 2015).
[11] *Rogers*, 13-ADMS-10025, 2015 WL 2000845 at *8.
[12] *Id*.
[13] *Id.* at *3-4.
[14] *Laporta*, No. 14-ADMS-10006, 2015 WL 1994737 at *3-4.
[15] *Id*.

Where, as here, the Notice of Right to Cure clearly indicates that Countrywide was the servicer on behalf of the Noteholder at the time the Notice was sent, the Plaintiff cannot establish that the Notice of Right to Cure failed to comply with paragraph 22 in the mortgage contract.

**C.     The SJC's decision in *Pinti* is not applicable to the instant matter**

Although the Notice of Right to Cure strictly complied with the terms of the mortgage contract, even if this Court should find a defect therein, any alleged defect would not invalidate BONYM's foreclosure sale. Recognizing the significant impact that its decision would have on the validity of titles in Massachusetts, the SJC gave its decision in *Pinti* prospective effect.[16] The decision in *Pinti* applies only to the "mortgage foreclosure sale of properties that are the subject of a mortgage containing paragraph 22 or its equivalent and for which the notice of default required by paragraph 22 is sent after the date of its opinion."[17] Where, as here, the notice of default was sent on May 19, 2008, and the foreclosure sale occurred on April 28, 2014 – both occurring prior to the SJC's July 17, 2015, decision in *Pinti* – any defect in the notice of default would not invalidate the foreclosure sale.

As set forth above, and as set forth more fully in BONYM's Memorandum of Law filed in support of its Motion for Summary Judgment, the May 19, 2008, Notice of Right to Cure strictly complied with the terms of the mortgage contract. Further, even if the Notice of Right to Cure does contain a defect, which it does not, the SJC's decision in *Pinti* was given prospective application and does not apply to the instant matter. As such, BONYM is entitled to judgment as a matter of law on the Plaintiff's Complaint and on BONYM's counterclaims.

---

[16] *Pinti*, 2015 WL 4366801 at *10.
[17] *Id*.

Respectfully Submitted,

The Bank of New York Mellon FKA the Bank of New York as Trustee for the certificate holders CWALT, Inc. Alternative Loan Trust 2005-48T1, Mortgage Pass-Through Certificates, Series 2005-48T1, ("BONYM")
By their attorneys,

Date: July 28, 2015

/s/ Brian C. Linehan_____
DOONAN, GRAVES & LONGORIA, LLC
Brian C. Linehan, Esq. (BBO# 690437)
Reneau J. Longoria, Esq. (BBO#635118)
John A. Doonan (BBO# 547838)
Stephen M. Valente, Esq. (BBO# 663118)
100 Cummings Center, Suite 225D
Beverly, MA  01915
Tel. (978) 921-2670
bl@dgandl.com

## CERTIFICATE OF SERVICE

I, Brian C. Linehan, Esq., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2015.

/s/Brian C. Linehan, Esq.
Brian C. Linehan, Esq.