UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PAIVA<br><br>  Plaintiff/Counter-defendant<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-48T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-48T1<br><br>  Defendant/Counter-plaintiff | C.A. No. 14-14531-ADB<br><br>Leave To File Granted July 22, 2015<br><br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS CROSS- MOTION FOR SUMMARY JUDGMENT** |

  Plaintiff, David Paiva, hereby submits his supplemental brief in support of his Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment.

### I. ARGUMENT

  Recently the Supreme Judicial Court issued its decision requiring strict compliance with the terms of the mortgage outlined in Paragraph 22 which should be applied to the motions before the Court. In *Pinti v. Emigrant Mortgage Company, Inc.*, SJC-11752, slip. op. (Mass. July 17, 2015), the Court overturned Emigrant Mortgage Company, Inc.'s ("Emigrant") motion for summary judgment based on the lender's failure to strictly comply with Paragraph 22 of the mortgage. The Court held, pursuant to the terms of the mortgage, that the lender must strictly adhere to the default provision contained in Paragraph 22 and its failure to do so voided the foreclosure. *Id.* at 25. The

1

Court specifically noted that *U.S. Bank Nat'l Ass'n v. Schumacher* 467 Mass. 421, 432 (2014), a decision relied on in the Defendant's Motion for Summary Judgment, does not alter the mortgagee's obligation contained in Paragraph 22, nor does it control the notice provision contained in the terms of the mortgage. *Pinti*, SJC-11752, slip. op. at 24. The Court rejected that mere "substantial compliance" with the notice requirement would suffice, and found that strict adherence to the notice of default provision outlined in Paragraph 22 was required. *Id.* at 11.

Following the Court's strict-compliance ruling, it is clear that in the present case Bank of New York failed to meet that standard. Paragraph 22 of Paiva's mortgage clearly states that the lender must send the notice of default. On May 19, 2008 Paiva was sent a notice of default by Countrywide, despite the fact that it no longer owned the loan and was no longer the lender. Aff. of Residential Credit Solutions Exhibit E. The loan had already been transfer to Bank of New York Mellon on May 14, 2008. *Id.* Exhibit D. Thus, Bank of New York Mellon failed to strictly comply with the terms set forth in Paragraph 22 as it failed to send the notice of default as required.

**A. *Pinti* Applies to Similarly Situated Plaintiffs Like Paiva.**

The conclusion reached in *Pinti* should be applied to the present motions before the Court, despite the decision's prospective application. The court in *Pinti* relied on the reasons stated in *Eaton v. Federal National Mortgage Association,* 462 Mass. 569, 589 (2012) for applying the ruling to the present parties and its prospective application. *Pinti*, SJC-11752, slip. op. at 31.

When ruling on *Eaton,* the SJC emphasized the interest in not disturbing an enormous number of real property titles that may be affected by the ruling, and likewise

took a cautious approach in *Pinti*. "[W]e recognize there may be significant difficulties in ascertaining the validity of a particular title if the interpretation of "mortgagee" that we adopt here is not limited to prospective operation, because of the fact that our recording system has never required mortgage notes to be recorded." *Eaton,* 462 Mass. at 588.

However, courts must also balance the homeowners and parties who made the correct argument of law prior to the SJC's ruling and how the law applies to their cases. Thus, similarly situated parties that were already advancing the same argument prior to the *Eaton* decision were granted the same relief. *See HSBC Bank USA, N.A. v. Norris,* 83 Mass. App. Ct. 1115 (2013*); Lyons v. Mortgage Electronic Registration Systems Inc.,* 83 Mass. App. Ct. 1134 (2013). The Appeals Court noted there must be a line between those parties who receive the benefit of the *Eaton* decision and those who do not. In *Norris* the court found this must be determined in such a way that the application not be "arbitrary." *Norris*, 83 Mass. App. Ct. 1115.

> Norris advanced the same arguments to this court at the same time those arguments were being considered by the Supreme Judicial Court. It is certainly not Norris's fault that the issue was first decided favorably in Eaton's case rather than in his, and it would be inequitable to deprive him of its same resolution. For the same reason that the Supreme Judicial Court applied its ruling retroactively to Eaton himself, we apply it to Norris.

*Norris*, 83 Mass. App. Ct. 1115 (citing *Eaton*, 462 Mass. at 589 ("Although we apply the rule articulated in this case prospectively, we nonetheless apply it to [this] appeal because it has been argued to this court by Eaton")).

Just as the balance of fairness favored applying the *Eaton* rule to the homeowners in *Norris* and *Lyons*, the *Pinti* decision should be applied here. Paiva advanced the same argument raised in *Pinti* requiring that a foreclosing lender strictly comply with the terms

3

they drafted in the mortgage, specifically Paragraph 22. Just as it was "certainly not Norris's fault that the issue was first decided favorably in Eaton's case rather than in his," it is certainly not Paiva's fault that the issue was first decided favorably in *Pinti*. Further it would similarly "be inequitable to deprive him of its same resolution." Accordingly, the strict compliance standard set forth in *Pinti* should be applied to the present matter before the Court. Where Bank of New York failed to strictly comply with the terms of the mortgage that it drafted, and failed to have the lender send the default notice prior to foreclosing, the sale must be voided.

## II.　　CONCLUSION

As explained above, and outlined in detail in Paiva's Opposition to Defendants Motion for Summary Judgment and Cross Motion for Summary Judgment, Bank of New York Mellon failed to strictly comply with its notice of right to cure outlined in Paragraph 22 of the mortgage as the lender did not send the notice of right to cure. Given that Paiva was already advancing the same legal argument ruled on in *Pinti,* the SJC's ruling that failure to strictly comply with Paragraph 22 voids a foreclosure should be applied to the present matter before this Court. Accordingly, Bank of New York's Motion must be denied and where there are not material facts in dispute, Paiva is entitled to summary judgment in his favor.

Respectfully submitted,

Plaintiff,
David Paiva,
By counsel,

/s/ *Sean R. Cronin*
Josef C. Culik (BBO #672665)
Sean R. Cronin (BBO #692257)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com
scronin@culiklaw.com

July 30, 2015

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 30, 2015.

/s/ *Sean R. Cronin*
Sean R. Cronin